IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIVEPERSON, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 08-062 (GMS) |
| NEXTCARD, LLC and MARSHALL | ) | |
| CREDIT STRATEGIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPENING BRIEF OF DEFENDANT NEXTCARD, LLC
IN SUPPORT OF ITS MOTION TO DISMISS**

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

Donald Puckett
State Bar No. 24013358
Brent N. Bumgardner
State Bar. No. 00795272

The Ware Firm
1701 North Market Street,
Suite 330
Dallas, Texas 75202-2088
(214)744-5000

*Attorneys for Defendant
NesxtCard, LLC*

Dated: April 7, 2008

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDING.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.      THIS COURT LACKS PERSONAL JURISDICTION OVER NEXTCARD. . . . . . . . . . 5

        A.      PERSONAL JURISDICTION EVIDENCE AND STANDARDS. . . . . . . . . . . . 5

        B.      NEXTCARD'S CONTACTS WITH DELAWARE DO NOT GIVE RISE TO
                SPECIFIC JURISDICTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                1.      NextCard Has No Connection With Delaware Whatsoever. . . . . . . . . . . 6

                2.      The Jurisdictional Contacts of MCS Cannot be Attributed to NextCard. . 6

                3.      Even if the Jurisdictional Contacts of MCS Are Considered, These Contacts
                        Are Insufficient to Maintain Personal Jurisdiction in This Court. . . . . . . 8

                4.      NextCard is not Subject to General Jurisdiction in Delaware. . . . . . . . . . 13

II.     LIVEPERSON'S DECLARATORY ACTION CANNOT BE MAINTAINED BECAUSE
        THERE IS NO "ACTUAL CONTROVERSY" BETWEEN LIVEPERSON AND
        NEXTCARD.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

i

# TABLE OF AUTHORITIES

**Cases**

*Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F.Supp. 1458 (D. Del. 1991). . . . . . . . . . . . . . 7

*Breckenridge Pharmaceuticals, Inc. v. Metabolite Lab's, Inc.*, 444 F.3d 1356 (Fed. Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9, 11

*Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003). . . . . . . . . . . . . . . . . . 5

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). . . . . . . . . . . . . . . . . 13

*MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312 (3d Cir 2007). . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998). . . . . passim

*Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194 (Fed. Cir. 2003). . . . . . . . . . . . . . . 12

*Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330 (Fed. Cir 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Other authorities**

35 U.S.C. §271(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## NATURE AND STAGE OF THE PROCEEDING

On January 29, 2008, plaintiff LivePerson Inc. ("LivePerson") filed the present action against NextCard, LLC ("NextCard") and Marshall Credit Strategies, LLC ("MCS"). Liveperson filed an Amended Complaint on March 18, 2008.

On March 24, 2008, the Court approved a Stipulation to Extend Time for filing a response to the Amended Complaint.

On April 7, 2008, NextCard filed a motion to dismiss the Amended Complaint.  This is NextCard's opening brief in support of its motion to dismiss.

1

## SUMMARY OF ARGUMENT

1.     This Court lacks personal jurisdiction over NextCard.  NextCard has never purposefully directed any activities toward Delaware whatsoever.  It has never conducted business in Delaware, has no employees or offices in Delaware, has never directed communications toward Delaware, and has no connection to Delaware whatsoever.  Accordingly, NextCard does not have "minimum contacts" with Delaware to support personal jurisdiction.

2.     The Delaware contacts of MCS cannot be attributed to NextCard.  MCS and NextCard share common ownership, but NextCard does not control the activities of MCS.  Without the element of control, NextCard and MCS must be considered separately for determining jurisdiction.

3.     Even if MCS's jurisdictional contacts are considered, MCS's *only connection* with Delaware is the fact that MCS purchased the Patents-In-Suit out of a Delaware bankruptcy.  LivePerson's lawsuit, however, seeks an adjudication of the substantive scope of the patents' claims, and the validity of the patents themselves.  Thus, this lawsuit has only the most tangential nexus to MCS's Delaware contacts.  Personal jurisdiction is not proper because LivePerson's claims do not "arise out of or relate to" MCS's contacts with Delaware, as required for specific jurisdiction.

4.     This case must be dismissed because there is no "actual controversy" between LivePerson and NextCard.  LivePerson's "actual controversy" allegations are made "on information and belief" and thus raise a red flag.  LivePerson has not alleged or otherwise shown an actual connection between the claims NextCard has asserted in Texas and its own products or services.  NextCard's Texas complaint does not name LivePerson or otherwise accuse LivePerson's products of infringement.  NextCard has not served infringement contentions in Texas accusing LivePerson

2

of infringement.  Neither MCS nor NextCard has ever accused LivePerson of infringement or offered to license the Patents-In-Suit to LivePerson.    Indeed, neither MCS nor NextCard has ever communicated with LivePerson ***in any way***.    Thus, LivePerson's supposed controversy with NextCard is based on speculation and surmise, and the case is not ripe for judicial resolution.

## STATEMENT OF FACTS

LivePerson alleges that MCS purchased two patents, Patent Nos. 6,718,313 and 7,346,576 out of the bankruptcy proceedings in the U.S. District Court for the District of Delaware in the matter of NextCard, Inc., No. 02-13376-KJC. (Amended Complaint ¶¶6, 8), and then "purportedly assigned the rights in the '313 and '576 Patents to NextCard, LLC." (Amended Complaint ¶9). NextCard is controlled by Warbler Technologies, L.P., a Texas limited partnership that is controlled by CPMG, Inc. (Amended Complaint ¶9).

LivePerson further alleges that NextCard has sued several individuals in the U.S. District Court for the Eastern District of Texas, claiming infringement of the '313 patent. (Amended Complaint ¶10).

LivePerson further alleges that "[o]n information and belief, NextCard, LLC will accuse technology in the Texas Litigation made, used and/or sold by LivePerson, in particular, LivePerson's products which facilitate provision of online chat services...." (Amended Complaint ¶12).

4

# ARGUMENT

## I.     THIS COURT LACKS PERSONAL JURISDICTION OVER NEXTCARD.

### A.     PERSONAL JURISDICTION EVIDENCE AND STANDARDS.

The Court is familiar with the standards concerning personal jurisdiction, so NextCard will not belabor the issue.  In patent cases, personal jurisdiction must be determined according to the law of the Federal Circuit. *See Breckenridge Pharmaceuticals, Inc. v. Metabolite Lab's, Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006).

Once jurisdiction is challenged, the plaintiff bears the burden of coming forward with evidence supporting the Court's jurisdiction.  *See Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).  If the district court does not hold an evidentiary hearing, the plaintiff must only establish a prima facie case of jurisdiction.   *See id.* For proof, the plaintiff's uncontradicted allegations from the complaint are taken as true, but the defendant may contradict those allegations with affidavit proof.  *See id.*   If the plaintiff submits affidavit proof or other competent evidence, factual disputes in the evidentiary proof must be resolved in the plaintiff's favor.  *See id.*

A plaintiff may demonstrate the court's personal jurisdiction by showing either general jurisdiction or specific jurisdiction.  *See Breckenridge*, 444 F.3d at 1360-61.

B.    **NEXTCARD'S CONTACTS WITH DELAWARE DO NOT GIVE RISE TO SPECIFIC JURISDICTION.**

    1.    **NextCard Has No Connection With Delaware Whatsoever.**

NextCard's business is to license and enforce the NextCard patents. (Bateman Aff. at ¶3) On August 16, 2007, NextCard filed a lawsuit to enforce the patents against certain defendants in the United States District Court for the Eastern District of Texas. (*Id.* at ¶19).

NextCard has not engaged in any licensing or enforcement activity in Delaware. (*Id.* at ¶6). In fact, NextCard has not engaged in any business in Delaware whatsoever. (*Id.*). NextCard LLC does not have any offices, employees, real estate, or any other assets in Delaware or in any location other than Texas. (*Id.* at ¶7). NextCard LLC has never derived any revenue from any activities in Delaware, or any state other than Texas. (*Id.* at ¶7).

Given that NextCard has no jurisdictional contacts with Delaware at all, it is quite clear that NextCard is not subject to personal jurisdiction in Delaware.

    2.    **The Jurisdictional Contacts of MCS Cannot be Attributed to NextCard.**

LivePerson may argue that the jurisdictional contacts of NextCard and MCS should be aggregated for determining whether personal jurisdiction is proper. This would be contrary to well-established authority.

The corporate relationship between MCS and NextCard is set forth in the affidavits of John Bateman and James Traweek. (Bateman Aff. at ¶¶8-14; Traweek Aff. at ¶11-17) MCS and NextCard are akin to "sister corporations" – *i.e.,* two subsidiaries owned by the same parent

6

corporation. While this description oversimplifies their corporate relationship to a degree[1], it is the basic relationship at issue here.

For purposes of personal jurisdiction, subsidiaries of a parent corporation are generally viewed as distinct entities, and their jurisdictional contacts are assessed in isolation. *See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F.Supp. 1458, 1463 (D. Del. 1991). Courts will disregard this general rule only where one of the sister corporations acts as an agent of the other, or where one of the sister corporations is the "alter ego" of the other. *See id.*

LivePerson has not alleged facts from which this Court could conclude that MCS acted as an agent for NextCard when it purchased the NextCard Patents out of the Delaware bankruptcy, or at any other time. To the contrary, NextCard has presented affidavit proof that it has never controlled the activities of MCS. (Bateman Aff. at ¶¶15-16; Traweek Aff. at ¶18-19). Therefore MCS cannot be the agent of NextCard. Moreover, Plaintiff has not alleged facts from which this Court could conclude that MCS is the alter ego of NextCard. NextCard, on the other hand, has submitted affidavit proof that all corporate formalities between MCS and NextCard are carefully observed. (Bateman Aff. at ¶8; Traweek Aff. at ¶11). MCS and NextCard are organized and operated as separate legal entities. (*Id.*) They maintain separate physical offices, separate bank accounts and separate accounting records. (*Id.*) They file separate income tax returns. (*Id.*)

In short, there is no reason that the jurisdictional contacts of NextCard and MCS should be aggregated.

---

[1]    More accurately, the members of MCS are the limited partners of Warbler Technologies, LP, the partnership that is the sole owner of NextCard, LLC.

7

### 3. Even if the Jurisdictional Contacts of MCS Are Considered, These Contacts Are Insufficient to Maintain Personal Jurisdiction in This Court.

Even if the Court were to consider the jurisdictional contacts of MCS – which it should not – those jurisdictional contacts are insufficient to sustain personal jurisdiction over LivePerson's action for declaratory relief. The mere fact that MCS purchased the Patents-In-Suit out of a Delaware bankruptcy proceeding does not give the courts of Delaware personal jurisdiction over MCS (and, by implication, NextCard) with respect to all substantive patent disputes. MCS's contacts with Delaware are related to this lawsuit in only the most tangential way. Under the applicable Federal Circuit cases, there is no question that this Court lacks personal jurisdiction over MCS for purposes of this action for declaratory relief on substantive patent issues. *See, e.g., Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998) (holding that personal jurisdiction was not proper for a declaratory judgment action even where the patent holder had sent three letters regarding the patent to the plaintiff in the forum).

LivePerson apparently believes that because MCS purchased the Patents-In-Suit in Delaware, Delaware courts have jurisdiction over MCS for any substantive dispute related to the patents. (Amended Complaint at ¶6). Counsel for Defendants is unaware of any case authority supporting LivePerson's position. Defendants respectfully contend that LivePerson is asking this Court to embrace a theory of personal jurisdiction that has never been recognized by any court.

To determine whether the court has specific jurisdiction over a defendant, "a court must inquire whether the defendant has 'purposefully directed his activities' at the forum state and, if so, whether 'the litigation results from alleged injuries that arise out of or relate to those activities.'" *Breckenridge*, 444 F.3d at 1361-62. "Then, to defeat jurisdiction, the burden of proof shifts to the

defendant, which must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* at 1362. [2]

In this case, the Court does not have specific jurisdiction over MCS/NextCard because LivePerson's claims for declaratory relief do not "arise out of or relate to" MCS's contacts with Delaware. Although MCS purposefully directed a few limited activities toward Delaware (namely, its purchase of the NextCard Patents out of a Delaware bankruptcy estate), this lawsuit does not arise out of or relate to those contacts. If LivePerson were seeking a declaration disputing title to the NextCard Patents, asserting for example that the assignment out of Delaware bankruptcy court was invalid, then this hypothetical cause of action would arise out of or relate to NextCard's contacts with Delaware, and specific jurisdiction would arguably be proper.

LivePerson's Amended Complaint, however, asserts something far different – claims for declaratory relief for patent invalidity and non-infringement. LivePerson's claim for a declaration regarding the validity of the Patents-In-Suit essentially seeks to overturn the decisions of a federal administrative agency, the U.S. Patent and Trademark Office, to issue the '313 and '576 patents in the first instance, and thus arises from the USPTO's administrative decision to allow the patent to issue. LivePerson's claim regarding infringement of these patents arises from its own making, using and selling of potentially infringing products. *See Red Wing Shoe*, 148 F.3d at 1360. Neither of these substantive patent claims arises from or is related to the mere fact that MCS happened to purchase the NextCard Patents from a Delaware bankruptcy estate. MCS's only contact with Delaware – the purchase of the patents – is entirely incidental to LivePerson's substantive claims.

---

[2]    The Federal Circuit's articulation of the specific jurisdiction analysis largely mirrors the three-part inquiry articulated by the Third Circuit. *See O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 316 (3d Cir 2007).

9

Alternatively, if one views LivePerson's declaratory claims as arising out the facts that create LivePerson's apprehension of being sued for patent infringement,[3] then those facts all occurred in Texas.[4]  LivePerson's Amended Complaint alleges, on information and belief, that NextCard has accused LivePerson's technology of infringement in the Texas lawsuit. (Amended Complaint at ¶11-12).  That is the only basis, if any, for LivePerson's apprehension of suit.  But those facts cannot possibly create jurisdiction over NextCard in Delaware because those acts occurred in Texas, not Delaware.

Although Third Circuit authority is not binding in this case, the Third Circuit has recently discussed the tests applied by various courts to determine whether a cause of action "arises out of or relates to" the defendant's purposeful contacts with the forum.  *See O'Connor*, 496 F.3d at 318-23.  Under the test articulated by the Third Circuit, a district court must look at whether the defendant's contacts with the forum are a "but-for cause" of the plaintiff's claims.  *Id.* at 322.  The "but-for cause" test, however, is over-inclusive.  *Id.*  Thus, if the "but-for cause" test is met, the district court must further look at whether the defendant's contacts with the forum are sufficiently related to the plaintiff's cause of action such that the exercise of jurisdiction would be reasonable.  *Id.* at 322-23.

The facts of this case clearly fail the Third Circuit's test.  MCS's only contact with Delaware – the purchase of the NextCard Patents – is not a "but-for cause" of LivePerson's claims.  Even absent MCS's purchase of the patents, LivePerson would have a potential declaratory judgment

---

[3]     *See, e.g., Red Wing Shoe*, 145 F.3d at 1360 (holding that, for purposes of determining personal jurisdiction, a claim for declaratory relied on a patent may arise from or be related to "cease-and-desist" letters written by the patentee to the declaratory relief plaintiff in the forum).

[4]     As discussed in Section III below, MCS disputes that an actual controversy exists at all.

claim against MCS's predecessor-in-title for the exact same claims it asserts here. Thus, MCS's purchase of the patents is not a but-for-cause of LivePerson's claims. MCS's purchase of the patents effects *who* LivePerson can sue, but did not give rise to the cause of action itself. As explained above, LivePerson's substantive patent claims arise from the U.S. Patent and Trademark Office's decision to allow the patent to issue, and from LivePerson's own sale of potentially infringing products.

Moreover, even if MCS's purchase of the patents is viewed as a "but-for cause" of the claims, the purchase of the patent is not sufficiently related to LivePerson's substantive patent claims to make the exercise of jurisdiction in Delaware fair or reasonable. MCS did not avail itself of the privileges of doing business in Delaware in such a way as to make it reasonable for MCS to expect to be haled into court in Delaware on any substantive patent issue that arises in connection with the NextCard Patents.

This latter point is further supported by the Federal Circuit's analysis of the "fair play and substantial justice" prong of the specific jurisdiction inquiry.[5] In *Red Wing Shoe*, the patent holder was sued for declaratory relief in Minnesota. The patent holder had engaged in extensive correspondence with the plaintiff, sending three letters to Minnesota in which the patent holder accused the plaintiff of infringement and offered a non-exclusive license. 148 F.3d at 1357. The

---

[5]    Even though the substantive considerations are similar, there is an important procedural difference between the Third Circuit's relatedness component of the "arise out of or related to" test and the "fair play and substantial justice" component of the specific jurisdiction analysis. The difference involves the burden of proof. The former test relates to the plaintiff's burden to demonstrate minimum contacts, and therefore it is the plaintiff's burden to demonstrate the relatedness between the jurisdictional contacts and the cause of action to show that the cause of action "arises from or relates to" the claims. *See, e.g. Breckenridge*, 444 F.3d at 1361-62. On the other hand, the "fair play and substantial justice" inquiry is relevant only after the plaintiff has demonstrated minimum contacts, and it then becomes the defendant's burden to show a "compelling case" that fair play and substantial justice factors weigh against the exercise of jurisdiction. *Id.*

plaintiff filed an action for declaratory relief of non-infringement and invalidity. The Federal Circuit, however, found the district court lacked jurisdiction over the out-of-state patent holder based upon the "fair play and substantial justice" requirement for personal jurisdiction. *Id.* at 1360-61. The court held:

> Thus, even though cease-and-desist letters alone are often substantially related to the cause of action [for declaratory relief] (thus providing minimum contacts), the "minimum requirements inherent in the concept of 'fair play and substantial justice' . . . defeat the reasonableness of jurisdiction." . . . Principles of fair play and substantial justice afford a patentee substantial latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness.

*Id.*. This holding from *Red Wing Shoe* reflects "policy considerations unique to the patent context. . . . The patent system has national application. If infringement letters created jurisdiction, the patentee could be haled into court anywhere the letters were sent." *Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1206 (Fed. Cir. 2003).

If the patent holder's jurisdictional contacts were insufficient to support specific jurisdiction in *Red Wing Shoe*, then specific jurisdiction must also fail on the facts of this case. The connection between MCS's Delaware contacts and LivePerson's declaratory causes of action are <u>much</u> more attenuated. The fact that NextCard, Inc.'s bankruptcy was pending in Delaware, requiring MCS to purchase the patents out of a Delaware bankruptcy, bears no relation whatsoever to LivePerson's declaratory claims dealing with substantive patent issues. NextCard respectfully submits that it would be error for this Court to make new law to hold that the mere purchase of a patent within a

judicial district subjects the patent holder to jurisdiction within the forum for any declaratory cause of action involving substantive patent issues. For the reasons stated above, this would violate due process because: (1) the declaratory cause of action on substantive patent issues does not arise out of or relate to the jurisdictional contacts, and (2) this would not be consistent with fair play and substantial justice.

###     4.     NextCard is not Subject to General Jurisdiction in Delaware.

It goes without saying that NextCard (with or without the contacts of MCS) is not subject to general jurisdiction in Delaware. A defendant is subject to general jurisdiction only where its contacts with the forum are "continuous and systematic." *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

In this case, NextCard has no contacts with Delaware whatsoever, and MCS's only contacts with Delaware involve the single event of purchasing the NextCard Patents. (Bateman Aff. at ¶¶6-7; Traweek Aff. at ¶¶8-10). NextCard/MCS do not have any offices, employees, real estate, or any other assets in Delaware. (*Id.*). NextCard/MCS have never derived any revenue from any activities in Delaware. (*Id.*). Given these facts, there is not doubt that NextCard is not subject to general jurisdiction in Delaware.

## II.    LIVEPERSON'S DECLARATORY ACTION CANNOT BE MAINTAINED BECAUSE THERE IS NO "ACTUAL CONTROVERSY" BETWEEN LIVEPERSON AND NEXTCARD.

Federal courts only have jurisdiction to decide cases in which there is an "actual controversy." *See Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330, 1336 (Fed. Cir 2007).   The "actual controversy" requirement necessitates that the party bringing suit have standing and that the issue presented to the court be ripe for judicial determination. *Id.* at 1337.   Federal courts are prohibited from issuing advisory opinions. *Id.* at 1337-38.   "Although there can be a fine line between declaratory judgments and advisory opinions, the Supreme Court maintains the necessity of avoiding issuing advisory opinions based upon hypothetical facts." *Id.* at 1338.   "The question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2006). [6]

In this case, LivePerson's complaint does not allege facts necessary to show that it has standing to bring this action for declaratory relief.   LivePerson alleges "**On information and belief**, NextCard, LLC has accused technology in the Texas Litigation made, used and/or sold by LivePerson, in particular, LivePerson's Timpani product line . . . ." (Amended Complaint at ¶11, emphasis added).   LivePerson further alleges: "**On information and belief**, NextCard, LLC has threatened defendants in the Texas Litigation with infringement of the '576 Patent . . . ." (*Id.*, emphasis added).   LivePerson further alleges: "**On information and belief**, NextCard, LLC will

---

[6]    The *MedImmune* case effectively overruled the Federal Circuit's previous "reasonable-apprehension-of-suit" test for determining when an actual controversy exists for a declaratory judgment action. *See Teva*, 482 F.3d at 1338-39 (finding that *MedImmune* overruled prior Federal Circuit authority).

14

accuse technology in the Texas Litigation made, used and/or sold by LivePerson, in particular, LivePerson's products which facilitate provision of online chat services . . . ." (Amended Complaint at ¶12).

The fact that LivePerson is required to allege its "actual controversy" allegations "on information and belief" should be a red flag to the Court that this dispute is not presently ripe for judicial resolution. LivePerson is not even certain that NextCard has accused methods and systems of infringement that have any connection with LivePerson's software. This is because NextCard's Texas Complaint and Amended Complaints do not name LivePerson as a party, and they do not mention LivePerson's product offerings in any way. (Bateman Aff. at ¶19 and attached Texas Complaints). NextCard, LLC has not yet served infringement contentions in the Texas lawsuit, and thus it has not articulated the particular manner in which it alleges that each named defendant infringes the Patents-In-Suit. (*Id.* at ¶20). NextCard, LLC has not yet had the opportunity to inspect the software implemented by each of the named defendants, or otherwise to take discovery regarding their software, and thus NextCard, LLC has no basis to know, one way or the other, whether LivePerson supplies software to the defendants that NextCard, LLC will accuse of infringement. (*Id.*).

Moreover, neither MCS nor NextCard, LLC have ever communicated with LivePerson in any way. (Traweek Aff. at ¶21; Bateman Aff. at ¶18). Neither MCS nor NextCard, LLC has ever directly accused LivePerson of infringing the Patents-In-Suit, or offered a license to LivePerson. (*Id.*) Neither MCS nor NextCard, LLC has ever communicated to any third party that LivePerson has infringed the Patents-In-Suit. (*Id.*). LivePerson therefore has no reasonable apprehension that NextCard, LLC is likely to file an imminent lawsuit for patent infringement against LivePerson.

15

LivePerson alleges that the "Texas Litigation has placed a cloud over LivePerson's technology" and that the Texas lawsuit "is likely to cause confusion in the marketplace" and "cloud LivePerson's ability to provide hassle-free service to its customers . . . ." (Amended Complaint at ¶14). In light of the foregoing, however, this is pure speculation and surmise. LivePerson has failed to plead a connection between its own products and services and the allegations set forth in NextCard's Texas Complaint.[7] Absent that connection, there is no "actual controversy" between MCS and NextCard, on the one hand, and LivePerson on the other hand. Accordingly, this case must be dismissed.

---

[7] Even if LivePerson supplies the software used by the defendants in the Texas lawsuit to carry out the steps of the patent claims, this does not in itself mean that LivePerson has infringed the claims. Under 35 U.S.C. §271(a), a person infringes a patent if the person "makes, uses, offers to sell, or sells" a patented invention. Thus, unless LivePerson has a basis to believe it has itself carried out the steps of the method claims, or has assembled the components of the apparatus claims, than there is no actual controversy.

16

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, the claims against NextCard must be dismissed. This Court lacks personal jurisdiction over NextCard for purposes of LivePerson's declaratory claims seeking to resolve substantive patent issues. Moreover, this case must be dismissed because there is no "actual controversy" between NextCard and LivePerson.

Dated: April 7, 2008

Respectfully submitted,

/s/ David L. Finger
David L. Finger (No. 2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

Donald Puckett
State Bar No. 24013358
Brent N. Bumgardner
State Bar. No. 00795272

The Ware Firm
1701 North Market Street,
Suite 330
Dallas, Texas 75202-2088
(214)744-5000
(214)744-5013 (Fax)

*Attorneys for Defendant
NextCard, LLC*

17

State of Texas      §

County of Dallas    §

### Affidavit of John Bateman

Before me, the undersigned notary, on this day personally appeared John Bateman, who having been duly sworn upon oath, stated as follows:

1.    My name is John Bateman. I am over the age of eighteen years old, of sound mind, and otherwise competent to make this affidavit.

2.    I am the Chief Operating Officer of CPMG, Inc., the General Partner of Warbler Technologies, LP, the member and manager of NextCard, LLC. NextCard, LLC is a limited liability company organized and formed under the laws of the State of Texas. Its principal place of business is 104 E. Houston Street, Suite 145, Marshall, Texas 75670. NextCard, LLC was formed as a legal entity on March 23, 2007.

3.    NextCard, LLC is the current assignee of certain patents that previously were owned by NextCard, Inc., as described below. The sole business of NextCard, LLC is licensing and enforcing these patents. NextCard, LLC has no common ownership or management with NextCard, Inc., and is completely unaffiliated with NextCard, Inc. in any way.

4.    On or about March 22, 2007, Marshall Credit Strategies, LLC ("MCS") purchased all right, title, and interest (including the right to sue for and collect damages for past infringement) in and to certain United States patents that were previously owned by NextCard, Inc. MCS purchased the following issued

1

United States patents: 6,405,181; 6,567,791; 7,143,063; 6,324,524; 6,718,313; and 6,795,812. MCS also purchased the rights to certain related pending patent applications and the right to file future patent applications related to these issued patents and pending applications. On or about March 18, 2008, one of those applications issued as United States Patent No. 7,346,576. The patents and patent applications shall be referred to collectively herein as the "NextCard Patents."

5. On or about March 23, 2007, MCS assigned all right, title and interest in and to the NextCard Patents to NextCard, LLC. MCS retains no ownership interest and no financial interest of any kind in the NextCard Patents.

6. NextCard, LLC has no connection whatsoever to Delaware. NextCard, LLC has not engaged in any business or other commercial activity whatsoever in Delaware. Indeed, NextCard, LLC has not engaged in any commercial activity or other business activity whatsoever outside of the State of Texas. NextCard, LLC has not engaged in any patent licensing or enforcement activity in Delaware.

7. NextCard, LLC does not have any offices, employees, real estate, or any other assets in Delaware or in any location other than Texas. NextCard, LLC has never derived any revenue from any activities in Delaware, or any state other than Texas.

8. MCS and NextCard, LLC are organized and operated as separate legal entities. They maintain separate bank accounts and separate accounting

2

records. They file separate income tax returns. The two entities are separately managed, and corporate formalities are strictly observed.

9. MCS and NextCard, LLC are "related" entities in the sense that the managing member of MCS (CPMG, Inc.) is the general partner of NextCard, LLC's manager (Warbler Technologies LP), and the non-managing members of MCS are the limited partners of Warbler Technologies LP. This corporate relationship is more specifically described below.

10. MCS is a limited liability company owned and controlled by its "members." Its members are Cardinal Partners, LP, a Texas limited partnership; Cardinal Partners 2000, LP, a Texas limited partnership; CD Fund LP, a Texas limited partnership; and Fintan Master Fund, Ltd., a Cayman Islands company.

11. MCS is managed on a day-to-day basis by CPMG, Inc., but CPMG, Inc has no ownership in MCS.

12. NextCard, LLC is a Texas limited liability company. It is owned and controlled entirely by Warbler Technologies, LP, a Texas limited partnership.

13. Warbler Technologies is owned by its limited partners: Cardinal Partners, LP; Cardinal Partners 2000, LP; CD Fund, LP; and Fintan Master Fund, Ltd.

14. Warbler Technologies LP is managed on a day-to-day basis by CPMG, Inc., but CPMG, Inc has no ownership in Warbler Technologies.

3

15.    MCS has never controlled or otherwise directed NextCard, LLC in any manner. MCS has no power or ability to direct the activities or corporate decision making of NextCard, LLC at all.

16.    Likewise, NextCard, LLC has never controlled or otherwise directed MCS in any manner. NextCard, LLC has no power or ability to direct the activities or corporate decision making of MCS at all.

17.    The only corporate relationship between MCS and NextCard, LLC is the relationship described above.

18.    NextCard, LLC has never communicated with Liveperson, Inc. in any manner whatsoever. NextCard, LLC has never accused Liveperson of infringing any of the NextCard Patents, and NextCard, LLC has never offered to license one or more of the NextCard Patents to Liveperson. NextCard, LLC has never communicated to any other person or entity that Liveperson may have engaged in activity that infringes one or more of the NextCard Patents.

19.    On August 16, 2007, NextCard, LLC filed a complaint for patent infringement against the following defendants: American Express Company, Discover Financial Services LLC, HSBC North America Holdings, Inc., HSBC USA, Inc. and The PNC Financial Services Group, Inc. True and correct copies of NextCard, LLC's Original Complaint and First Amended Complaint are attached hereto as Exhibits "A" and "B." NextCard, LLC also has filed an unopposed Motion for Leave to file a Second Amended Complaint, and a copy of the proposed Second Amended Complaint is attached hereto as Exhibit "C."

4

NextCard, LLC's complaints in the Texas Litigation do not name LivePerson as a party and do not specifically mention LivePerson's products at all.

20.    NextCard, LLC has not yet been required to serve infringement contentions in the Texas lawsuit. Therefore, NextCard has not yet articulated its theories of infringement apart from what is set forth in the complaints. NextCard has not yet been allowed to conduct discovery regarding the defendants' software, and has not been allowed to examine their source code. Thus, NextCard presently has no basis to know, one way or the other, whether LivePerson has supplied software that NextCard will accuse of infringement in the Texas lawsuit. NextCard has no knowledge as to whether "NextCard, LLC has accused technology in the Texas Litigation made, used and/or sold by LivePerson, in particular, LivePerson's Timpani product line . . . ."

FURTHER AFFIANT SAYETH NOT.

John Bateman

SWORN TO AND SUBSCRIBED before me by the said John Bateman on the 3rd day of April, 2008, to certify which witness my hand and seal of office.

NOTARY PUBLIC

My Commission Expires: _November 2, 2010_



CARRIE A ROGERS
My Commission Expires
November 2, 2010

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NEXTCARD, LLC,<br>　　　Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS<br>COMPANY, DISCOVER<br>FINANCIAL SERVICES LLC,<br>HSBC NORTH AMERICA<br>HOLDINGS INC., HSBC USA, INC.,<br>and THE PNC FINANCIAL<br>SERVICES GROUP, INC.<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 2:07-cv-354 (TJW)<br>§<br>§<br>§<br>§<br>§<br>§ JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

EXHIBIT "A"

Plaintiff NextCard, LLC ("Plaintiff" or "NextCard"), by and through its undersigned counsel, files this Complaint against Defendants American Express Company, Discover Financial Services LLC, HSBC North America Holdings, Inc., HSBC USA, Inc. and The PNC Financial Services Group, Inc. as follows:

## NATURE OF THE ACTION

1.    This lawsuit pertains to Defendants' infringement of some or all of the following patents: U.S. Patent No. 6,405,181, titled "Method and Apparatus for Real Time On Line Credit Approval" (the "'181 Patent"); U.S. Patent No. 6,567,791, titled "Method and Apparatus for a Verifiable On Line Rejection of an Application for Credit" (the "'791 Patent"); U.S. Patent No 7,143,063, titled "Method and Apparatus for a Verifiable On Line Rejection of an Applicant for Credit" (the "'063 Patent"); and U.S. Patent No 6,718,313, titled "Integrating Live Chat Into an Online Credit Card Application" (the "'313 Patent") (collectively, the "Patents")  Copies of the Patents are attached hereto as Exhibits "A" through "D."

## PARTIES

2.    Plaintiff NextCard, LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 104 E. Houston Street, Suite 145, Marshall, Texas 75670. NextCard is the assignee of all right, title, and interest in and to the Patents

3    Defendant American Express Company ("American Express") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 3 World Financial Center, 200 Vesey Street, New York, New York 10285  American Express does business in the State of Texas and in the Eastern District of Texas.   American Express may be served via its registered agent for service of process, CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

4.    Defendant Discover Financial Services, LLC ("Discover Financial Services") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015  Discover Financial Services does business in Texas and in the Eastern District of Texas.   Discover Financial Services may be served via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5.    Defendant HSBC North America Holdings, Inc. ("HSBC North American Holdings") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2700 Sanders Road, Prospect Heights, Illinois 60070.  HSBC North America Holdings does business in Texas and in the Eastern District of Texas.  HSBC North America Holdings may be served via its registered agent

for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6.     Defendant HSBC USA, Inc. ("HSBC USA") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11 East Chase Street, Baltimore, Maryland 21202. HSBC USA does business in Texas in the Eastern District of Texas. HSBC USA may be served via its registered agent for service of process The Corporation Trust Incorporated, 300 E. Lombard Street, Baltimore, Maryland 21202.

7.     Defendant The PNC Financial Services Group, Inc. ("PNC Financial Services") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222 PNC Financial Services does business in Texas and in the Eastern District of Texas. PNC Financial Services may be served with process at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

## JURISDICTION AND VENUE

8     This action arises under the patent laws of the United States, 35 U.S.C. § *et seq*, including 35 U.S.C. § 271 This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9     The Court has personal jurisdiction over each Defendant  Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant,

directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), offers for sale, sells, and advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas   Each Defendant, directly and/or through intermediaries, has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas

10.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C §§1391 and 1400(b)

### COUNT I – INFRINGEMENT OF U.S. PATENT 6,405,181

11.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-10 above.

12    The '181 Patent was duly and legally issued by the United States Patent and Trademark Office on June 11, 2002 after full and fair examination   NextCard is the assignee of all rights, title, and interest in and to the '181 Patent and possesses all rights of recovery under the '181 Patent.

13    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '181 Patent by offering credit to consumers via applications that are transmitted over the internet for real-time approval in accordance with the methods and systems claimed in the '181 patent.

14    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial

15.    Upon information and belief, each Defendant's infringement of the '181 Patent has been willful and deliberate, entitling NextCard to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U S C § 285

16    Each Defendant's infringement of NextCard's exclusive rights under the '181 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT II – INFRINGEMENT OF U.S. PATENT 6,567,791

17.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-16 above.

18    The '791 Patent was duly and legally issued by the United States Patent and Trademark Office on May 20, 2003 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '791 Patent and possesses all rights of recovery under the '791 Patent

19    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '791 Patent by presenting credit applicants with reasons for

rejection of the credit application in accordance with the methods and systems claimed by the '791 Patent.

20    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

21    Upon information and belief, each Defendant's infringement of the '791 Patent has been willful and deliberate, entitling NextCard to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285

22    Each Defendant's infringement of NextCard's exclusive rights under the '791 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT III – INFRINGEMENT OF U.S. PATENT 7,143,063

23    NextCard refers to and incorporates herein the allegations of Paragraphs 1-22 above.

24    The '063 Patent was duly and legally issued by the United States Patent and Trademark Office on November 28, 2006 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '063 Patent and possesses all rights of recovery under the '063 Patent.

25    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '063 Patent by presenting credit applicants with reasons for rejection of the credit application in accordance with the methods and systems claimed by the '063 Patent.

26.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

27.    Upon information and belief, each Defendant's infringement of the '063 Patent has been willful and deliberate, entitling NextCard to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

28    Each Defendant's infringement of NextCard's exclusive rights under the '063 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT IV – INFRINGEMENT OF U.S. PATENT 6,718,313

29.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-28 above.

30.    The '313 Patent was duly and legally issued by the United States Patent and Trademark Office on April 6, 2004, after full and fair examination. NextCard is the

assignee of all rights, title, and interest in and to the '313 Patent and possesses all rights of recovery under the '313 Patent.

31.    Defendants American Express, Discover Financial Services, HSBC North America Holdings, and HSBC USA each has infringed and/or continues to infringe the '313 Patent by incorporating online chat features into their internet credit card offerings/applications in accordance with the methods and systems claimed by the '313 Patent.

32.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

33.    Upon information and belief, each Defendant's infringement of the '313 Patent has been willful and deliberate, entitling NextCard to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

34.    Each Defendant's infringement of NextCard's exclusive rights under the '313 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### JURY DEMAND

35.    Plaintiff demands a trial by jury on all issues

## PRAYER FOR RELIEF

Plaintiff NextCard of Texas, L.L.C. respectfully requests this Court to enter judgment in its favor against Defendant, granting the following relief:

A.    An adjudication that each Defendant has infringed and continues to infringe claims of the asserted patents;

B.    An award of damages to NextCard against each Defendant in an amount adequate to compensate NextCard for each Defendants' acts of infringement together with prejudgment interest;

C.    An award to NextCard of enhanced damages, up to and including trebling of NextCard's damages pursuant to 35 U.S.C. § 284, for Defendant's willful infringement;

D.    An award of NextCard's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

E    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement; and

F    Any further relief that this Court deems just and proper.

Respectfully submitted,


By:     /s/ Donald Puckett
        Donald Puckett
        State Bar No. 24013358
        dpuckett@monts-ware.com
        Attorney-in-Charge
        Leslie D. Ware
        State Bar No. 00785179
        lesware@airmail.net
        Brent N. Bumgardner
        State Bar No. 00795272
        bbumgardner@monts-ware.com
        Mark W. Born
        State Bar No. 24034334
        mborn@monts-ware.com

        MONTS & WARE, L.L.P.
        1701 North Market Street, Suite 330
        Dallas, Texas 75202-2088
        (214) 744-5000
        (214) 744-5013 Fax

        ATTORNEYS FOR PLAINTIFF
        NEXTCARD, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |  |
|---|---|---|
| NEXTCARD, LLC,<br>            Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS<br>COMPANY, DFS SERVICES LLC<br>(f/k/a DISCOVER FINANCIAL<br>SERVICES LLC), HSBC NORTH<br>AMERICA HOLDINGS INC.,<br>HSBC USA, INC., and THE PNC<br>FINANCIAL SERVICES GROUP,<br>INC.<br>            Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:07-cv-354 (TJW)<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff NextCard, LLC ("Plaintiff" or "NextCard"), by and through its undersigned counsel, files this Complaint against Defendants American Express Company, Discover Financial Services LLC, HSBC North America Holdings, Inc., HSBC USA, Inc. and The PNC Financial Services Group, Inc. as follows:

## NATURE OF THE ACTION

1.    This lawsuit pertains to Defendants' infringement of some or all of the following patents: U.S. Patent No. 6,405,181, titled "Method and Apparatus for Real Time On Line Credit Approval" (the "'181 Patent"); U.S. Patent No. 6,567,791, titled "Method and Apparatus for a Verifiable On Line Rejection of an Application for Credit" (the "'791 Patent"); U.S. Patent No. 7,143,063, titled "Method and Apparatus for a Verifiable On Line Rejection of an Applicant for Credit" (the "'063 Patent"); and U.S. Patent No. 6,718,313, titled "Integrating Live Chat Into an Online Credit Card Application" (the "'313 Patent") (collectively, the "Patents"). Copies of the Patents are attached hereto as Exhibits "A" through "D."

## PARTIES

2.    Plaintiff NextCard, LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 104 E. Houston Street, Suite 145, Marshall, Texas 75670. NextCard is the assignee of all right, title, and interest in and to the Patents.

3      Defendant American Express Company ("American Express") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 3 World Financial Center, 200 Vesey Street, New York, New York 10285. American Express does business in the State of Texas and in the Eastern District of Texas. American Express may be served via its registered agent for service of process, CT Corporation System, 111 Eighth Avenue, New York, New York 10011 American Express has appeared and answered in the lawsuit.

4.     Defendant DFS Services LLC (f/k/a Discover Financial Services, LLC) (herein "Discover Financial Services") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015. Discover Financial Services does business in Texas and in the Eastern District of Texas Discover Financial Services may be served via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Discover Financial Services has appeared and answered in this lawsuit.

5.     Defendant HSBC North America Holdings, Inc. ("HSBC North American Holdings") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2700 Sanders Road, Prospect Heights, Illinois 60070 HSBC North America Holdings does business in Texas and in the Eastern District of Texas HSBC North America Holdings may be served via its registered agent

for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6      Defendant HSBC USA, Inc ("HSBC USA") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11 East Chase Street, Baltimore, Maryland 21202. HSBC USA does business in Texas in the Eastern District of Texas. HSBC USA may be served via its registered agent for service of process The Corporation Trust Incorporated, 300 E Lombard Street, Baltimore, Maryland 21202.

7      Defendant The PNC Financial Services Group, Inc. ("PNC Financial Services") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222. PNC Financial Services does business in Texas and in the Eastern District of Texas. PNC Financial Services may be served with process at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

## JURISDICTION AND VENUE

8      This action arises under the patent laws of the United States, 35 U.S.C. § *et seq*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9      The Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant,

directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), offers for sale, sells, and advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant, directly and/or through intermediaries, has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas

10.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT 6,405,181

11.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-10 above.

12.    The '181 Patent was duly and legally issued by the United States Patent and Trademark Office on June 11, 2002 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '181 Patent and possesses all rights of recovery under the '181 Patent.

13.    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '181 Patent by offering credit to consumers via applications that are transmitted over the internet for real-time approval in accordance with the methods and systems claimed in the '181 patent.

14.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

15.    Each Defendant's infringement of NextCard's exclusive rights under the '181 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT 6,567,791

16.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-15 above.

17.    The '791 Patent was duly and legally issued by the United States Patent and Trademark Office on May 20, 2003 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '791 Patent and possesses all rights of recovery under the '791 Patent.

18.    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '791 Patent by presenting credit applicants with reasons for rejection of the credit application in accordance with the methods and systems claimed by the '791 Patent.

19.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial

20    Each Defendant's infringement of NextCard's exclusive rights under the '791 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT III – INFRINGEMENT OF U.S. PATENT 7,143,063

21.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-20 above.

22.    The '063 Patent was duly and legally issued by the United States Patent and Trademark Office on November 28, 2006 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '063 Patent and possesses all rights of recovery under the '063 Patent.

23    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '063 Patent by presenting credit applicants with reasons for rejection of the credit application in accordance with the methods and systems claimed by the '063 Patent.

24    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial

25.    Each Defendant's infringement of NextCard's exclusive rights under the '063 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT IV – INFRINGEMENT OF U.S. PATENT 6,718,313

26.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-25 above.

27.    The '313 Patent was duly and legally issued by the United States Patent and Trademark Office on April 6, 2004, after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '313 Patent and possesses all rights of recovery under the '313 Patent.

28.    Defendants American Express, Discover Financial Services, HSBC North America Holdings, and HSBC USA each has infringed and/or continues to infringe the '313 Patent by incorporating online chat features into their internet credit card offerings/applications in accordance with the methods and systems claimed by the '313 Patent

29.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial

30    Each Defendant's infringement of NextCard's exclusive rights under the '313 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

31.    Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff NextCard of Texas, L.L.C. respectfully requests this Court to enter judgment in its favor against Defendant, granting the following relief:

A.    An adjudication that each Defendant has infringed and continues to infringe claims of the asserted patents;

B.    An award of damages to NextCard against each Defendant in an amount adequate to compensate NextCard for each Defendants' acts of infringement together with prejudgment interest;

C.    An award of NextCard's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

D.   A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the

Defendant from further acts of infringement; and

E.   Any further relief that this Court deems just and proper.

Respectfully submitted,

By:    ___/s/ Donald Puckett_____
       Donald Puckett
       State Bar No. 24013358
       dpuckett@monts-ware.com
       Attorney-in-Charge
       Leslie D. Ware
       State Bar No. 00785179
       lesware@airmail.net
       Brent N. Bumgardner
       State Bar No. 00795272
       bbumgardner@monts-ware.com
       Mark W. Born
       State Bar No. 24034334
       mborn@monts-ware.com

       **MONTS & WARE, L.L.P.**
       1701 North Market Street, Suite 330
       Dallas, Texas 75202-2088
       (214) 744-5000
       (214) 744-5013 Fax

       Eric M. Albritton
       State Bar No. 00790215
       ema@emafirm.com

       **ALBRITTON LAW FIRM**
       P.O. Box 2649
       Longview, Texas 75601
       (903) 757-8449
       (903) 758-7397 Fax

       **ATTORNEYS FOR PLAINTIFF
       NEXTCARD, LLC**

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per LOCAL RULE CV-5(a)(3) today, November 15, 2007  Any other counsel of record will be served by postage paid, certified first class mail, return receipt requested

/s/ Donald Puckett_____
Donald Puckett

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NEXTCARD, LLC,<br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY, DFS SERVICES LLC (f/k/a DISCOVER FINANCIAL SERVICES LLC), HSBC NORTH AMERICA HOLDINGS INC., HSBC USA, INC., and THE PNC FINANCIAL SERVICES GROUP, INC.<br>Defendants. | CIVIL ACTION NO. 2:07-cv-354 (TJW)<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff NextCard, LLC ("Plaintiff" or "NextCard"), by and through its undersigned counsel, files this Second Amended Complaint against Defendants American Express Company, Discover Financial Services LLC, HSBC North America Holdings, Inc., HSBC USA, Inc. and The PNC Financial Services Group, Inc. as follows:

## NATURE OF THE ACTION

1.      This lawsuit pertains to Defendants' infringement of some or all of the following patents: U.S. Patent No. 6,405,181, titled "Method and Apparatus for Real Time On Line Credit Approval" (the "'181 Patent"); U.S. Patent No. 6,567,791, titled "Method and Apparatus for a Verifiable On Line Rejection of an Application for Credit" (the "'791 Patent"); U.S. Patent No. 7,143,063, titled "Method and Apparatus for a Verifiable On Line Rejection of an Applicant for Credit" (the "'063 Patent"); U.S. Patent No. 6,718,313, titled "Integrating Live Chat Into an Online Credit Card Application" (the "'313 Patent"); and U.S. Patent No. 7,346,576 titled "Integrating Live Chat Into an Online Credit Card Application" (the '576 Patent) (collectively, the "Patents"). Copies of the Patents are attached hereto as Exhibits "A" through "E."

## PARTIES

2.      Plaintiff NextCard, LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 104 E. Houston Street, Suite 145, Marshall, Texas 75670. NextCard is the assignee of all right, title, and interest in and to the Patents.

3.     Defendant American Express Company ("American Express") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 3 World Financial Center, 200 Vesey Street, New York, New York 10285. American Express does business in the State of Texas and in the Eastern District of Texas.   American Express may be served via its registered agent for service of process, CT Corporation System, 111 Eighth Avenue, New York, New York 10011. American Express has appeared and answered in the lawsuit.

4.     Defendant DFS Services LLC (f/k/a Discover Financial Services, LLC) (herein "Discover Financial Services") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015.   Discover Financial Services does business in Texas and in the Eastern District of Texas.  Discover Financial Services may be served via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Discover Financial Services has appeared and answered in this lawsuit.

5.     Defendant HSBC North America Holdings, Inc. ("HSBC North American Holdings") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2700 Sanders Road, Prospect Heights, Illinois 60070. HSBC North America Holdings does business in Texas and in the Eastern District of Texas.  HSBC North America Holdings may be served via its registered agent

for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. HSBC North American Holdings has appeared and answered in this lawsuit.

      6.    Defendant HSBC USA, Inc. ("HSBC USA") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11 East Chase Street, Baltimore, Maryland 21202. HSBC USA does business in Texas in the Eastern District of Texas. HSBC USA may be served via its registered agent for service of process The Corporation Trust Incorporated, 300 E. Lombard Street, Baltimore, Maryland 21202. HSBC USA has appeared and answered in this lawsuit.

      7.    Defendant The PNC Financial Services Group, Inc. ("PNC Financial Services") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222. PNC Financial Services does business in Texas and in the Eastern District of Texas. PNC Financial Services may be served with process at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222. PNC Financial Services has appeared and answered in this lawsuit.

## JURISDICTION AND VENUE

      8.    This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9.     The Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), offers for sale, sells, and advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant, directly and/or through intermediaries, has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.

10.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT 6,405,181

11.     NextCard refers to and incorporates herein the allegations of Paragraphs 1-10 above.

12.     The '181 Patent was duly and legally issued by the United States Patent and Trademark Office on June 11, 2002 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '181 Patent and possesses all rights of recovery under the '181 Patent.

13.     Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '181 Patent by offering credit to consumers via applications that

are transmitted over the internet for real-time approval in accordance with the methods and systems claimed in the '181 patent.

14.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

15.    Each Defendant's infringement of NextCard's exclusive rights under the '181 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT 6,567,791

16.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-15 above.

17.    The '791 Patent was duly and legally issued by the United States Patent and Trademark Office on May 20, 2003 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '791 Patent and possesses all rights of recovery under the '791 Patent.

18.    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '791 Patent by presenting credit applicants with reasons for rejection of the credit application in accordance with the methods and systems claimed by the '791 Patent.

19.     NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

20.     Each Defendant's infringement of NextCard's exclusive rights under the '791 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

<u>**COUNT III – INFRINGEMENT OF U.S. PATENT 7,143,063**</u>

21.     NextCard refers to and incorporates herein the allegations of Paragraphs 1-20 above.

22.     The '063 Patent was duly and legally issued by the United States Patent and Trademark Office on November 28, 2006 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '063 Patent and possesses all rights of recovery under the '063 Patent.

23.     Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '063 Patent by presenting credit applicants with reasons for rejection of the credit application in accordance with the methods and systems claimed by the '063 Patent.

24.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

25.    Each Defendant's infringement of NextCard's exclusive rights under the '063 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT IV – INFRINGEMENT OF U.S. PATENT 6,718,313

26.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-25 above.

27.    The '313 Patent was duly and legally issued by the United States Patent and Trademark Office on April 6, 2004, after full and fair examination.  NextCard is the assignee of all rights, title, and interest in and to the '313 Patent and possesses all rights of recovery under the '313 Patent.

28.    Defendants American Express, Discover Financial Services, HSBC North America Holdings, and HSBC USA each has infringed and/or continues to infringe the '313 Patent by incorporating online chat features into their internet credit card offerings/applications in accordance with the methods and systems claimed by the '313 Patent.

29.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

30.    Each Defendant's infringement of NextCard's exclusive rights under the '313 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT V – INFRINGEMENT OF U.S. PATENT 7,346,576

31.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-30 above.

32.    The '576 Patent was duly and legally issued by the United States Patent and Trademark Office on March 18, 2008, after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '576 Patent and possesses all rights of recovery under the '576 Patent.

33.    Defendants Discover Financial Services, HSBC North America Holdings, and HSBC USA each has infringed and/or continues to infringe the '576 Patent by incorporating online chat features into their internet credit card offerings/applications in accordance with the methods and systems claimed by the '576 Patent.

34.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

35.    Each Defendant's infringement of NextCard's exclusive rights under the '576 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

36.    Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff NextCard of Texas, L.L.C. respectfully requests this Court to enter judgment in its favor against Defendant, granting the following relief:

A.    An adjudication that each Defendant has infringed and continues to infringe claims of the asserted patents;

B.    An award of damages to NextCard against each Defendant in an amount adequate to compensate NextCard for each Defendants' acts of infringement together with prejudgment interest;

C.    An award of NextCard's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

D.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement; and

E.    Any further relief that this Court deems just and proper.

Respectfully submitted,


By:      /s/ Donald Puckett
         Donald Puckett
         State Bar No. 24013358
         dpuckett@monts-ware.com
         Attorney-in-Charge
         Leslie D. Ware
         State Bar No. 00785179
         lesware@airmail.net
         Brent N. Bumgardner
         State Bar No. 00795272
         bbumgardner@monts-ware.com
         Mark W. Born
         State Bar No. 24034334
         mborn@monts-ware.com

         **MONTS & WARE, L.L.P.**
         1701 North Market Street, Suite 330
         Dallas, Texas 75202-2088
         (214) 744-5000
         (214) 744-5013 Fax

         Eric M. Albritton
         State Bar No. 00790215
         ema@emafirm.com

         **ALBRITTON LAW FIRM**
         P.O. Box 2649
         Longview, Texas 75601
         (903) 757-8449
         (903) 758-7397 Fax


         **ATTORNEYS FOR PLAINTIFF**
         **NEXTCARD, LLC**

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per LOCAL RULE CV-5(a)(3) today, March __, 2008. Any other counsel of record will be served by postage paid, certified first class mail, return receipt requested.

<u>/s/ Donald Puckett</u>_____
Donald Puckett

State of Texas        §

County of Dallas    §

### Affidavit of James Traweek

Before me, the undersigned notary, on this day personally appeared James Traweek, who having been duly sworn upon oath, stated as follows:

1.    My name is James Traweek. I am over the age of eighteen years old, of sound mind, and otherwise competent to make this affidavit.

2.    I am a Managing Director of CPMG, Inc., a company that serves as the manager of Marshall Credit Strategies, LLC ("MCS"). MCS is a limited liability company organized and formed under the laws of the State of Texas. Its principal place of business is 2100 McKinney Avenue, Suite 1770, Dallas, Texas 75201. MCS was formed as a legal entity on August 4, 2006.

3.    The sole business of MCS is licensing and enforcing patents. The only patents that MCS has ever owned are the NextCard Patents described below.

4.    On or about March 22, 2007, MCS purchased all right, title, and interest (including the right to sue for and collect damages for past infringement) in and to certain United States patents that were previously owned by NextCard, Inc. MCS purchased the following issued United States patents: 6,405,181; 6,567,791; 7,143,063; 6,324,524; 6,718,313; and 6,795,812. MCS also purchased the rights to certain related pending patent applications and the right to file future patent applications related to these issued patents and pending applications. On or

1

about March 18, 2008, one of those applications issued as United States Patent No. 7,346,576. The patents and patent applications shall be referred to collectively herein as the "NextCard Patents."

5. The NextCard Patents were purchased by MCS out of the bankruptcy estate of NextCard, Inc. At the time MCS purchased these patents, the NextCard, Inc. bankruptcy was pending in the United States Bankruptcy Court for the District of Delaware. I personally attended a bankruptcy auction that was held in Wilmington, Delaware at which, on behalf of MCS, I put in the highest bid at the auction for the NextCard Patents. The sale was completed through execution of a patent assignment agreement assigning all of NextCard, Inc.'s interests in the NextCard Patents to MCS.

6. On March 23, 2007, MCS assigned all right, title and interest in and to the NextCard Patents to NextCard, LLC. NextCard, LLC is a limited liability company organized under the laws of the state of Texas. NextCard, LLC has no common ownership with NextCard, Inc., no common management, and is completely unaffiliated with NextCard, Inc. in any way, other than the fact that NextCard, LLC is the current assignee of the aforementioned patents that previously were owned by NextCard, Inc.

7. MCS retains no ownership interest and no financial interest of any kind in the NextCard Patents. MCS does not retain any exclusive or non-exclusive license to the NextCard Patents, and has no other interest in the NextCard Patents at all.

8.    Other than purchasing the NextCard Patents out of a bankruptcy estate in which the bankruptcy action was at the time pending in Delaware, MCS has no connection whatsoever to Delaware.  MCS has not engaged in any other business or other commercial activity whatsoever in Delaware.

9.    Indeed, MCS has not engaged in any commercial activity or other business activity whatsoever outside of the State of Texas, other than purchasing the NextCard Patents.

10.    MCS does not have any offices, employees, real estate, or any other assets in Delaware or in any location other than Texas.  MCS has never derived any revenue from any activities in Delaware, or any state other than Texas.

11.    MCS and NextCard LLC are organized and operated as separate legal entities.  They maintain separate bank accounts and separate accounting records.  They file separate income tax returns.  The two entities are separately managed, and corporate formalities are strictly observed.

12.    MCS and NextCard LLC are "related" entities in the sense that the non-member manager of MCS (CPMG, Inc.) is the general partner of NextCard LLC's manager (Warbler Technologies LP), and the non-managing members of MCS are the limited partners of Warbler Technologies LP.  This corporate relationship is more specifically described below.

13.    MCS is a limited liability company owned and controlled by its "members."  Its members are Cardinal Partners, LP, a Texas limited partnership;

3

Cardinal Partners 2000, LP, a Texas limited partnership; CD Fund LP, a Texas limited partnership; and Fintan Master Fund, Ltd., a Cayman Islands company.

14.    MCS is managed on a day-to-day basis by CPMG, Inc., but CPMG, Inc has no ownership in MCS.

15.    NextCard, LLC is a Texas limited liability company. It is owned and controlled entirely by Warbler Technologies, LP.

16.    Warbler Technologies is owned by its limited partners: Cardinal Partners, LP; Cardinal Partners 2000, LP; CD Fund LP; and Fintan Master Fund, Ltd.

17.    Warbler Technologies is managed on a day-to-day basis by CPMG, Inc., but CPMG, Inc has no ownership in Warbler Technologies.

18.    MCS does not control or otherwise direct NextCard, LLC in any manner. MCS would have no power or ability to direct the activities or corporate decision making of NextCard, LLC at all.

19.    Likewise, NextCard, LLC does not control or otherwise direct MCS in any manner. NextCard, LLC would have no power or ability to direct the activities or corporate decision making of MCS at all.

20.    The only corporate relationship between MCS and NextCard LLC is the relationship described above.

21    MCS has never communicated with Liveperson, Inc. in any manner whatsoever. MCS has never accused Liveperson of infringing any of the NextCard Patents, and MCS has never offered to license one or more of the

4

NextCard Patents to Liveperson.   MCS has never communicated to any other

person or entity that Liveperson may have engaged in activity that infringes one or

more of the NextCard Patents. MCS has no knowledge as to whether "NextCard

LLC has accused technology in the Texas Litigation made, used and/or sold by

LivePerson, in particular, LivePerson's Timpani product line . . . ."  NextCard

LLC's Complaint in the Texas Litigation does not name LivePerson as a party and

does not specifically mention LivePerson's products at all.

FURTHER AFFIANT SAYETH NOT.



James Traweek

SWORN TO AND SUBSCRIBED before me by the said James Traweek on the _3rd_ day of April, 2008, to certify which witness my hand and seal of office.

Carrie A. Rogers

NOTARY PUBLIC

My Commission Expires: _November 2, 2010_

CARRIE A ROGERS
My Commission Expires
November 2, 2010

5