IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIVEPERSON, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 08-062 (GMS) |
| NEXTCARD, LLC and MARSHALL | ) | |
| CREDIT STRATEGIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPENING BRIEF OF DEFENDANT MARSHALL CREDIT STRATEGIES, LLC
IN SUPPORT OF ITS MOTION TO DISMISS**

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

Donald Puckett
State Bar No. 24013358
Brent N. Bumgardner
State Bar. No. 00795272

The Ware Firm
1701 North Market Street
Suite 330
Dallas, Texas 75202-2088
(214)744-5000

*Attorneys for Defendant
Marshall Credit Strategies, LLC*

Dated: April 7, 2008

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDING.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.      MCS IS NOT A PROPER PARTY TO THIS LAWSUIT AND MUST BE DISMISSED
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.     THIS COURT LACKS PERSONAL JURISDICTION OVER MCS. . . . . . . . . . . . . . . . . 5

        A.      PERSONAL JURISDICTION EVIDENCE AND STANDARDS. . . . . . . . . . . . 5

        B.      MCS'S CONTACTS WITH DELAWARE DO NOT GIVE RISE TO SPECIFIC
                JURISDICTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        C.      MCS IS NOT SUBJECT TO GENERAL JURISDICTION IN DELAWARE. . . 11

III.    LIVEPERSON'S DECLARATORY ACTION CANNOT BE MAINTAINED BECAUSE
        THERE IS NO "ACTUAL CONTROVERSY" BETWEEN LIVEPERSON AND MCS.12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Breckenridge Pharmaceuticals, Inc. v. Metabolite Lab's, Inc.*, 444 F.3d 1356 (Fed. Cir. 2006). . 5

*Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003). . . . . . . . . . . . . . . . . . . 5

*EMS-American Grilon, Inc. v. EMS-Chemie AG,* C.A. No. 89-2190, 1989 WL 230919, Barry, J. (D.N.J. Oct. 3, 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). . . . . . . . . . . . . . . . . 11

*MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312 (3d Cir 2007). . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998). . . . . . 6, 8, 9

*Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194 (Fed. Cir. 2003). . . . . . . . . . . . . . . 10

*Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330 (Fed. Cir 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## <u>Other authorities</u>

35 U.S.C. §271(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## NATURE AND STAGE OF THE PROCEEDING

On January 29, 2008, plaintiff LivePerson Inc. ("LivePerson") filed the present action against NextCard, LLC ("NextCard") and Marshall Credit Strategies, LLC ("MCS"). Liveperson filed an Amended Complaint on March 18, 2008.

On March 24, 2008, the Court approved a Stipulation to Extend Time for filing a response to the Amended Complaint.

On April 7, 2008, MCS filed a motion to dismiss the Amended Complaint.  This is MCS' opening brief in support of its motion to dismiss.

1

## SUMMARY OF ARGUMENT

1.     MCS has no ownership interest in the Patents-In-Suit.  This is stated on the face of LivePerson's complaint, and is verified by the affidavit proof attached hereto.  MCS has assigned all of its former interest in and to the Patents-In-Suit to Defendant NextCard, LLC.  MCS therefore is not a proper party to this lawsuit.

2.     This Court lacks personal jurisdiction over MCS. MCS's ***only connection*** with Delaware is the fact that MCS purchased the Patents-In-Suit out of a Delaware bankruptcy.  LivePerson's lawsuit, however, seeks an adjudication of the substantive scope of the patents' claims, and the validity of the patents themselves.  Thus, this lawsuit has only the most tangential connection to MCS's Delaware contacts.  Personal jurisdiction is not proper because LivePerson's claims do not "arise out of or relate to" MCS's contacts with Delaware, as required for specific jurisdiction.

3.     This case must be dismissed because there is no "actual controversy" between LivePerson and MCS.  LivePerson's "actual controversy" allegations are made "on information and belief" and thus raise a red flag.  LivePerson has not alleged or otherwise shown an actual connection between the claims NextCard, LLC (not MCS) has asserted in Texas and LivePerson's own products or services.  NextCard, LLC's Texas complaint does not name LivePerson or otherwise accuse LivePerson's products of infringement.  NextCard, LLC has not served infringement contentions in Texas accusing LivePerson of infringement.  Neither MCS nor NextCard, LLC has ever accused LivePerson of infringement or offered to license the Patents-In-Suit to LivePerson.  Indeed, neither MCS nor NextCard, LLC has ever communicated with LivePerson ***in any way.***  Thus, LivePerson's supposed controversy with MCS is based on speculation and surmise, and the case is not ripe for judicial resolution.

2

## STATEMENT OF FACTS

LivePerson alleges that MCS purchased two patents, Patent Nos. 6,718,313 and 7,346,576 out of the bankruptcy proceedings in the U.S. District Court for the District of Delaware in the matter of NextCard, Inc., No. 02-13376-KJC. (Amended Complaint ¶¶6, 8), and then "purportedly assigned the rights in the '313 and '576 Patents to NextCard, LLC." (Amended Complaint ¶9). NextCard is controlled by Warbler Technologies, L.P., a Texas limited partnership that is controlled by CPMG, Inc. (Amended Complaint ¶9).

LivePerson further alleges that NextCard has sued several individuals in the U.S. District Court for the Eastern District of Texas, claiming infringement of the '313 patent. (Amended Complaint ¶10).

LivePerson further alleges that "[o]n information and belief, NextCard, LLC will accuse technology in the Texas Litigation made, used and/or sold by LivePerson, in particular, LivePerson's products which facilitate provision of online chat services...." (Amended Complaint ¶12).

3

## ARGUMENT

### I.    MCS IS NOT A PROPER PARTY TO THIS LAWSUIT AND MUST BE DISMISSED.

MCS has no current ownership interest in the Patents-In-Suit. This is set forth on the face of LivePerson's Amended Complaint. (Amended Complaint at ¶9, "On information and belief, on March 23, 2007 . . . MCS purportedly assigned the rights in the '313 and '576 Patents to NextCard, LLC"). This is confirmed by the affidavit proof attached hereto. (Traweek Aff. at ¶¶6-7). MCS has no interest in the NextCard Patents whatsoever. (*Id.*).

LivePerson's Amended Complaint completely fails to set forth any basis for why MCS is a proper party to this lawsuit. Because MCS has divested itself of any ownership interest in the patents, and retains no other interest in the patents whatsoever, there is no actual controversy between LivePerson and MCS, and MCS must be dismissed as a party to this lawsuit. *See EMS-American Grilon, Inc. v. EMS-Chemie AG,* C.A. No. 89-2190, 1989 WL 230919, WL Op. at *1, Barry, J. (D.N.J. Oct. 3, 1989) ("when a party divests itself of all of its interest in a patent . . . that same party does not retain a sufficient stake in the outcome of an infringement controversy to require it to remain as a defendant to the action, and no case or controversy can be said to exist between the parties").

Accordingly, MCS must be immediately dismissed from this lawsuit.

## II.    THIS COURT LACKS PERSONAL JURISDICTION OVER MCS.

### A.    PERSONAL JURISDICTION EVIDENCE AND STANDARDS.

The Court is familiar with the standards concerning personal jurisdiction, so MCS will not belabor the issue.  In patent cases, personal jurisdiction must be determined according to the law of the Federal Circuit. *See Breckenridge Pharmaceuticals, Inc. v. Metabolite Lab's, Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006).

Once jurisdiction is challenged, the plaintiff bears the burden of coming forward with evidence supporting the Court's jurisdiction.  *See Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).  If the district court does not hold an evidentiary hearing, the plaintiff must only establish a *prima facie* case of jurisdiction.   *See id.* For proof, the plaintiff's uncontradicted allegations from the complaint are taken as true, but the defendant may contradict those allegations with affidavit proof.  *See id.*  If the plaintiff also submits affidavit proof or other competent evidence, factual disputes in the evidentiary proof must be resolved in the plaintiff's favor.  *See id.*

A plaintiff may demonstrate the court's personal jurisdiction by showing either general jurisdiction or specific jurisdiction.  *See Breckenridge*, 444 F.3d at 1360-61.

### B.    MCS'S CONTACTS WITH DELAWARE DO NOT GIVE RISE TO SPECIFIC JURISDICTION.

The mere fact that MCS purchased the Patents-In-Suit out of a Delaware bankruptcy proceeding does not give the courts of Delaware personal jurisdiction over MCS with respect to all substantive patent disputes.  MCS's contacts with Delaware are related to this lawsuit in only the most tangential way.  Under the applicable Federal Circuit cases, there is no question that this Court

lacks personal jurisdiction over MCS for purposes of this action for declaratory relief on substantive

patent issues. *See, e.g., Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir.

1998) (holding that personal jurisdiction was not proper for a declaratory judgment action even

where the patent holder had sent three letters regarding the patent to the plaintiff in the forum).

      LivePerson apparently believes that because MCS purchased the Patents-In-Suit in Delaware,

Delaware courts have jurisdiction over MCS for any substantive dispute related to the patents.

(Amended Complaint at ¶6). Counsel for Defendants is unaware of any case authority supporting

LivePerson's position. Defendants respectfully contend that LivePerson is asking this Court to

embrace a theory of personal jurisdiction that has never been recognized by any court.

      To determine whether the court has specific jurisdiction over a defendant, "a court must

inquire whether the defendant has 'purposefully directed his activities' at the forum state and, if so

whether 'the litigation results from alleged injuries that arise out of or relate to those activities.'"

*Breckenridge*, 444 F.3d at 1361-62. "Then, to defeat jurisdiction, the burden of proof shifts to the

defendant, which must 'present a compelling case that the presence of some other considerations

would render jurisdiction unreasonable.'" *Id.* at 1362.[1]

      In this case, the Court does not have specific jurisdiction over MCS because LivePerson's

claims for declaratory relief do not "arise out of or relate to" MCS's contacts with Delaware.

Although MCS purposefully directed a few limited activities toward Delaware (namely, its purchase

of the NextCard Patents out of a Delaware bankruptcy estate), this lawsuit does not arise out of or

relate to those contacts. If LivePerson were seeking a declaration disputing title to the NextCard

---

[1]     The Federal Circuit's articulation of the specific jurisdiction analysis largely mirrors the three-part inquiry articulated by the Third Circuit. *See O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 316 (3d Cir 2007).

Patents, asserting for example that the assignment out of Delaware bankruptcy court was invalid, then this hypothetical cause of action would arise out of or relate to NextCard's contacts with Delaware, and specific jurisdiction would arguably be proper.

LivePerson's Amended Complaint, however, asserts something far different – claims for declaratory relief for patent invalidity and non-infringement. LivePerson's claim for a declaration regarding the validity of the Patents-In-Suit essentially seeks to overturn the decisions of a federal administrative agency, the U.S. Patent and Trademark Office, to issue the '313 and '576 patents in the first instance, and thus arises from the USPTO's administrative decision to allow the patent to issue. LivePerson's claim regarding infringement of these patents arises from its own making, using and selling of potentially infringing products. *See Red Wing Shoe*, 148 F.3d at 1360. Neither of these substantive patent claims arises from or is related to the mere fact that MCS happened to purchase the NextCard Patents from a Delaware bankruptcy estate. MCS's only contact with Delaware – the purchase of the patents -- is entirely incidental to LivePerson's substantive claims.

Alternatively, if one views LivePerson's declaratory claims as arising out the facts that create LivePerson's apprehension of being sued for patent infringement,[2] then those facts all occurred in Texas.[3] LivePerson's Amended Complaint alleges, on information and belief, that NextCard LLC has accused LivePerson's technology of infringement in the Texas lawsuit. (Amended Complaint at ¶11-12). That is the only basis, if any, for LivePerson's apprehension of suit. But those facts

---

[2]     *See, e.g. Red Wing Shoe*, 145 F.3d at 1360 (holding that, for purposes of determining personal jurisdiction, a claim for declaratory relied on a patent may arise from or be related to "cease-and-desist" letters written by the patentee to the declaratory relief plaintiff in the forum).

[3]As discussed in Section III below, MCS disputes that an actual controversy exists at all.

7

cannot possibly create jurisdiction over MCS in Delaware for two reasons: (1) those acts occurred in Texas, not Delaware and (2) the Texas lawsuit was filed by NextCard, LLC, not MCS.

Although Third Circuit authority is not binding in this case, the Third Circuit has recently discussed the tests applied by various courts to determine whether a cause of action "arises out of or relates to" the defendant's purposeful contacts with the forum. *See O'Connor*, 496 F.3d at 318-23. Under the test articulated by the Third Circuit, a district court must look at whether the defendant's contacts with the forum are a "but-for cause" of the plaintiff's claims. *Id.* at 322. The "but-for cause" test, however, is over-inclusive. *Id.* Thus, if the "but-for cause" test is met, the district court must further look at whether the defendant's contacts with the forum are sufficiently related to the plaintiff's cause of action such that the exercise of jurisdiction would be reasonable. *Id.* at 322-23.

The facts of this case clearly fail the Third Circuit's test. MCS's only contact with Delaware – the purchase of the NextCard Patents – is not a "but-for cause" of LivePerson's claims. Even absent MCS's purchase of the patents, LivePerson would have a potential declaratory judgment claim against MCS's predecessor-in-title for the exact same claims it asserts here. Thus, MCS's purchase of the patents is not a but-for-cause of LivePerson's claims. MCS's purchase of the patents effects *who* LivePerson can sue, but did not give rise to the cause of action itself. As explained above, LivePerson's substantive patent claims arise from the U.S. Patent and Trademark Office's decision to allow the patent to issue, and from LivePerson's own sale of potentially infringing products.

Moreover, even if MCS's purchase of the patents is viewed as a "but-for cause" of the claims, the purchase of the patent is not sufficiently related to LivePerson's substantive patent claims to

8

make the exercise of jurisdiction in Delaware fair or reasonable. MCS did not avail itself of the privileges of doing business in Delaware in such a way as to make it reasonable for MCS to expect to be haled into court in Delaware on any substantive patent issue that arises in connection with the NextCard Patents.

This latter point is further supported by the Federal Circuit's analysis of the "fair play and substantial justice" prong of the specific jurisdiction inquiry.[4] In *Red Wing Shoe Co., Inc*., the patent holder was sued for declaratory relief in Minnesota. The patent holder had engaged in extensive correspondence with the plaintiff, sending three letters to Minnesota in which the patent holder accused the plaintiff of infringement and offered a non-exclusive license. 148 F.3d at 1357. The plaintiff filed an action for declaratory relief of non-infringement and invalidity. The Federal Circuit, however, found the district court lacked jurisdiction over the out-of-state patent holder based upon the "fair play and substantial justice" requirement for personal jurisdiction. *Id.* at 1360-61. The court held:

> Thus, even though cease-and-desist letters alone are often substantially related to the cause of action [for declaratory relief] (thus providing minimum contacts), the "minimum requirements inherent in the concept of 'fair play and substantial justice' . . . defeat the reasonableness of jurisdiction." . . . Principles of fair play and substantial justice afford a patentee substantial latitude to inform

---

[4]    Even though the substantive considerations are similar, there is an important procedural difference between the Third Circuit's relatedness component of the "arise out of or related to" test and the "fair play and substantial justice" component of the specific jurisdiction analysis. The difference involves the burden of proof. The former test relates to the plaintiff's burden to demonstrate minimum contacts, and therefore it is the plaintiff's burden to demonstrate the relatedness between the jurisdictional contacts and the cause of action to show that the cause of action "arises from or relates to" the claims. *See, e.g., Breckenridge*, 444 F.3d at 1361-62. On the other hand, the "fair play and substantial justice" inquiry is relevant only after the plaintiff has demonstrated minimum contacts, and it then becomes the defendant's burden to show a "compelling case" that fair play and substantial justice factors weigh against the exercise of jurisdiction. *Id.*

> others of its patent rights without subjecting itself to jurisdiction in a
> foreign forum.  A patentee should not subject itself to personal
> jurisdiction in a forum solely by informing a party who happens to be
> located there of suspected infringement.  Grounding personal
> jurisdiction on such contacts alone would not comport with principles
> of fairness.

*Id.* at 1360-61.  This holding from *Red Wing Shoe* reflects "policy considerations unique to the patent

context. . . . The patent system has national application.  If infringement letters created jurisdiction,

the patentee could be haled into court anywhere the letters were sent."  *Silent Drive, Inc. v. Strong*

*Industries, Inc.*, 326 F.3d 1194, 1206 (Fed. Cir. 2003).

If the patent holder's jurisdictional contacts were insufficient to support specific jurisdiction

in *Red Wing Shoe*, then specific jurisdiction must also fail on the facts of this case.  The connection

between MCS's Delaware contacts and LivePerson's declaratory causes of action are <u>much</u> more

attenuated.  The fact that NextCard, Inc.'s bankruptcy was pending in Delaware, requiring MCS to

purchase the patents out of a Delaware bankruptcy, bears no relation whatsoever to LivePerson's

declaratory claims dealing with substantive patent issues.  MCS respectfully submits that it would

be error for this Court to make new law to hold that the mere purchase of a patent within a judicial

district subjects the patent holder to jurisdiction within the forum for any declaratory cause of action

involving substantive patent issues.  For the reasons stated above, this would violate due process

because: (1) the declaratory cause of action on substantive patent issues does not arise out of or relate

to the jurisdictional contacts, and (2) this would not be consistent with fair play and substantial

justice.

10

### C.    MCS IS NOT SUBJECT TO GENERAL JURISDICTION IN DELAWARE.

It goes without saying that MCS is not subject to general jurisdiction in Delaware. A defendant is subject to general jurisdiction only where its contacts with the forum are "continuous and systematic." *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

In this case, MCS's only contacts with Delaware involve the single event of purchasing the NextCard Patents. (Traweek Aff. at ¶¶8-10)  Other than this single transaction, MCS has not engaged in any business in Delaware. (*Id.*). MCS does not have any offices, employees, real estate, or any other assets in Delaware. (*Id.* at ¶10). MCS has never derived any revenue from any activities in Delaware. (*Id.*). Given these facts, there is not doubt that MCS is not subject to general jurisdiction in Delaware.

11

### III.   LIVEPERSON'S DECLARATORY ACTION CANNOT BE MAINTAINED BECAUSE THERE IS NO "ACTUAL CONTROVERSY" BETWEEN LIVEPERSON AND MCS.

Federal courts only have jurisdiction to decide cases in which there is an "actual controversy." *See Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330, 1336 (Fed. Cir 2007).  The "actual controversy" requirement necessitates that the party bringing suit have standing and that the issue presented to the court be ripe for judicial determination. *Id.* at 1337.  Federal courts are prohibited from issuing advisory opinions.  *Id.* at 1337-38.  "Although there can be a fine line between declaratory judgments and advisory opinions, the Supreme Court maintains the necessity of avoiding issuing advisory opinions based upon hypothetical facts." *Id.* at 1338.  "The question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2006). [5]

In this case, LivePerson's complaint does not allege facts necessary to show that it has standing to bring this action for declaratory relief.  LivePerson alleges "**On information and belief**, NextCard, LLC has accused technology in the Texas Litigation made, used and/or sold by LivePerson, in particular, LivePerson's Timpani product line . . . ."  (Amended Complaint at ¶11, emphasis added).  LivePerson further alleges: "**On information and belief**, NextCard, LLC has threatened defendants in the Texas Litigation with infringement of the '576 Patent . . . ."  (*Id.*,

---

[5] The *MedImmune* case effectively overruled the Federal Circuit's previous "reasonable-apprehension-of-suit" test for determining when an actual controversy exists for a declaratory judgment action.  *See Teva*, 482 F.3d at 1338-39 (finding that *MedImmune* overruled prior Federal Circuit authority).

emphasis added).  LivePerson further alleges: "**On information and belief**, NextCard, LLC will accuse technology in the Texas Litigation made, used and/or sold by LivePerson, in particular, LivePerson's products which facilitate provision of online chat services . . . ." (Amended Complaint at ¶12).

The fact that LivePerson is required to allege its "actual controversy" allegations "on information and belief" should be a red flag to the Court that this dispute is not presently ripe for judicial resolution.  LivePerson is not even certain that NextCard has accused methods and systems of infringement that have any connection with LivePerson's software.  This is because NextCard, LLC's Texas Complaint and Amended Complaints do not name LivePerson as a party, and they do not mention LivePerson's product offerings in any way.  (Bateman Aff. at ¶19 and attached Texas Complaints).  NextCard, LLC has not yet served infringement contentions in the Texas lawsuit, and thus it has not articulated the particular manner in which it alleges that each named defendant infringes the Patents-In-Suit.  (*Id.* at ¶20).  NextCard, LLC has not yet had the opportunity to inspect the software implemented by each of the named defendants, or otherwise to take discovery regarding their software, and thus NextCard, LLC has no basis to know, one way or the other, whether LivePerson supplies software to the defendants that NextCard, LLC will accuse of infringement. (*Id.*).

Moreover, neither MCS nor NextCard, LLC have ever communicated with LivePerson in any way. (Traweek Aff. at ¶21; Bateman Aff. at ¶18). Neither MCS nor NextCard, LLC has ever directly accused LivePerson of infringing the Patents-In-Suit, or offered a license to LivePerson.  (*Id.*) Neither MCS nor NextCard, LLC has ever communicated to any third party that LivePerson has

13

infringed the Patents-In-Suit.  (*Id.*)  LivePerson therefore has no reasonable apprehension that NextCard, LLC is likely to file an imminent lawsuit for patent infringement against LivePerson.

LivePerson alleges that the "Texas Litigation has placed a cloud over LivePerson's technology" and that the Texas lawsuit "is likely to cause confusion in the marketplace" and "cloud LivePerson's ability to provide hassle-free service to its customers . . . ." (Amended Complaint at ¶14).  In light of the foregoing, however, this is pure speculation and surmise.  LivePerson has failed to plead a connection between its own products and services and the allegations set forth in NextCard, LLC's Texas Complaint.[6]  Absent that connection, there is no "actual controversy" between MCS and NextCard, LLC, on the one hand, and LivePerson on the other hand.  Accordingly, this case must be dismissed.

---

[6]    Even if LivePerson supplies the software used by the defendants in the Texas lawsuit to carry out the steps of the patent claims, this does not in itself mean that LivePerson has infringed the claims.  Under 35 U.S.C. §271(a), a person infringes a patent if the person "makes, uses, offers to sell, or sells" a patented invention.  Thus, unless LivePerson has a basis to believe it has itself carried out the steps of the method claims, or has assembled the components of the apparatus claims, than there is no actual controversy.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the claims against MCS must be dismissed. MCS is not a proper party to this lawsuit because it retains no ownership interest in the Patents-In-Suit at all. Moreover, this Court lacks personal jurisdiction over MCS for purposes of LivePerson's declaratory claims seeking to resolve substantive patent issues. LivePerson's claims do not "arise out of or relate to" MCS's contacts with Delaware, because MCS's only contact with Delaware is the purchase of the patent. Furthermore, this case must be dismissed because there is no "actual controversy" between MCS and LivePerson.

Dated: April 7, 2008

Respectfully submitted,

/s/ David L. Finger
David L. Finger (No. 2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

Donald Puckett
State Bar No. 24013358
Brent N. Bumgardner
State Bar. No. 00795272

The Ware Firm
1701 North Market Street
Suite 330
Dallas, Texas 75202-2088
(214)744-5000
(214)744-5013 (Fax)

*Attorneys for Defendant*
*Marshall Credit Strategies, LLC*

15

**State of Texas** §

**County of Dallas** §

### Affidavit of John Bateman

Before me, the undersigned notary, on this day personally appeared John Bateman, who having been duly sworn upon oath, stated as follows:

1.    My name is John Bateman. I am over the age of eighteen years old, of sound mind, and otherwise competent to make this affidavit.

2.    I am the Chief Operating Officer of CPMG, Inc., the General Partner of Warbler Technologies, LP, the member and manager of NextCard, LLC. NextCard, LLC is a limited liability company organized and formed under the laws of the State of Texas. Its principal place of business is 104 E. Houston Street, Suite 145, Marshall, Texas 75670. NextCard, LLC was formed as a legal entity on March 23, 2007.

3.    NextCard, LLC is the current assignee of certain patents that previously were owned by NextCard, Inc., as described below. The sole business of NextCard, LLC is licensing and enforcing these patents. NextCard, LLC has no common ownership or management with NextCard, Inc., and is completely unaffiliated with NextCard, Inc. in any way.

4.    On or about March 22, 2007, Marshall Credit Strategies, LLC ("MCS") purchased all right, title, and interest (including the right to sue for and collect damages for past infringement) in and to certain United States patents that were previously owned by NextCard, Inc. MCS purchased the following issued

1

United States patents: 6,405,181; 6,567,791; 7,143,063; 6,324,524; 6,718,313; and 6,795,812. MCS also purchased the rights to certain related pending patent applications and the right to file future patent applications related to these issued patents and pending applications. On or about March 18, 2008, one of those applications issued as United States Patent No. 7,346,576. The patents and patent applications shall be referred to collectively herein as the "NextCard Patents."

5. On or about March 23, 2007, MCS assigned all right, title and interest in and to the NextCard Patents to NextCard, LLC. MCS retains no ownership interest and no financial interest of any kind in the NextCard Patents.

6. NextCard, LLC has no connection whatsoever to Delaware. NextCard, LLC has not engaged in any business or other commercial activity whatsoever in Delaware. Indeed, NextCard, LLC has not engaged in any commercial activity or other business activity whatsoever outside of the State of Texas. NextCard, LLC has not engaged in any patent licensing or enforcement activity in Delaware.

7. NextCard, LLC does not have any offices, employees, real estate, or any other assets in Delaware or in any location other than Texas. NextCard, LLC has never derived any revenue from any activities in Delaware, or any state other than Texas.

8. MCS and NextCard, LLC are organized and operated as separate legal entities. They maintain separate bank accounts and separate accounting

records. They file separate income tax returns. The two entities are separately managed, and corporate formalities are strictly observed.

9.     MCS and NextCard, LLC are "related" entities in the sense that the managing member of MCS (CPMG, Inc.) is the general partner of NextCard, LLC's manager (Warbler Technologies LP), and the non-managing members of MCS are the limited partners of Warbler Technologies LP. This corporate relationship is more specifically described below.

10.     MCS is a limited liability company owned and controlled by its "members." Its members are Cardinal Partners, LP, a Texas limited partnership; Cardinal Partners 2000, LP, a Texas limited partnership; CD Fund LP, a Texas limited partnership; and Fintan Master Fund, Ltd., a Cayman Islands company.

11.     MCS is managed on a day-to-day basis by CPMG, Inc., but CPMG, Inc has no ownership in MCS.

12.     NextCard, LLC is a Texas limited liability company. It is owned and controlled entirely by Warbler Technologies, LP, a Texas limited partnership.

13.     Warbler Technologies is owned by its limited partners: Cardinal Partners, LP; Cardinal Partners 2000, LP; CD Fund, LP; and Fintan Master Fund, Ltd.

14     Warbler Technologies LP is managed on a day-to-day basis by CPMG, Inc., but CPMG, Inc has no ownership in Warbler Technologies.

3

15. MCS has never controlled or otherwise directed NextCard, LLC in any manner. MCS has no power or ability to direct the activities or corporate decision making of NextCard, LLC at all.

16. Likewise, NextCard, LLC has never controlled or otherwise directed MCS in any manner. NextCard, LLC has no power or ability to direct the activities or corporate decision making of MCS at all.

17. The only corporate relationship between MCS and NextCard, LLC is the relationship described above.

18. NextCard, LLC has never communicated with Liveperson, Inc. in any manner whatsoever. NextCard, LLC has never accused Liveperson of infringing any of the NextCard Patents, and NextCard, LLC has never offered to license one or more of the NextCard Patents to Liveperson. NextCard, LLC has never communicated to any other person or entity that Liveperson may have engaged in activity that infringes one or more of the NextCard Patents.

19. On August 16, 2007, NextCard, LLC filed a complaint for patent infringement against the following defendants: American Express Company, Discover Financial Services LLC, HSBC North America Holdings, Inc., HSBC USA, Inc. and The PNC Financial Services Group, Inc. True and correct copies of NextCard, LLC's Original Complaint and First Amended Complaint are attached hereto as Exhibits "A" and "B." NextCard, LLC also has filed an unopposed Motion for Leave to file a Second Amended Complaint, and a copy of the proposed Second Amended Complaint is attached hereto as Exhibit "C."

NextCard, LLC's complaints in the Texas Litigation do not name LivePerson as a party and do not specifically mention LivePerson's products at all.

20.    NextCard, LLC has not yet been required to serve infringement contentions in the Texas lawsuit.  Therefore, NextCard has not yet articulated its theories of infringement apart from what is set forth in the complaints.  NextCard has not yet been allowed to conduct discovery regarding the defendants' software, and has not been allowed to examine their source code.  Thus, NextCard presently has no basis to know, one way or the other, whether LivePerson has supplied software that NextCard will accuse of infringement in the Texas lawsuit. NextCard has no knowledge as to whether "NextCard, LLC has accused technology in the Texas Litigation made, used and/or sold by LivePerson, in particular, LivePerson's Timpani product line . . . ."

FURTHER AFFIANT SAYETH NOT.


John Bateman


SWORN TO AND SUBSCRIBED before me by the said John Bateman on the 3rd day of April, 2008, to certify which witness my hand and seal of office.


NOTARY PUBLIC


My Commission Expires: November 2, 2010



CARRIE A ROGERS
My Commission Expires
November 2, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NEXTCARD, LLC,<br>     Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS<br>COMPANY, DISCOVER<br>FINANCIAL SERVICES LLC,<br>HSBC NORTH AMERICA<br>HOLDINGS INC., HSBC USA, INC.,<br>and THE PNC FINANCIAL<br>SERVICES GROUP, INC.<br>     Defendants. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:07-cv-354 (TJW)<br><br><br>JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

EXHIBIT "A"

Plaintiff NextCard, LLC ("Plaintiff" or "NextCard"), by and through its undersigned counsel, files this Complaint against Defendants American Express Company, Discover Financial Services LLC, HSBC North America Holdings, Inc., HSBC USA, Inc. and The PNC Financial Services Group, Inc. as follows:

## NATURE OF THE ACTION

1.    This lawsuit pertains to Defendants' infringement of some or all of the following patents: U.S. Patent No. 6,405,181, titled "Method and Apparatus for Real Time On Line Credit Approval" (the "'181 Patent"); U.S. Patent No. 6,567,791, titled "Method and Apparatus for a Verifiable On Line Rejection of an Application for Credit" (the "'791 Patent"); U.S. Patent No. 7,143,063, titled "Method and Apparatus for a Verifiable On Line Rejection of an Applicant for Credit" (the "'063 Patent"); and U.S. Patent No. 6,718,313, titled "Integrating Live Chat Into an Online Credit Card Application" (the "'313 Patent") (collectively, the "Patents")  Copies of the Patents are attached hereto as Exhibits "A" through "D."

## PARTIES

2.    Plaintiff NextCard, LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 104 E. Houston Street, Suite 145, Marshall, Texas 75670.  NextCard is the assignee of all right, title, and interest in and to the Patents

3      Defendant American Express Company ("American Express") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 3 World Financial Center, 200 Vesey Street, New York, New York 10285. American Express does business in the State of Texas and in the Eastern District of Texas. American Express may be served via its registered agent for service of process, CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

4.      Defendant Discover Financial Services, LLC ("Discover Financial Services") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015. Discover Financial Services does business in Texas and in the Eastern District of Texas. Discover Financial Services may be served via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5.      Defendant HSBC North America Holdings, Inc. ("HSBC North American Holdings") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2700 Sanders Road, Prospect Heights, Illinois 60070. HSBC North America Holdings does business in Texas and in the Eastern District of Texas. HSBC North America Holdings may be served via its registered agent

for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6.    Defendant HSBC USA, Inc. ("HSBC USA") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11 East Chase Street, Baltimore, Maryland 21202. HSBC USA does business in Texas in the Eastern District of Texas. HSBC USA may be served via its registered agent for service of process The Corporation Trust Incorporated, 300 E. Lombard Street, Baltimore, Maryland 21202.

7.    Defendant The PNC Financial Services Group, Inc. ("PNC Financial Services") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222 PNC Financial Services does business in Texas and in the Eastern District of Texas. PNC Financial Services may be served with process at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

<u>JURISDICTION AND VENUE</u>

8    This action arises under the patent laws of the United States, 35 U.S.C. § *et seq* , including 35 U.S.C. § 271 This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9    The Court has personal jurisdiction over each Defendant Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant,

directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), offers for sale, sells, and advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas   Each Defendant, directly and/or through intermediaries, has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas

10.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S C §§1391 and 1400(b)

### COUNT I – INFRINGEMENT OF U.S. PATENT 6,405,181

11.    NextCard refers to and incorporates herein the allegations of Paragraphs 1- 10 above.

12    The '181 Patent was duly and legally issued by the United States Patent and Trademark Office on June 11, 2002 after full and fair examination   NextCard is the assignee of all rights, title, and interest in and to the '181 Patent and possesses all rights of recovery under the '181 Patent.

13    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '181 Patent by offering credit to consumers via applications that are transmitted over the internet for real-time approval in accordance with the methods and systems claimed in the '181 patent.

14    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial

15.    Upon information and belief, each Defendant's infringement of the '181 Patent has been willful and deliberate, entitling NextCard to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U S C § 285

16    Each Defendant's infringement of NextCard's exclusive rights under the '181 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT II – INFRINGEMENT OF U.S. PATENT 6,567,791

17.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-16 above.

18    The '791 Patent was duly and legally issued by the United States Patent and Trademark Office on May 20, 2003 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '791 Patent and possesses all rights of recovery under the '791 Patent

19    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '791 Patent by presenting credit applicants with reasons for

rejection of the credit application in accordance with the methods and systems claimed by the '791 Patent.

20      NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

21      Upon information and belief, each Defendant's infringement of the '791 Patent has been willful and deliberate, entitling NextCard to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285

22      Each Defendant's infringement of NextCard's exclusive rights under the '791 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT III – INFRINGEMENT OF U.S. PATENT 7,143,063

23      NextCard refers to and incorporates herein the allegations of Paragraphs 1-22 above.

24      The '063 Patent was duly and legally issued by the United States Patent and Trademark Office on November 28, 2006 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '063 Patent and possesses all rights of recovery under the '063 Patent.

25    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '063 Patent by presenting credit applicants with reasons for rejection of the credit application in accordance with the methods and systems claimed by the '063 Patent.

26.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

27.    Upon information and belief, each Defendant's infringement of the '063 Patent has been willful and deliberate, entitling NextCard to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

28    Each Defendant's infringement of NextCard's exclusive rights under the '063 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT IV – INFRINGEMENT OF U.S. PATENT 6,718,313

29.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-28 above.

30.    The '313 Patent was duly and legally issued by the United States Patent and Trademark Office on April 6, 2004, after full and fair examination. NextCard is the

assignee of all rights, title, and interest in and to the '313 Patent and possesses all rights of recovery under the '313 Patent.

31.    Defendants American Express, Discover Financial Services, HSBC North America Holdings, and HSBC USA each has infringed and/or continues to infringe the '313 Patent by incorporating online chat features into their internet credit card offerings/applications in accordance with the methods and systems claimed by the '313 Patent.

32.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

33.    Upon information and belief, each Defendant's infringement of the '313 Patent has been willful and deliberate, entitling NextCard to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

34.    Each Defendant's infringement of NextCard's exclusive rights under the '313 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

**JURY DEMAND**

35.    Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff NextCard of Texas, L.L.C. respectfully requests this Court to enter judgment in its favor against Defendant, granting the following relief:

A.     An adjudication that each Defendant has infringed and continues to infringe claims of the asserted patents;

B.     An award of damages to NextCard against each Defendant in an amount adequate to compensate NextCard for each Defendants' acts of infringement together with prejudgment interest;

C.     An award to NextCard of enhanced damages, up to and including trebling of NextCard's damages pursuant to 35 U.S.C. § 284, for Defendant's willful infringement;

D.     An award of NextCard's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

E     A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement; and

F     Any further relief that this Court deems just and proper.

Respectfully submitted,


By:        /s/ Donald Puckett
           Donald Puckett
           State Bar No. 24013358
           dpuckett@monts-ware.com
           Attorney-in-Charge
           Leslie D. Ware
           State Bar No. 00785179
           lesware@airmail.net
           Brent N. Bumgardner
           State Bar No. 00795272
           bbumgardner@monts-ware.com
           Mark W. Born
           State Bar No. 24034334
           mborn@monts-ware.com

           **MONTS & WARE, L.L.P.**
           1701 North Market Street, Suite 330
           Dallas, Texas 75202-2088
           (214) 744-5000
           (214) 744-5013 Fax

           **ATTORNEYS FOR PLAINTIFF**
           **NEXTCARD, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NEXTCARD, LLC,<br>          Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS<br>COMPANY, DFS SERVICES LLC<br>(f/k/a DISCOVER FINANCIAL<br>SERVICES LLC), HSBC NORTH<br>AMERICA HOLDINGS INC.,<br>HSBC USA, INC., and THE PNC<br>FINANCIAL SERVICES GROUP,<br>INC.<br>          Defendants. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 2:07-cv-354 (TJW)<br>§<br>§<br>§<br>§<br>§<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff NextCard, LLC ("Plaintiff" or "NextCard"), by and through its undersigned counsel, files this Complaint against Defendants American Express Company, Discover Financial Services LLC, HSBC North America Holdings, Inc., HSBC USA, Inc. and The PNC Financial Services Group, Inc. as follows:

## NATURE OF THE ACTION

1.    This lawsuit pertains to Defendants' infringement of some or all of the following patents: U.S. Patent No. 6,405,181, titled "Method and Apparatus for Real Time On Line Credit Approval" (the "'181 Patent"); U.S. Patent No. 6,567,791, titled "Method and Apparatus for a Verifiable On Line Rejection of an Application for Credit" (the "'791 Patent"); U.S. Patent No. 7,143,063, titled "Method and Apparatus for a Verifiable On Line Rejection of an Applicant for Credit" (the "'063 Patent"); and U.S. Patent No. 6,718,313, titled "Integrating Live Chat Into an Online Credit Card Application" (the "'313 Patent") (collectively, the "Patents"). Copies of the Patents are attached hereto as Exhibits "A" through "D."

## PARTIES

2.    Plaintiff NextCard, LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 104 E. Houston Street, Suite 145, Marshall, Texas 75670. NextCard is the assignee of all right, title, and interest in and to the Patents.

3    Defendant American Express Company ("American Express") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 3 World Financial Center, 200 Vesey Street, New York, New York 10285. American Express does business in the State of Texas and in the Eastern District of Texas.  American Express may be served via its registered agent for service of process, CT Corporation System, 111 Eighth Avenue, New York, New York 10011  American Express has appeared and answered in the lawsuit.

4.    Defendant DFS Services LLC (f/k/a Discover Financial Services, LLC) (herein "Discover Financial Services") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015.  Discover Financial Services does business in Texas and in the Eastern District of Texas  Discover Financial Services may be served via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Discover Financial Services has appeared and answered in this lawsuit.

5.    Defendant HSBC North America Holdings, Inc. ("HSBC North American Holdings") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2700 Sanders Road, Prospect Heights, Illinois 60070  HSBC North America Holdings does business in Texas and in the Eastern District of Texas  HSBC North America Holdings may be served via its registered agent

for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6       Defendant HSBC USA, Inc ("HSBC USA") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11 East Chase Street, Baltimore, Maryland 21202. HSBC USA does business in Texas in the Eastern District of Texas. HSBC USA may be served via its registered agent for service of process The Corporation Trust Incorporated, 300 E. Lombard Street, Baltimore, Maryland 21202.

7       Defendant The PNC Financial Services Group, Inc. ("PNC Financial Services") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222. PNC Financial Services does business in Texas and in the Eastern District of Texas. PNC Financial Services may be served with process at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

## JURISDICTION AND VENUE

8       This action arises under the patent laws of the United States, 35 U.S.C. § *et seq*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9       The Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant,

directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), offers for sale, sells, and advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant, directly and/or through intermediaries, has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas

10. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT 6,405,181

11. NextCard refers to and incorporates herein the allegations of Paragraphs 1-10 above.

12. The '181 Patent was duly and legally issued by the United States Patent and Trademark Office on June 11, 2002 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '181 Patent and possesses all rights of recovery under the '181 Patent.

13. Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '181 Patent by offering credit to consumers via applications that are transmitted over the internet for real-time approval in accordance with the methods and systems claimed in the '181 patent.

14.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

15    Each Defendant's infringement of NextCard's exclusive rights under the '181 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT 6,567,791

16    NextCard refers to and incorporates herein the allegations of Paragraphs 1-15 above

17    The '791 Patent was duly and legally issued by the United States Patent and Trademark Office on May 20, 2003 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '791 Patent and possesses all rights of recovery under the '791 Patent.

18.    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '791 Patent by presenting credit applicants with reasons for rejection of the credit application in accordance with the methods and systems claimed by the '791 Patent.

19.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial

20    Each Defendant's infringement of NextCard's exclusive rights under the '791 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT III – INFRINGEMENT OF U.S. PATENT 7,143,063

21.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-20 above.

22.    The '063 Patent was duly and legally issued by the United States Patent and Trademark Office on November 28, 2006 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '063 Patent and possesses all rights of recovery under the '063 Patent.

23    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '063 Patent by presenting credit applicants with reasons for rejection of the credit application in accordance with the methods and systems claimed by the '063 Patent.

24    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial

25.    Each Defendant's infringement of NextCard's exclusive rights under the '063 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT IV – INFRINGEMENT OF U.S. PATENT 6,718,313

26.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-25 above.

27.    The '313 Patent was duly and legally issued by the United States Patent and Trademark Office on April 6, 2004, after full and fair examination.  NextCard is the assignee of all rights, title, and interest in and to the '313 Patent and possesses all rights of recovery under the '313 Patent.

28.    Defendants American Express, Discover Financial Services, HSBC North America Holdings, and HSBC USA each has infringed and/or continues to infringe the '313 Patent by incorporating online chat features into their internet credit card offerings/applications in accordance with the methods and systems claimed by the '313 Patent

29.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

30    Each Defendant's infringement of NextCard's exclusive rights under the '313 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

**JURY DEMAND**

31.    Plaintiff demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

Plaintiff NextCard of Texas, L.L.C. respectfully requests this Court to enter judgment in its favor against Defendant, granting the following relief:

A.    An adjudication that each Defendant has infringed and continues to infringe claims of the asserted patents;

B.    An award of damages to NextCard against each Defendant in an amount adequate to compensate NextCard for each Defendants' acts of infringement together with prejudgment interest;

C.    An award of NextCard's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

D.   A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the

Defendant from further acts of infringement; and

E.   Any further relief that this Court deems just and proper.

Respectfully submitted,


By:     ___/s/ Donald Puckett_____
        Donald Puckett
        State Bar No. 24013358
        dpuckett@monts-ware.com
        Attorney-in-Charge
        Leslie D. Ware
        State Bar No. 00785179
        lesware@airmail.net
        Brent N. Bumgardner
        State Bar No. 00795272
        bbumgardner@monts-ware.com
        Mark W. Born
        State Bar No. 24034334
        mborn@monts-ware.com

        **MONTS & WARE, L.L.P.**
        1701 North Market Street, Suite 330
        Dallas, Texas 75202-2088
        (214) 744-5000
        (214) 744-5013 Fax

        Eric M. Albritton
        State Bar No. 00790215
        ema@emafirm.com

        **ALBRITTON LAW FIRM**
        P.O. Box 2649
        Longview, Texas 75601
        (903) 757-8449
        (903) 758-7397 Fax


        **ATTORNEYS FOR PLAINTIFF**
        **NEXTCARD, LLC**

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per LOCAL RULE CV-5(a)(3) today, November 15, 2007  Any other counsel of record will be served by postage paid, certified first class mail, return receipt requested

/s/ Donald Puckett_____
Donald Puckett

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |  |
|---|---|---|
| NEXTCARD, LLC,<br>　　　Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS<br>COMPANY, DFS SERVICES LLC<br>(f/k/a DISCOVER FINANCIAL<br>SERVICES LLC), HSBC NORTH<br>AMERICA HOLDINGS INC.,<br>HSBC USA, INC., and THE PNC<br>FINANCIAL SERVICES GROUP,<br>INC.<br>　　　Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:07-cv-354 (TJW)<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff NextCard, LLC ("Plaintiff" or "NextCard"), by and through its undersigned counsel, files this Second Amended Complaint against Defendants American Express Company, Discover Financial Services LLC, HSBC North America Holdings, Inc., HSBC USA, Inc. and The PNC Financial Services Group, Inc. as follows:

## NATURE OF THE ACTION

1.     This lawsuit pertains to Defendants' infringement of some or all of the following patents: U.S. Patent No. 6,405,181, titled "Method and Apparatus for Real Time On Line Credit Approval" (the "'181 Patent"); U.S. Patent No. 6,567,791, titled "Method and Apparatus for a Verifiable On Line Rejection of an Application for Credit" (the "'791 Patent"); U.S. Patent No. 7,143,063, titled "Method and Apparatus for a Verifiable On Line Rejection of an Applicant for Credit" (the "'063 Patent"); U.S. Patent No. 6,718,313, titled "Integrating Live Chat Into an Online Credit Card Application" (the "'313 Patent"); and U.S. Patent No. 7,346,576 titled "Integrating Live Chat Into an Online Credit Card Application" (the '576 Patent) (collectively, the "Patents"). Copies of the Patents are attached hereto as Exhibits "A" through "E."

## PARTIES

2.     Plaintiff NextCard, LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 104 E. Houston Street, Suite 145, Marshall, Texas 75670. NextCard is the assignee of all right, title, and interest in and to the Patents.

3.    Defendant American Express Company ("American Express") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 3 World Financial Center, 200 Vesey Street, New York, New York 10285. American Express does business in the State of Texas and in the Eastern District of Texas.   American Express may be served via its registered agent for service of process, CT Corporation System, 111 Eighth Avenue, New York, New York 10011. American Express has appeared and answered in the lawsuit.

4.    Defendant DFS Services LLC (f/k/a Discover Financial Services, LLC) (herein "Discover Financial Services") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015.   Discover Financial Services does business in Texas and in the Eastern District of Texas.  Discover Financial Services may be served via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Discover Financial Services has appeared and answered in this lawsuit.

5.    Defendant HSBC North America Holdings, Inc. ("HSBC North American Holdings") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2700 Sanders Road, Prospect Heights, Illinois 60070. HSBC North America Holdings does business in Texas and in the Eastern District of Texas.  HSBC North America Holdings may be served via its registered agent

for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. HSBC North American Holdings has appeared and answered in this lawsuit.

      6.    Defendant HSBC USA, Inc. ("HSBC USA") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11 East Chase Street, Baltimore, Maryland 21202. HSBC USA does business in Texas in the Eastern District of Texas. HSBC USA may be served via its registered agent for service of process The Corporation Trust Incorporated, 300 E. Lombard Street, Baltimore, Maryland 21202. HSBC USA has appeared and answered in this lawsuit.

      7.    Defendant The PNC Financial Services Group, Inc. ("PNC Financial Services") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222. PNC Financial Services does business in Texas and in the Eastern District of Texas. PNC Financial Services may be served with process at 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222. PNC Financial Services has appeared and answered in this lawsuit.

### JURISDICTION AND VENUE

      8.    This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9.    The Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), offers for sale, sells, and advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant, directly and/or through intermediaries, has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.

10.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

### COUNT I – INFRINGEMENT OF U.S. PATENT 6,405,181

11.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-10 above.

12.    The '181 Patent was duly and legally issued by the United States Patent and Trademark Office on June 11, 2002 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '181 Patent and possesses all rights of recovery under the '181 Patent.

13.    Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '181 Patent by offering credit to consumers via applications that

are transmitted over the internet for real-time approval in accordance with the methods and systems claimed in the '181 patent.

14. NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

15. Each Defendant's infringement of NextCard's exclusive rights under the '181 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

<u>**COUNT II – INFRINGEMENT OF U.S. PATENT 6,567,791**</u>

16. NextCard refers to and incorporates herein the allegations of Paragraphs 1-15 above.

17. The '791 Patent was duly and legally issued by the United States Patent and Trademark Office on May 20, 2003 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '791 Patent and possesses all rights of recovery under the '791 Patent.

18. Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '791 Patent by presenting credit applicants with reasons for rejection of the credit application in accordance with the methods and systems claimed by the '791 Patent.

19.     NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

20.     Each Defendant's infringement of NextCard's exclusive rights under the '791 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT III – INFRINGEMENT OF U.S. PATENT 7,143,063

21.     NextCard refers to and incorporates herein the allegations of Paragraphs 1-20 above.

22.     The '063 Patent was duly and legally issued by the United States Patent and Trademark Office on November 28, 2006 after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '063 Patent and possesses all rights of recovery under the '063 Patent.

23.     Defendants American Express, Discover Financial Services, HSBC North America Holdings, HSBC USA, and PNC Financial Services each has infringed and continues to infringe the '063 Patent by presenting credit applicants with reasons for rejection of the credit application in accordance with the methods and systems claimed by the '063 Patent.

24.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

25.    Each Defendant's infringement of NextCard's exclusive rights under the '063 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT IV – INFRINGEMENT OF U.S. PATENT 6,718,313

26.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-25 above.

27.    The '313 Patent was duly and legally issued by the United States Patent and Trademark Office on April 6, 2004, after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '313 Patent and possesses all rights of recovery under the '313 Patent.

28.    Defendants American Express, Discover Financial Services, HSBC North America Holdings, and HSBC USA each has infringed and/or continues to infringe the '313 Patent by incorporating online chat features into their internet credit card offerings/applications in accordance with the methods and systems claimed by the '313 Patent.

29.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

30.    Each Defendant's infringement of NextCard's exclusive rights under the '313 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT V – INFRINGEMENT OF U.S. PATENT 7,346,576

31.    NextCard refers to and incorporates herein the allegations of Paragraphs 1-30 above.

32.    The '576 Patent was duly and legally issued by the United States Patent and Trademark Office on March 18, 2008, after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '576 Patent and possesses all rights of recovery under the '576 Patent.

33.    Defendants Discover Financial Services, HSBC North America Holdings, and HSBC USA each has infringed and/or continues to infringe the '576 Patent by incorporating online chat features into their internet credit card offerings/applications in accordance with the methods and systems claimed by the '576 Patent.

34.    NextCard is entitled to recover from each Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

35.    Each Defendant's infringement of NextCard's exclusive rights under the '576 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

36.    Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff NextCard of Texas, L.L.C. respectfully requests this Court to enter judgment in its favor against Defendant, granting the following relief:

A.    An adjudication that each Defendant has infringed and continues to infringe claims of the asserted patents;

B.    An award of damages to NextCard against each Defendant in an amount adequate to compensate NextCard for each Defendants' acts of infringement together with prejudgment interest;

C.    An award of NextCard's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

D.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement; and

E.    Any further relief that this Court deems just and proper.

Respectfully submitted,


By:      /s/ Donald Puckett
         Donald Puckett
         State Bar No. 24013358
         dpuckett@monts-ware.com
         Attorney-in-Charge
         Leslie D. Ware
         State Bar No. 00785179
         lesware@airmail.net
         Brent N. Bumgardner
         State Bar No. 00795272
         bbumgardner@monts-ware.com
         Mark W. Born
         State Bar No. 24034334
         mborn@monts-ware.com

         **MONTS & WARE, L.L.P.**
         1701 North Market Street, Suite 330
         Dallas, Texas 75202-2088
         (214) 744-5000
         (214) 744-5013 Fax

         Eric M. Albritton
         State Bar No. 00790215
         ema@emafirm.com

         **ALBRITTON LAW FIRM**
         P.O. Box 2649
         Longview, Texas 75601
         (903) 757-8449
         (903) 758-7397 Fax


         **ATTORNEYS FOR PLAINTIFF
         NEXTCARD, LLC**

## **CERTIFICATE OF ELECTRONIC SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per LOCAL RULE CV-5(a)(3) today, March __, 2008. Any other counsel of record will be served by postage paid, certified first class mail, return receipt requested.

/s/ Donald Puckett_____
Donald Puckett

State of Texas     §

County of Dallas    §

### Affidavit of James Traweek

Before me, the undersigned notary, on this day personally appeared James Traweek, who having been duly sworn upon oath, stated as follows:

1.     My name is James Traweek. I am over the age of eighteen years old, of sound mind, and otherwise competent to make this affidavit.

2.     I am a Managing Director of CPMG, Inc., a company that serves as the manager of Marshall Credit Strategies, LLC ("MCS"). MCS is a limited liability company organized and formed under the laws of the State of Texas. Its principal place of business is 2100 McKinney Avenue, Suite 1770, Dallas, Texas 75201. MCS was formed as a legal entity on August 4, 2006.

3.     The sole business of MCS is licensing and enforcing patents. The only patents that MCS has ever owned are the NextCard Patents described below.

4.     On or about March 22, 2007, MCS purchased all right, title, and interest (including the right to sue for and collect damages for past infringement) in and to certain United States patents that were previously owned by NextCard, Inc. MCS purchased the following issued United States patents: 6,405,181; 6,567,791; 7,143,063; 6,324,524; 6,718,313; and 6,795,812. MCS also purchased the rights to certain related pending patent applications and the right to file future patent applications related to these issued patents and pending applications. On or

1

about March 18, 2008, one of those applications issued as United States Patent No. 7,346,576. The patents and patent applications shall be referred to collectively herein as the "NextCard Patents."

5. The NextCard Patents were purchased by MCS out of the bankruptcy estate of NextCard, Inc. At the time MCS purchased these patents, the NextCard, Inc. bankruptcy was pending in the United States Bankruptcy Court for the District of Delaware. I personally attended a bankruptcy auction that was held in Wilmington, Delaware at which, on behalf of MCS, I put in the highest bid at the auction for the NextCard Patents. The sale was completed through execution of a patent assignment agreement assigning all of NextCard, Inc.'s interests in the NextCard Patents to MCS.

6. On March 23, 2007, MCS assigned all right, title and interest in and to the NextCard Patents to NextCard, LLC. NextCard, LLC is a limited liability company organized under the laws of the state of Texas. NextCard, LLC has no common ownership with NextCard, Inc., no common management, and is completely unaffiliated with NextCard, Inc. in any way, other than the fact that NextCard, LLC is the current assignee of the aforementioned patents that previously were owned by NextCard, Inc.

7. MCS retains no ownership interest and no financial interest of any kind in the NextCard Patents. MCS does not retain any exclusive or non-exclusive license to the NextCard Patents, and has no other interest in the NextCard Patents at all.

8.    Other than purchasing the NextCard Patents out of a bankruptcy estate in which the bankruptcy action was at the time pending in Delaware, MCS has no connection whatsoever to Delaware.  MCS has not engaged in any other business or other commercial activity whatsoever in Delaware.

9.    Indeed, MCS has not engaged in any commercial activity or other business activity whatsoever outside of the State of Texas, other than purchasing the NextCard Patents.

10.    MCS does not have any offices, employees, real estate, or any other assets in Delaware or in any location other than Texas.  MCS has never derived any revenue from any activities in Delaware, or any state other than Texas.

11.    MCS and NextCard LLC are organized and operated as separate legal entities.  They maintain separate bank accounts and separate accounting records.  They file separate income tax returns.  The two entities are separately managed, and corporate formalities are strictly observed.

12.    MCS and NextCard LLC are "related" entities in the sense that the non-member manager of MCS (CPMG, Inc.) is the general partner of NextCard LLC's manager (Warbler Technologies LP), and the non-managing members of MCS are the limited partners of Warbler Technologies LP.  This corporate relationship is more specifically described below.

13.    MCS is a limited liability company owned and controlled by its "members."  Its members are Cardinal Partners, LP, a Texas limited partnership;

3

Cardinal Partners 2000, LP, a Texas limited partnership; CD Fund LP, a Texas limited partnership; and Fintan Master Fund, Ltd., a Cayman Islands company.

14.    MCS is managed on a day-to-day basis by CPMG, Inc., but CPMG, Inc has no ownership in MCS.

15.    NextCard, LLC is a Texas limited liability company.  It is owned and controlled entirely by Warbler Technologies, LP.

16.    Warbler Technologies is owned by its limited partners: Cardinal Partners, LP; Cardinal Partners 2000, LP; CD Fund LP; and Fintan Master Fund, Ltd.

17.    Warbler Technologies is managed on a day-to-day basis by CPMG, Inc., but CPMG, Inc has no ownership in Warbler Technologies.

18.    MCS does not control or otherwise direct NextCard, LLC in any manner.  MCS would have no power or ability to direct the activities or corporate decision making of NextCard, LLC at all.

19.    Likewise, NextCard, LLC does not control or otherwise direct MCS in any manner.  NextCard, LLC would have no power or ability to direct the activities or corporate decision making of MCS at all.

20.    The only corporate relationship between MCS and NextCard LLC is the relationship described above.

21    MCS has never communicated with Liveperson, Inc. in any manner whatsoever.  MCS has never accused Liveperson of infringing any of the NextCard Patents, and MCS has never offered to license one or more of the

4

NextCard Patents to Liveperson.  MCS has never communicated to any other person or entity that Liveperson may have engaged in activity that infringes one or more of the NextCard Patents. MCS has no knowledge as to whether "NextCard LLC has accused technology in the Texas Litigation made, used and/or sold by LivePerson, in particular, LivePerson's Timpani product line . . . ."  NextCard LLC's Complaint in the Texas Litigation does not name LivePerson as a party and does not specifically mention LivePerson's products at all.

FURTHER AFFIANT SAYETH NOT.



James Traweek

SWORN TO AND SUBSCRIBED before me by the said James Traweek on the _3rd_ day of April, 2008, to certify which witness my hand and seal of office.

_Carrie X. Rogers_
NOTARY PUBLIC

My Commission Expires: _November 2, 2010_

CARRIE A ROGERS
My Commission Expires
November 2, 2010

5



Not Reported in F.Supp.                                                              Page 1
Not Reported in F.Supp., 1989 WL 230919 (D.N.J.), 15 U.S.P.Q.2d 1472
**(Cite as: Not Reported in F.Supp.)**



EMS-American Grilon, Inc. v. DSM Resins, U.S., Inc.
D.N.J.,1989.

United States District Court, D. New Jersey.
EMS-AMERICAN GRILON, INC, and
**EMS-Chemie** AG, Plaintiffs,
v.
DSM RESINS, U.S., INC. and DSM Resins, B.V., Defendants.
**Civ. A. No. 89-2190 (MTB).**

Oct. 5, 1989.

Carella, Byrne, Bain & Gilfillan, by John G. Gilfillan III, Roseland, N.J., for plaintiffs.
Crummy, Del Deo, Dolan, Griffinger & Vecchione by Ira J. Hammer, Newark, N.J., for Defendant., DSM Resin U.S. Inc.

*ORDER*

BARRY, District Judge.
**\*1** This matter having been opened to the Court on the motion of defendants DSM Resins U.S., Inc. (hereinafter "DSM/US" or "DSM Group"), and DSM Resins B.V., (hereinafter "DSM/BV" or "DSM Group"), for an order dismissing this declaratory judgment action or transfering it pursuant to 28 U.S.C. s. 1404(a) to the Columbia Division of the United States District Court for the District of South Carolina, and upon the separate motion of DSM/BV for an order dismissing the action as to it alone for lack of a case or controversy, and the Court having considered the papers and affidavits submitted by the parties in support and in opposition to the above motion pursuant to Fed.R.Civ.P. 78; and

it appearing that plaintiffs EMS American Grilon, Inc. (hereinafter "EMS/American" or "EMS Group") and EMS Chemie AG (hereinafter "EMS/Chemie" or "EMS Group") filed this action seeking a declaration of non-infringement as to

United States Patent 4,147,737 (hereinafter "737 patent" or "patent 737") on May 17, 1989; and

it appearing that EMS/American and EMS/Chemie filed this action after EMS/American received notice in a letter from counsel for DSM/US that DSM/US would file suit in the United States District Court for the District of South Carolina, Columbia Division, against EMS/American and its affiliate companies unless EMS/American and its affiliate companies stopped infringing patent 737; *see* Declaration In Support of Motion To Dismiss Or, In The Alternative, Transfer (hereinafter "DSM Declaration") at Exh. C; and

it appearing that DSM/US, believing that its patent was still being infringed, and not having received what it considered to be a proper response to its aforementioned letter, did in fact subsequently file a patent infringement suit in South Carolina on May 19, 1989, two days after the filing of the present declaratory action; *see* DSM Declaration at Exh. C; and

it appearing that on May 22, 1989, EMS Group amended its complaint in the New Jersey declaratory judgment action to add DSM/BV, a private corporation organized under the laws of The Netherlands, as a party, and

the Court addressing first the separate motion of DSM/BV to be dismissed from this action for lack of a case or controversy; and

it appearing that, prior to the filing of the present declaratory judgment action naming DSM/BV as a party, DSM/BV transferred all right, title and interest to patent 737, together with the right to collect any past, present, or future damages for infringement, to DSM/US; *see* Declaration of Simon Dingemans In Support of Motion To Dismiss (hereinafter "Dingmans Declaration") at para. 8; Declaration of Carl G. Love In Support of Motion To Dismiss (hereinafter "Love Declaration") at

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                          Page 2
Not Reported in F.Supp., 1989 WL 230919 (D.N.J.), 15 U.S.P.Q.2d 1472
**(Cite as: Not Reported in F.Supp.)**

Exh. B; and

it being the opinion of the Court that when a party divests itself of all of its interest in a patent, as DSM/BV has done here, that same party does not retain a sufficient stake in the outcome of an infringement controversy to require it to remain as a defendant to the action, and that no case or controversy can be said to exist between the parties. *See Proctor & Gamble Co. v. Kimberly-Clark Corp.,* 684 F.Supp. 1403, 1407 (N.D.Tex.1987); *Irving Air Chute Co. v. Switlik Parachute & E. Co.,* 26 F.Supp. 329 (D.N.J.1939).[FN1] ; and

**\*2** the Court now addressing the motion of DSM Group to transfer this action to the Columbia Division of the District Court for the District of South Carolina; and

it appearing that subject matter jurisdiction, personal jurisdiction, and venue for the present declaratory judgment action brought by EMS Group would be proper as to the remaining defendant DSM/US in South Carolina;[FN2] and

although it is the opinion of the Court that the "first to file" rule regarding concurrent federal proceedings generally presents a sound rule of judicial administration that should not be deviated from without a showing of special circumstances, *Berkshire Intern Corp. v. Marquez,* 69 F.R.D. 583, 586 (E.D.Pa.1976); *accord, West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728 (5th Cir.1985), the Court is also of the opinion that when it appears-as it does in this case-that the Declaratory Judgment Act has been used as a procedural "fencing device" to secure delay or choose a forum other than that in which the action would normally be heard, *see American Automobile Insurance Co. v. Freundt,* 103 F.2d 613, 617 (7th Cir.1939), it is proper for the Court to dismiss or transfer the action to the forum in which the subsequently filed infringement suit is pending; *see Tempco Elec. Heater Corp. v. Omega Engineering,* 819 F.2d 746 (7th Cir.1987); *American Griener Electronic, Inc. v. Establishments Henry-Le Paute,*

*S.A.,* 174 F.Supp. 918 (D.D.C.1959); *Technical Tape Corp. v. Minnesota Mining & Mfg. Co.,* 135 F.Supp. 505 (S.D.N.Y.1955) (*Tempco, Griener* and *Technical* all dismissing declaratory judgment actions filed before infringement actions by patentees);[FN3] and

it being the opinion of the Court that ease of access to the sources of proof and convenience to witnesses all militate in favor of transferring this action to South Carolina where plaintiff EMS/America's headquarters are located and where EMS/America apparently does virtually all of its United States business; *see* DSM Declaration, Exh. F (Dun & Bradstreet report dated April 10, 1989, identifying EMS/American as having a single factory in Sumter, South Carolina);[FN4]

It is on this 5th day of October, 1989,

ORDERED, that DSM/BV's motion to dismiss for lack of a case or controversy is hereby granted; and it is further

ORDERED, that the motion to transfer the remainder of this action to the Columbia Division of the United States District Court for the District of South Carolina is hereby granted.

> FN1. The case or controversy requirement found in Article III of the United States Constitution is reflected in the language of the Declaratory Judgment Act, 28 U.S.C. s. 2201, which allows a district court to declare the rights and obligations of any interested parties "in a case of actual controversy". *Id.* As the Supreme Court has noted in this regard, "a controversy" may be said to exist under the Declaratory Judgment Act when "the facts alleged ... show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment". *See Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                      Page 3
Not Reported in F.Supp., 1989 WL 230919 (D.N.J.), 15 U.S.P.Q.2d 1472
**(Cite as: Not Reported in F.Supp.)**

(1941). In a case seeking a declaratory judgment of a patent's invalidity or non-infringement, the actual controversy requirement is satisfied when a purported patent owner's conduct has created a "reasonable apprehension" on the part of the plaintiff "that it will face an infringement suit if it commences or continues the activity in question". *See Jervis B. Webb Co. v. Southern Systems, Inc.,* 742 F.2d 1388, 1398-1399 (Fed.Cir.1984); *Indium Corp. of America v. Semi-Alloys, Inc.,* 781 F.2d 879, 883 (Fed.Cir.1985). On the facts of the present case, EMS Group had no reasonable expectation of being sued by DSM/BV. The letter informing EMS American of DSM/US's intention to bring suit in South Carolina and its attached draft complaint made it quite clear that DSM/US had full rights to patent 737. *See* Memorandum In Support of Motion to Dismiss by Defendant DSM Resins BV (hereinafter "DSM/BV Movant Brief I") at 4-5. The Court further finds no merit in EMS Groups' assertion that DSM/BV is the alter ego of DSM/US, and that DSM/BV controls this United States litigation from its headquarters in Holland. Thus, although EMS Group asserts that it will be "irreparably damaged" by the elimination of DSM/BV as a party, inasmuch as EMS Group asserts that DSM/BV "may" retain an interest in the patent and "upon information and belief" still retains a substantial interest in DSM/US, *see* Plaintiff's Opposition Brief at 35-36, the Court has found no evidence of any such connection, and in fact is persuaded that DSM/BV holds no equity interest in DSM/US and that DSM/US is the sole owner of the rights attached to patent 737. *See* Second Declaration of Glenn Hoffman (hereinafter "Hoffman Declaration II") at paras. 3, 4. On this point, the reasoning in *Proctor & Gamble* is particularly helpful. In that case, the original

owner of a patent moved to dismiss counterclaims filed against it in an infringement action. The district court ruled that the original owner-who had assigned all of its rights to the named plaintiff-was not a necessary or indispensible party to the infringement action. As the district court noted, "Having completely divested itself of all rights under the [ ] patent, [the original owner] cannot be forced to remain in this suit as an indispensible party under Rule 19, Fed.R.Civ.P.". *Proctor & Gamble,* 684 F.supp. at 1403. *See further, Afros S.A. v. Krauss-Maffei Corp.,* 624 F.Supp. 464, 466 (D.Del.1985).

FN2. Subject matter jurisdiction would exist under 28 U.S.C. s. 1338(a), which provides a district court with jurisdiction over patent infringement claims. *See Beacon Photo Service Inc. v. Acricite Co., Inc.,* 204 U.S.P.Q. 137, 138 (E.D.N.Y.1978). Venue would be proper under 28 U.S.C. s. 1391(b), which permits a declaratory judgment action to proceed in a district in which the claim arose. In particular, the right to a declaratory judgment as to the validity of a patent arises when a potential infringer is threatened with litigation and cannot compel the patentee to proceed; *see Uniroyal, Inc. v. Sperberg,* 63 F.R.D. 55, 59 (S.D.N.Y.1973); *Beacon Photo Service,* 204 U.S.P.Q. at 138-139. As DSM Group has persuasively argued in its brief, the claim relating to the present declaratory judgment action arose where EMS/American received the defendant's allegations of infringement, that is, in South Carolina where EMS/American received DSM/US's letter claiming patent infringement. *See* Memorandum in Support of Defendants' Motion to Dismiss Or, In the Alternative, Transfer (hereinafter "DSM Movant Brief") at 8. Personal jurisdiction also appears to be proper over

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp., 1989 WL 230919 (D.N.J.), 15 U.S.P.Q.2d 1472
**(Cite as: Not Reported in F.Supp.)**

DSM under the South Carolina long arm statute governing business transactions. *Id.* at 9. *See Chromium Industries, Inc. v. Miror Polishing & Plating Co., Inc.,* 193 U.S.P.Q. 158, 161 (N.D.Ill.1976) (sending notices of infringement into a jurisdiction constitutes the transaction of business).

FN3. It is EMS Group's assertion that it cannot reasonably be said that its action in filing the declaratory judgment suit in New Jersey was "preemptive". EMS Group maintains that it took action only *after* the DSM letter deadline for filing against it had passed. EMS Group assets that, had it wanted to preempt DSM, it would have filed its declaratory judgment action *before* the DSM deadline. *See* Plaintiff's Opposition Brief at 22. Regardless of this fact, the Court notes that EMS Group, by its own statement, took this action in response to the threatened suit from DSM, which suit, however delayed, was predictable in its arrival. *Id.* at 23. EMS Group affiliates had been sued in Europe on a related action, and it was foreseeable that the American companies would enter into litigation as well.

FN4. The Court notes that EMS Group has selected a forum it does not call home. In such a situation, the deference usually given to plaintiff's choice of forum is reduced. *See Hardaway Constructors, Inc. v. Conesco Industries, Ltd.,* 583 F.Supp. 617, 620 (D.N.J.1983). While EMS Group maintains that New Jersey was an especially appropriate forum as a place for retrieving information from DSM/BV, *see* Plaintiff's Opposition Brief at 8-9, in light of the Court's disposition of DSM/BV's motion to dismiss, these concerns have become inapposite. Further, it appears, as noted, that EMS Group has substantial ties to South Carolina. Specifically, EMS/America acts

as an agent in South Carolina for EMS/Chemie. *See* DSM Declaration at Exh. H. An excerpt from the 24th Annual Report 1986/87 for EMS Chemie Holding AG, a parent company to EMS Groups' American operations, summarizes the close nexus that the EMS Group holds with South Carolina: "EMS-GRILON HOLDING Inc., in Wilmington Delaware, USA, owns 100% of the stock of EMS-AMERICAN GRI-LON inc., Sumter, South Carolina./ The production plant in Sumter, which went on stream in early 1982, produces the same engineering plastics as EMS-CHEMIE AG in Switzerland. EMS benefits from its status as a domestic producer in the United States." *See* Second Declaration by Carl G. Love (hereinafter "Love Declaration II") at Exh. Q. It is thus clear that it is South Carolina and not New Jersey which is the appropriate forum.

D.N.J.,1989.
EMS-American Grilon, Inc. v. DSM Resins, U.S., Inc.
Not Reported in F.Supp., 1989 WL 230919 (D.N.J.), 15 U.S.P.Q.2d 1472

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.