# FINGER & SLANINA, LLC
## ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

May 2, 2008

**Via E-Filing**
The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 King Street, Lock Box 19
Wilmington, DE 19801

Re: **LivePerson, Inc. v. NextCard, LLC and Marshall Credit Strategies, LLC,** D. Del., C.A. No. 08-062 (GMS)

Dear Judge Sleet:

On behalf of defendants NextCard, LLC ("NextCard") and Marshall Credit Strategies, LLC ("MCS"), I write to alert the Court to new developments since the completion of briefing on defendants' motions to dismiss.

NextCard is the owner and assignee of two United States Patents that are the subject of this declaratory judgment action filed by plaintiff LivePerson, Inc. ("LivePerson") Since the motions to dismiss were filed, NextCard has filed a lawsuit against LivePerson in the U.S. District Court for the Eastern District of Texas, asserting causes of action for infringement of the same United States Patents that are the subject of this suit. A copy of the Complaint is enclosed herewith.

In its Motion to Dismiss, NextCard argued (in addition to its personal jurisdiction argument) that there is no actual controversy between LivePerson and NextCard. (NextCard's Brief in Support of Motion to Dismiss at Section II, pp. 14-16). In light of NextCard's recent filing in the Eastern District of Texas, however, this argument has been mooted, and NextCard therefore withdraws the portion of its motion set forth in Section II of its brief in support of the motion. NextCard respectfully maintains its argument, however, that this Court lacks personal jurisdiction over NextCard with respect to this case due to NextCard's lack of jurisdictional contacts with Delaware.

Moreover, MCS contends that its argument that there is no actual controversy between MCS and LivePerson has not been mooted by NextCard's Texas lawsuit. MCS has no ownership interest at all in the Patents-In-Suit, and MCS is not a proper party to this action. Accordingly, there remains no actual controversy between MCS and LivePerson.

The Hon. Gregory M. Sleet
May 2, 2008
2

      As always, I am available at the convenience of the Court to answer any questions Your Honor may have.

      Respectfully,

David L. Finger
(DE Bar ID #2556)

cc:    Melanie K. Sharp, Esq. (via CM/ECF)
       Andrew A. Lundgren, Esq. (via CM/ECF

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **NEXTCARD, LLC,**<br>Plaintiff,<br><br>v.<br><br>**LIVEPERSON, INC.**<br>Defendants. | §§§§§§§§§§§§§§§§§§§§§§ | **CIVIL ACTION NO.**<br><br><br><br>**JURY TRIAL DEMANDED** |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

Plaintiff NextCard, LLC ("Plaintiff" or "NextCard"), by and through its undersigned counsel, files this Complaint against Defendant LivePerson, Inc. as follows:

## NATURE OF THE ACTION

1. This lawsuit pertains to Defendant's infringement of the following United States patents: U.S. Patent No. 6,718,313, titled "Integrating Live Chat Into an Online Credit Card Application" (the "'313 Patent"); and U.S. Patent No. 7,346,576 titled "Integrating Live Chat Into an Online Credit Card Application" (the '576 Patent) (collectively, the "Patents"). Copies of the Patents are attached hereto as Exhibits "A" and "B."

## PARTIES

2. Plaintiff NextCard, LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 104 E. Houston Street, Suite 145, Marshall, Texas 75670. NextCard is the assignee of all right, title, and interest in and to the Patents.

3. Defendant LivePerson, Inc. ("LivePerson") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 462 7th Avenue, 21st Floor, New York, NY, 10018. LivePerson may be served via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant. Defendant has conducted and does conduct business within the State of Texas. Defendant, directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), offers for sale, sells, and advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Defendant, directly and/or through intermediaries, has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

## COUNT I– INFRINGEMENT OF U.S. PATENT 6,718,313

7. NextCard refers to and incorporates herein the allegations of Paragraphs 1-6 above.

8. The '313 Patent was duly and legally issued by the United States Patent and Trademark Office on April 6, 2004, after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '313 Patent and possesses all rights of recovery under the '313 Patent.

9. Defendant LivePerson has infringed and continues to infringe the '313 Patent by making, using and selling its Timpani software products that utilize the methods and systems claimed in the '313 Patent.

10. Defendant LivePerson also has committed acts of contributory infringement and has induced the infringement of others by making, using and selling its Timpani software products that, when used by LivePerson's customers, infringe the methods and systems claimed in the '313 Patent.

11. NextCard is entitled to recover from Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

12. Defendant's infringement of NextCard's exclusive rights under the '313 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II-INFRINGEMENT OF U.S. PATENT 7,346,576

13. NextCard refers to and incorporates herein the allegations of Paragraphs 1-12 above.

14. The '576 Patent was duly and legally issued by the United States Patent and Trademark Office on March 18, 2008, after full and fair examination. NextCard is the assignee of all rights, title, and interest in and to the '576 Patent and possesses all rights of recovery under the '576 Patent.

15. Defendant LivePerson has infringed and continues to infringe the '576 Patent by making, using and selling its Timpani software products that utilize the methods and systems claimed in the '576 Patent.

16. Defendant LivePerson also has committed acts of contributory infringement and has induced the infringement of others by making, using and selling its Timpani software products that, when used by LivePerson's customers, infringe the methods and systems claimed in the '576 Patent.

17. NextCard is entitled to recover from Defendant the damages sustained by NextCard as a result of Defendant's wrongful acts in an amount subject to proof at trial.

18. Defendant's infringement of NextCard's exclusive rights under the '576 Patent will continue to damage NextCard's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

19. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff NextCard of Texas, L.L.C. respectfully requests this Court to enter judgment in its favor against Defendant, granting the following relief:

A. An adjudication that Defendant has infringed and continues to infringe claims of the asserted patents;

B. An award of damages to NextCard against Defendant in an amount adequate to compensate NextCard for Defendants' acts of infringement together with prejudgment interest;

C. An award of NextCard's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement; and

E. Any further relief that this Court deems just and proper.

Case Case 2:08-cv-00620-GMS Document 125-2 Filed 04/30/2008 Page Page 6 of 7

Respectfully submitted,

By: /s/ Donald Puckett_____
Donald Puckett
State Bar No. 24013358
dpuckett@monts-ware.com
Attorney-in-Charge
Leslie D. Ware
State Bar No. 00785179
lesware@airmail.net
Mark W. Born
State Bar No. 24034334
mborn@monts-ware.com
**THE WARE FIRM**
1701 North Market Street, Suite 330
Dallas, Texas 75202-2088
(214) 744-5000
(214) 744-5013 Fax

Brent N. Bumgardner
State Bar No. 00795272
bbumgardner@nbclaw.net
**NELSON BUMGARDNER CASTO, P.C.**
5601 Bridge Street, Suite 300
Fort Worth, Texas 76122
Telephone 817-377-3490
Facsimile: 817-377-3485

Eric M. Albritton
State Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75601
(903) 757-8449
(903) 758-7397 Fax

**ATTORNEYS FOR PLAINTIFF NEXTCARD, LLC**