IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIVEPERSON, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>NEXTCARD, LLC and MARSHALL<br>CREDIT STRATEGIES, LLC, )<br><br>Defendants. ) | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-062 (GMS)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF LIVEPERSON, INC.'S BRIEF IN OPPOSITION TO
DEFENDANTS NEXTCARD, LLC & MARSHALL CREDIT STRATEGIES, LLC'S
MOTIONS TO DISMISS AND, IN THE ALTERNATIVE, IN SUPPORT OF ITS
MOTION FOR TARGETED JURISDICTIONAL DISCOVERY**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
alundgren@ycst.com

PROSKAUER ROSE LLP
Steven M. Bauer
Kimberly A. Mottley
Todd A. Gerety
Melissa A. Ganz[*]
One International Place
Boston, MA 02110-2600
(617) 526-9600

*Attorneys for Plaintiff LivePerson, Inc.*

Dated: May 8, 2008

---

[*]     Admission *pro hac vice* pending.

# TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS ..........................................................1

II.   SUMMARY OF THE ARGUMENT .............................................................................3

III.  COUNTERSTATEMENT OF FACTS ..........................................................................5

    A.    DEFENDANTS' ACQUIRED THE NEXTCARD PATENTS FROM A
           DELAWARE ENTITY, THROUGH A DELAWARE AUCTION, AND
           IN A DELAWARE BANKRUPTCY PROCEEDING. ..........................................5

    B.    DEFENDANTS ARE OWNED AND CONTROLLED BY THE SAME
           ENTITIES. ...............................................................................................7

IV.   ARGUMENT...........................................................................................................9

    A.    THIS COURT HAS PERSONAL JURISDICTION OVER
           DEFENDANTS. ........................................................................................9

          1.    Legal Standard For Assessment of Personal Jurisdiction Over
                 Non-Resident Defendants in a Patent Case ...................................9

          2.    The Effect of Alter Ego and Agency Principles on Personal
                 Jurisdiction in Delaware ...........................................................11

          3.    Under Delaware Law, Defendants' Contacts with Delaware Are
                 Sufficient For Finding Personal Jurisdiction. .............................12

          4.    Exercising Personal Jurisdiction Over MCS & NextCard In
                 Delaware Comports with Principles of Due Process. ..................14

          5.    Alternatively, MCS and NextCard's Motions to Dismiss Should Be
                 Stayed Pending Additional Jurisdictional Discovery. .................15

    B.    MCS'S MOTION TO DISMISS SHOULD ALSO BE DENIED
           BECAUSE AN ACTUAL CONTROVERSY EXISTS BETWEEN
            LIVEPERSON AND MCS WHICH IS RIPE FOR JUDICIAL
            RESOLUTION. ........................................................................................17

V.    CONCLUSION........................................................................................................18

## TABLE OF AUTHORITIES

Page No.

**Cases**

*ACE & Co., Inc. v. Balfour Beatty PLC,*
148 F. Supp. 2d 418 (D. Del. 2001)................................................................ 13

*Afros S.P.A. v. Krauss-Maffei Corp.,*
624 F. Supp. 464 (D. Del. 1985).................................................................. 10

*Am. Bell Inc. v. Federation of Tel. Workers of Pa.,*
736 F.2d 879 (3d Cir. 1984) ..................................................................... 11

*Applied Biosystems, Inc. v. Cruachem, Ltd.,*
772 F. Supp. 1458 (D. Del. 1991)............................................................... 10

*Beverly Hills Fan Co. v. Royal Sovereign Corp.,*
21 F.3d 1558 (Fed. Cir. 1994) ................................................................... 10

*Boone v. Oy Partek,*
724 A.2d 1150 (Del. Super. Ct. 1997)......................................................... 10

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.,*
444 F.3d 1356 (Fed. Cir. 2006) ............................................................... 9, 10

*Burger King Corp v. Rudzewicz,*
471 U.S. 462 (1985)................................................................................ 10

*C.R. Bard Inc. v. Guidant Corp.,*
997 F. Supp. 556 (D. Del. 1998).................................................................. 11

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.,*
395 F.3d 1315 (Fed. Cir. 2005) ................................................................. 16

*Dainippon Screen Mfg. Co. v. CFMT, Inc.,*
142 F.3d 1266 (Fed. Cir. 1998) .............................................................. 4, 15

*Dentsply Intern. Inc. v. Pentron Corp.,*
648 F. Supp. 856 (D. Del. 1986).................................................................. 14

*Electronics For Imaging, Inc. v. Coyle,*
340 F.3d 1344 (Fed. Cir. 2003) ............................................................. 10, 12

*Hansen v. Neumueller GmbH,*
163 F.R.D. 471 (D. Del. 1995) ................................................................... 16

*Harmon v. Eudaily,*
407 A.2d 232 (Del. Super. Ct. 1979) ........................................................... 12

DB02:6807683.1                                                                     067025.1001

*Intel v. Broadcom,*
   167 F. Supp. 2d 692 (D. Del. 2001)..................................................................................... 9

*MedImmune, Inc. v. Genentech, Inc.,*
   127 S.Ct. 764 (2006)....................................................................................................... 17

*Operating Engineers Pension Trust v. Reed,*
   726 F.2d 513 (9th Cir. 1984) ........................................................................................... 11

*Power Integrations, Inc. v. BCD Semiconductor Corp.,*
   Civ. No. 07-633-JJF-LPS (D. Del. April 11, 2008).......................................................... 16

*Silent Drive, Inc. v. Strong Indus., Inc.,*
   326 F.3d 1194 (Fed. Cir. 2003) ......................................................................................... 9

*Telcordia Tech. Inc. v. Alcatel,*
   Civ. No. 04-874 GMS, 2005 U.S. Dist. LEXIS 10194 (D. Del. May 27, 2005) ..................... 15

*Toys "R" Us, Inc. v. Step Two, S.A.,*
   318 F.3d 446 (3d Cir. 2003) ............................................................................................ 15

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.,*
   863 F. Supp. 186 (D. Del. 1993)....................................................................................... 11

*Wright v. Am. Home Prod. Corp.,*
   768 A.2d 518 (Del. Super. Ct. 2000) ................................................................................. 12

**Rules**

10 *Del. C.* § 3104(c)........................................................................................... 9, 10, 13, 16

**Other**

1 FLETCHER § 41.10 .......................................................................................................... 12

## I.     NATURE AND STAGE OF THE PROCEEDINGS

On January 28, 2008, LivePerson filed this action against NextCard, LLC ("NextCard")

and Marshall Credit Strategies, LLC ("MCS").  LivePerson's Amended Complaint, filed on

March 18, 2008 (to add a second related patent that issued that day), seeks a declaratory

judgment of non-infringement and invalidity of U.S. Patent Nos. 6,718,313 ("the '313 Patent")

and 7,346,576 ("the '576 Patent") (collectively "the NextCard Patents").

On April 7, 2008, Defendants MCS and NextCard filed nearly identical motions to

dismiss, arguing that no case or controversy existed and that this Court did not have personal

jurisdiction over either Defendant.  The sum and substance of their motions was that because

they each were merely patent holding companies for other companies, and each were "operating"

with very narrowly defined and separately parsed responsibilities, there was no jurisdiction

against either of them taken separately.  MCS claimed it merely acquired the NextCard Patents in

Delaware; NextCard alleged that it had no connection to the Delaware acquisition, and was

merely litigating the NextCard Patents in Texas.  In support of Defendants' motions to dismiss,

two affidavits were submitted – one by an officer and one by a managing director of CPMG, Inc.

("CPMG"), which is the day-to-day manager of MCS and indirect manager of NextCard.[1]  *See*

D.I. 23-2, 23-3.

On April 21, 2008, the Court approved a stipulation granting LivePerson additional time

to file an opposition to Defendants' motions to dismiss, so that the parties could discuss possible

terms for a period of limited jurisdictional discovery.  In connection with the parties' discussions,

---

[1]     Defendants represent that "MCS is managed on a day-to-day basis by CPMG, Inc. but CPMG, Inc. has no ownership in MCS." Traweek Decl. ¶ 14.  However, the most recent Certificate of Amendment filed on March 7, 2007, in the Office of the Secretary of State of Texas (where MCS is registered) states that CPMG is a member of MCS, not merely a manager. *See* Exhibit 1, MCS Certificate of Amendment, dated March 7, 2007.

-1-

Defendants at first agreed to produce certain documents, permit half-day depositions of the two individuals who filed affidavits in support of their motions to dismiss, and answer one short interrogatory on topics agreed upon by the parties. *See* Declaration of Kimberly Mottley, Esq. ¶ 7, dated May 7, 2008 [hereinafter "Mottley Decl."], and documents attached thereto as Exhibits A – E [Correspondence between counsel for Defendants and counsel for LivePerson, dated April 17-30, 2008]. However, when LivePerson informed Defendants' counsel that it appeared that the jurisdictional issues could be resolved by seeking general jurisdictional discovery from CPMG and Warbler Technologies, L.P. ("Warbler") and joining them as defendants, negotiations broke down. Defendants would not agree to *any* discovery (which merely consisted of one additional interrogatory and a few extra questions at the otherwise-agreed-upon depositions) concerning the jurisdictional contacts of CPMG and Warbler with Delaware beyond those related to the NextCard Patents. Mottley Decl. ¶¶ 8-9, and Exhibit F thereto [Ltr. D. Puckett to K. Mottley, dated May 1, 2008].

That is, Defendants refused to allow *any* discovery whatsoever, if LivePerson intended to seek general jurisdictional discovery and then use that information to add CPMG and Warbler as defendants in this case. *Id.* Defendants' categorical refusal to answer any questions regarding the jurisdictional contacts of CPMG and Warbler seems to indicate that there very well may be significant and on-going Delaware contacts, albeit not publicly available to LivePerson without limited discovery into them.

On April 30, 2008, while jurisdictional discovery negotiations were ongoing, NextCard filed a counter-suit against LivePerson in the Eastern District of Texas, alleging infringement of the same patents at issue in this action. This was done without prior notice to LivePerson and after NextCard explicitly argued in its motion to dismiss that there was no live controversy. On

May 2, 2008, counsel for Defendants wrote the Court, informing it that because NextCard had filed suit against LivePerson in Texas, NextCard was withdrawing its argument that no case or controversy existed. D.I. 25. MCS, however, has not withdrawn its argument that no case or controversy exists. Because there is no written assignment showing transfer of the patents, LivePerson believes that assignment is a question of fact in dispute, and addresses that issue below.

Because MCS and NextCard's motions to dismiss stem from the same set of facts and circumstances, LivePerson submits this brief in support of its opposition to both of Defendants' motions to dismiss. LivePerson also files simultaneously herewith a motion for leave to amend its complaint to add as defendants CPMG and Warbler, based on the same facts and circumstances discussed herein.

Because LivePerson seeks to join CPMG and Warbler, it believes that even if all the facts are assumed to be as the Defendants assert them, their joinder moots the issue because it is these parents' operations that control jurisdiction here. However, in the alternative, because Defendants' motions are heavily fact-specific and based on facts not otherwise public or available to LivePerson, should the Court determine that LivePerson has not made a sufficient evidentiary showing to deny Defendants' motions at this time, LivePerson seeks an order permitting the limited jurisdictional discovery Defendants previously agreed to, as well as limited additional discovery relating to CPMG and Warbler.

## II.    SUMMARY OF THE ARGUMENT

1.    The Federal Circuit has previously held that a patent holding subsidiary cannot use shell corporations to insulate the true owners of the patents from liability:

> While a patent holding subsidiary is a legitimate creature and may provide certain business advantages, it cannot fairly be used to insulate patent owners from defending declaratory judgment

-3-

> actions in those fora where its parent company operates under the
> patent and engages in activities sufficient to create personal
> jurisdiction and declaratory judgment jurisdiction.

*Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1271 (Fed. Cir. 1998).

2.     As discussed below, the facts demonstrate that there is a strong agency relationship between CPMG and Defendants, and thus, the activities of CPMG and Defendants should be viewed as a whole for purposes of assessing jurisdictional ties with this forum.  The activities of these entities within Delaware support a finding that CPMG, and thus Defendants, are subject to jurisdiction here.  CPMG sent its agent to Delaware to acquire the NextCard Patents from a Delaware corporation through the Delaware Bankruptcy Court, and CPMG the very next day created NextCard, LLC to assert these patents against Delaware corporations in Texas.

3.     Under the Delaware long-arm statute, CPMG's acquisition of the NextCard Patents in Delaware supports a finding of specific jurisdiction.

4.     Asserting jurisdiction over Defendants comports with the principles of due process, as it is "reasonable and fair" that Defendants should be subject to jurisdiction in this forum given the underlying facts and circumstances.  First, CPMG chose to send one of its Managing Directors to Delaware, to negotiate for and ultimately purchase patents owned by a Delaware company.  Second, this purchase was done via an auction related to Delaware bankruptcy proceedings, and required approval by the Delaware Bankruptcy Court.  Third, the final Patent Purchase Agreement required that any disputes regarding the contract be decided under Delaware law.  Moreover, but for the Defendant's purchase of the NextCard Patents in Delaware, Defendants would not have the ability to assert these patents against Delaware companies (through the patent holding entity NextCard which it created for that purpose).  This

-4-

evidences purposeful availment of the benefits of Delaware law, without which this controversy would not have arisen. Defendants should not be able to escape jurisdiction altogether through corporate shell games by, immediately after acquiring the patents in Delaware, trying to transfer them to another related entity incorporated elsewhere.

5.      If the evidence on the record fails to convince the Court that personal jurisdiction is proper, then because the evidence is wholly within Defendants' control, the Court should, at a minimum, grant a period of targeted jurisdictional discovery, followed by supplemental briefing by LivePerson on this issue, prior to ruling on Defendants' motions.

6.      MCS's argument that no case or controversy exists (because it purported to transfer the patents to its sister operation) is insufficiently supported at this stage. The record reflects that MCS may still retain ownership in the NextCard Patents, and that MCS's activities (directed and carried out by CPMG) in acquiring these patents are relevant to the issues underlying this case. A justiciable controversy clearly exists concerning validity and infringement of the NextCard Patents by LivePerson's technology (as shown by NextCard's recent filing of litigation against LivePerson in Texas), and if MCS still has ownership rights therein as the record suggests, it is a proper party here. MCS cannot be dismissed at this stage simply based on an affidavit from a single person, untested in deposition, interpreting his "views" of what his shell companies intended to transfer by a broad and vague one page "assignment."

## III.    COUNTERSTATEMENT OF FACTS

### A.    DEFENDANTS' ACQUIRED THE NEXTCARD PATENTS FROM A DELAWARE ENTITY, THROUGH A DELAWARE AUCTION, AND IN A DELAWARE BANKRUPTCY PROCEEDING.

In March 2007, CPMG's Managing Director, James Traweek, came into Delaware and personally participated, on behalf of CPMG and/or its shell companies, in a bankruptcy auction

-5-

in Wilmington, Delaware. Mr. Traweek "put in the highest bid at the auction for the NextCard Patents." *See* D.I. 21-3, 23-3 (Affidavit of James Traweek submitted in support of NextCard and MCS's Motions to Dismiss [hereinafter "Traweek Decl."]); *see also* Exhibit 2, Excerpt from NextCard, Inc. Bankruptcy Docket No. 02-13376-KJC. The sale of the NextCard Patents was completed through Mr. Traweek's execution of a Patent Purchase Agreement which explicitly conveyed to MCS all right, title, and interest in and to the '313 Patent, and certain related pending applications, including that which ultimately issued as the '576 Patent, to MCS. Traweek Decl. ¶¶ 4-5.

On March 22, 2007, the United States Bankruptcy Court for the District of Delaware approved this Purchase Agreement. The *very next day*, on March 23, 2007, CPMG formed two new corporate entities – Warbler Technologies, L.P. and NextCard, LLC – and executed an Assignment and Bill of Sale ("Assignment"), purporting to transfer *all* of MCS's assets through Warbler and to NextCard. *See* Exhibit 3, Assignment and Bill of Sale, dated March 23, 2007. MCS says now that this Assignment transferred the patents and the right to bring lawsuits for past damages, but the assignment itself is silent in this regard, and 37 C.F.R. 3.21 requires for patent recording purposes, that "[a]n assignment relating to a patent must identify the patent by the patent number." The only evidence as to what was actually assigned is provided in this case by *CPMG's* Chief Operating Officer, John Bateman, who signed this agreement on behalf of *both* MCS and NextCard. D.I. 21-2, 23-2 (Affidavit of John Bateman submitted in support of NextCard and MCS's Motions to Dismiss [hereinafter "Bateman Decl."]).

Notably, the Assignment, even if it did change the name of the title holder, did nothing to alter the control or ownership of the NextCard Patents. Indeed, the affidavits filed by Defendants show that Defendants MCS and NextCard are intertwined, as they are both

effectively managed by CPMG and owned by the same corporate entities -- Cardinal Partners, L.P., Cardinal Partners 2000, L.P., CD Fund L.P. and Fintan Master Fund, Ltd.. Bateman Decl. ¶¶ 9-16.

Subsequent to this "assignment", NextCard initiated lawsuits alleging infringement of the NextCard Patents against at least six entities, three of which are incorporated in Delaware, and one of which is a customer of LivePerson – Discover Financial Services LLC, HSBC North America Holdings, LLC, and LivePerson.

## B.    DEFENDANTS ARE OWNED AND CONTROLLED BY THE SAME ENTITIES.

The sum and substance of Defendants motions is that neither MCS nor NextCard has all the contacts necessary for jurisdiction to lie in Delaware because: (1) Defendants are merely patent holding companies for Warbler and CPMG; (2) MCS's only business was acquiring the NextCard Patents in Delaware, and (3) NextCard's only business was litigating the same patents in Texas. However, the evidence available to LivePerson indicates that ownership of and control over the day-to-day activities of Defendants is centralized and controlled by CPMG. It is for that reason that LivePerson has moved to amend its Complaint to add CPMG -- so that all the necessary jurisdictional activities are brought together and allocated to one party -- the *managing* party.

Simplified diagrams of the ownership and control relationships between Defendants are depicted below:

067025.1001



Publicly available SEC filings indicate that CPMG invests in and, therefore, owns a portion of four companies that directly own MCS and Warbler. *See, e.g.*, Exhibit 4, CPMG, et al. SC 13G/A SEC filing.   Defendants' affidavits admit that MCS and Warbler are both wholly owned by the same four entities: (1) Cardinal Partners, L.P. ("CP"), (2) Cardinal Partners 2000 ("CP 2000"), (3) CD Fund L.P. ("CD Fund"), and (4) Fintan Master Fund, Ltd. ("Fintan"). Traweek Decl. ¶ 13, 16.  Defendants' affidavits also admit that NextCard is wholly owned and controlled by Warbler. *Id.* ¶ 15.  Thus, ownership of all of these entities is centralized.

In addition, Defendants' management is controlled by CPMG.  Defendants' affidavits establish that both MCS and Warbler are managed on a "day-to-day basis" by CPMG. *Id.* ¶¶ 14, 17.  And, because Warbler manages NextCard, CPMG indirectly manages NextCard.

Thus, as is clear from the factual record and diagrams shown above, CPMG has indirect ownership and direct control over Defendants.

DB02:6807683.1 067025.1001

## IV.    ARGUMENT

### A.    THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS.

#### 1.    Legal Standard For Assessment of Personal Jurisdiction Over Non-Resident Defendants in a Patent Case

Determining whether a district court has personal jurisdiction over an out-of-state defendant in a patent infringement case is a two-prong inquiry. First, a party must look to whether jurisdiction exists under the state's long-arm statute. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003); *Intel v. Broadcom*, 167 F. Supp. 2d 692, 700 (D. Del. 2001). Second, if jurisdiction under the long-arm statute exists, a party must then utilize Federal Circuit law to determine whether an exercise of this jurisdiction would be consistent with the limitations of due process. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006); *see also Intel*, 167 F. Supp. 2d at 700.

Under the Delaware long-arm statute, a non-resident defendant may be subject to jurisdiction in Delaware where its actions or the actions of its agent give rise to "specific" or "general" jurisdiction. In pertinent part, the Delaware long-arm statute provides:

> A Delaware court has personal jurisdiction over any nonresident defendant only when that non-resident defendant, either in person or through an agent:
>
>   (1)    Transacts any business or performs any character of work or service in the State;
>
>   ...
>
>   (3)    Causes tortious injury in the State by an act or omission in this State; [or]
>
>   (4)    Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State....

10 *Del. C.* § 3104(c).

In practice, Delaware courts have interpreted the state's long-arm statute broadly, "so as to confer jurisdiction to the maximum extent permitted by due process" *Afros S.P.A. v. Krauss-Maffei Corp.*, 624 F. Supp. 464, 466 (D. Del. 1985). Accordingly, section 3104(c)(1) of the Delaware long-arm statute provides for specific jurisdiction over a party where that party's actions are specifically linked to the cause of action. *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991). Subsection (c)(4) confers "general" jurisdiction, such that the defendant's contacts in Delaware are systematic and continuous enough (i.e. general enough) that they need not be directly related to the cause of the action. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1562 n.10 (Fed. Cir. 1994); *see also Boone v. Oy Partek*, 724 A.2d 1150, 1155 (Del. Super. Ct. 1997).

Next, the Federal Circuit's due process inquiry involves a three-factor test aimed at determining whether jurisdiction comports with the traditional notions of fair play and substantial justice: "(1) whether the defendant(s) purposefully directed its activities at residents of the forum state; (2) whether the claim arises out of or relates to the defendant's activities with the forum state; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

With respect to the last prong of this test, the burden of proof resides on the defendant(s), who may only defeat jurisdiction by "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Breckenridge Pharm.*, 444 F.3d at 1363 (quoting *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 476-77 (1985)).

### 2. The Effect of Alter Ego and Agency Principles on Personal Jurisdiction in Delaware

Under Delaware law, a court may also establish jurisdiction over a non-resident parent corporation based on its jurisdiction over the subsidiary under an "alter ego theory" or an "agency theory." *C.R. Bard Inc. v. Guidant Corp.*, 997 F. Supp. 556, 559 (D. Del. 1998).

Under an "agency theory," the actions of one company are attributed to another where the subsidiary is acting as the agent of or on behalf of the parent (e.g. where a subsidiary acts at the direction of the parent). *C.R. Bard*, 997 F. Supp. at 560. In practice, where there is a "close connection between the relationship of the two corporations and the cause of action" an agency theory may be applied to extend liability to a parent and subsidiary. *Id.*

Application of agency theory by the Delaware courts also has been extended beyond the parent-subsidiary context. *See Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 863 F. Supp. 186 (D. Del. 1993). For example, in *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, this Court found personal jurisdiction over a non-resident corporation where that corporation and a domestic counterpart were both indirect wholly owned subsidiaries of the same foreign entity. 863 F. Supp. at 189. In so holding, this Court stated that "[i]t makes no difference that a parent-subsidiary relationship is not present," because "the acts of [one defendant] may be attributed to [the other defendant] because of their close corporate and business connections." *Id.*

Pursuant to the "alter ego theory," jurisdiction can be established over a parent and subsidiary where some fraud, injustice, or inequity in the use of the corporate form exists. *Id.* For example, "[t]he alter ego theory allows the court to ignore technical differences between two corporations where the second corporation was created merely to avoid the effect of laws. *Am. Bell Inc. v. Federation of Tel. Workers of Pa.*, 736 F.2d 879, 889 (3d Cir. 1984); *see also Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 515 (9th Cir. 1984) (stating that the

-11-

corporate veil can be pierced where there is "a fraudulent intent behind the incorporation"); 1 FLETCHER § 41.10 ("if an intercorporate affiliation is devised for or is being used to accomplish some improper or unlawful purpose, equity has the authority to tear down technical legal barriers and … grant appropriate relief.").

### 3. Under Delaware Law, Defendants' Contacts with Delaware Are Sufficient For Finding Personal Jurisdiction.

LivePerson has established a *prima facie* case for finding jurisdiction over Defendants. *See Harmon v. Eudaily*, 407 A.2d 232, 233 (Del. Super. Ct. 1979); *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). Viewing all factual inferences in the light most favorable to LivePerson, Defendants' motions to dismiss should be denied. *See Wright v. Am. Home Prod. Corp.*, 768 A.2d 518, 526 (Del. Super. Ct. 2000).

First, the agency or alter ego theory should be applied to the facts and circumstances of this case. As set forth in Defendant NextCard's Motion to Dismiss, "MCS and NextCard are akin to 'sister corporations' – *i.e.*, two subsidiaries owned by the same parent corporation." D.I. 21 at 6-7. Yet, these "sister corporations" are more than mere subsidiaries of the same parent. Indeed, CPMG controls *all* of their day-to-day activities (either directly or via Warbler). And, despite Defendants' representations that "MCS and NextCard LLC are organized and operated as separate legal entities," Traweek Decl. ¶ 11, the evidence available publicly, as well as Defendants' own sworn statements, suggest an overtly "close connection" between CPMG and Defendants, such that an agency theory may be applied here.

Indeed, application of agency theory allows this analysis to disregard the corporate shell games being played here, and look to the entire universe of activity surrounding the purchase and purported transfers of rights in the patents-in-suit.

-12-

Moreover, were this Court to award jurisdictional discovery LivePerson might uncover facts that suggest that some fraud, injustice, or inequity in the use of the corporate form exists – i.e., LivePerson could learn why Warbler and NextCard were created the day after the Delaware acquisition, and whether it was for the purpose of avoiding jurisdiction in Delaware.

Viewing all of the facts in the light most favorable to LivePerson, Defendants should be subject to jurisdiction in Delaware under section 3104(c)(1) of the Delaware long-arm statute. CPMG sent one of its managing directors into Delaware Bankruptcy Court to transact business on behalf of MCS and NextCard in purchasing and purportedly transferring the patent rights, and has purposefully availed itself of the benefits of the laws of Delaware. It may be that CPMG's documents show that the various entities are so intertwined, that it is impossible to determine which "entity" is responsible for which activity. Neither Defendants, nor CPMG, should be able to escape jurisdiction in this forum simply because the managing director says each shell company has narrow non-overlapping responsibilities. The fact that a senior member of CPMG personally attended the Delaware bankruptcy proceedings, personally executed the Patent Purchase Agreement under the laws of Delaware on behalf of MCS, and personally transferred the "assets" to NextCard, strongly suggests that CPMG is the right party to add here. Without these two acts, which are unquestionably linked to Delaware, Defendants would not have ownership over or be able to seek the enforcement of the NextCard Patents. Thus, specific jurisdiction over Defendants is both proper and fair.

Notably, Delaware courts have determined that the Delaware long-arm statute is a "single act statute" which permits an exercise of jurisdiction over nonresidents on the basis of a single act done or transaction engaged in by the nonresident with within the state. *ACE & Co., Inc. v. Balfour Beatty PLC*, 148 F. Supp. 2d 418, 422 (D. Del. 2001). For example, this Court has

-13-

denied a defendant's motion to dismiss in circumstances similar to this case where the defendant's only contacts with the forum state stemmed from the execution of a contract regarding the disputed patent in Delaware. The Court reasoned that the defendant should have anticipated being subject to jurisdiction in Delaware where it "availed itself of the benefits of Delaware law to effectuate a binding contract." *Dentsply Intern. Inc. v. Pentron Corp.*, 648 F. Supp. 856, 860 (D. Del. 1986).

Publicly available information suggests that further discovery might uncover facts that would subject CPMG to general jurisdiction under subsection (c)(4) of the Delaware long-arm statute, based on its investment and corporate contacts in Delaware. The fact that Defendants withdrew their offer to provide jurisdictional discovery simply because LivePerson was seeking information regarding *CPMG's* general jurisdictional contacts in Delaware suggests there was a substantive reason for them to withhold this discovery. *See* Mottley Decl. ¶¶ 7-9, and Exhibit F thereto [Ltr. from D. Puckett to K. Mottley, dated May 1, 2008]. If there were no contacts, all they needed to do was say so.

### 4. Exercising Personal Jurisdiction Over MCS & NextCard In Delaware Comports with Principles of Due Process.

In the instant case, jurisdiction over Defendants comports with the Federal Circuit's test for due process. As discussed above, CPMG knowingly entered a Delaware bankruptcy proceeding and purposefully availed itself of the benefits of Delaware law to purchase the NextCard Patents on behalf of MCS. Moreover, the claims in this case certainly arise out of these contacts with Delaware because without CPMG's activities within Delaware, Defendant NextCard would not have acquired the NextCard Patents and would not have been able to sue LivePerson for infringing them.

The Federal Circuit has held that a patent holding subsidiary cannot use shell corporations to abuse the judicial system and insulate the true owners of the patents from liability:

> While a patent holding subsidiary is a legitimate creature and may provide certain business advantages, it cannot fairly be used to insulate patent owners from defending declaratory judgment actions in those fora where its parent company operates under the patent and engages in activities sufficient to create personal jurisdiction and declaratory judgment jurisdiction.

*Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1271 (Fed. Cir. 1998). Of course, it would be unfair to permit a parent company to incorporate a holding company in another state, transfer its patents to that holding company, and then escape jurisdiction in declaratory judgment suits altogether. *Id.*

Jurisdiction over Defendants here is both "reasonable and fair" given their contacts with this state. With the motion to amend to add CPMG, the Court should permit limited discovery to learn the additional contacts that CPMG has with Delaware.

### 5. Alternatively, MCS and NextCard's Motions to Dismiss Should Be Stayed Pending Additional Jurisdictional Discovery.

If the Court is not convinced on these facts alone that Defendants should be subject to personal jurisdiction in Delaware, it should grant LivePerson limited jurisdictional discovery rather than granting Defendants' motions to dismiss. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted). This Court has noted that "[a]lthough the plaintiff bears the burden of proof demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless plaintiff's claim is 'clearly frivolous.'" *Telcordia Tech. Inc. v. Alcatel*, Civ. No. 04-874 GMS, 2005 U.S. Dist. LEXIS 10194, at *28 (D. Del. May 27, 2005) (quoting *Toys "R" Us*, 318 F.3d at 456).

-15-

That is, where a plaintiff fails to meet its burden of proof in opposing a motion to dismiss, but sets forth "factual allegations [that] suggest the possible existence of requisite contacts between the defendant and the forum state with 'reasonable particularity,'" then a court should order jurisdictional discovery. *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005); *see also Power Integrations, Inc. v. BCD Semiconductor Corp.*, Civ. No. 07-633-JJF-LPS (D. Del. April 11, 2008) (citing *Commissariat*, 395 F.3d at 1323).

Here, there exists more that a mere "indication" that defendants are amenable to suit in this jurisdiction. *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995). The evidence suggests that CPMG controls both Defendants in this case, and that CPMG's and MCS's contacts with Delaware confer "specific" jurisdiction in Delaware sufficient to satisfy subsection (c)(1) of the Delaware long arm statute. Moreover, granting discovery into CPMG and Defendants' contacts with the state of Delaware may result in evidence that CPMG has continuous and systematic contacts in Delaware sufficient to satisfy subsection (c)(4) of the Delaware long arm statute, or that Defendants' have conducted additional business in Delaware. This is not a fishing expedition, and LivePerson has offered all sorts of compromises and accommodations to limit the discovery. *See generally* Mottley Decl. The fact that Defendants would permit no discovery if LivePerson sought any regarding CPMG and Warbler's general contacts with the state of Delaware suggests that such evidence may be abundant. *Id.* ¶ 7. Indeed, CPMG is already known to be an investor in, and sit on the boards of several Delaware corporations.

Accordingly, if this Court does not deny Defendants' motions to dismiss outright, at a minimum, jurisdictional discovery is warranted here.

**B.     MCS'S MOTION TO DISMISS SHOULD ALSO BE DENIED BECAUSE AN ACTUAL CONTROVERSY EXISTS BETWEEN LIVEPERSON AND MCS WHICH IS RIPE FOR JUDICIAL RESOLUTION.**

MCS's argument that no case or controversy exists should be denied. First, MCS's claim that there is no case or controversy because neither it nor its related companies had threatened LivePerson with a patent infringement case, has been rendered moot by NextCard's filing suit against LivePerson– alleging infringement of the very same patents at issue in this case. NextCard, at least, has conceded as much by writing the Court to withdraw *its* argument of no case or controversy from NextCard's Motion to Dismiss. *See* D.I. 25. Under the standard set forth in *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2006), there can be no question that "the facts alleged [by LivePerson], under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

Any claim by MCS that there is no case or controversy or that it is not a proper party to this suit should also be denied at this stage. Any assertions that MCS transferred the NextCard Patents to its shell sister corporation are insufficient because it is not all clear, and certainly is not beyond factual dispute, who owns the patents and who owns the rights to enforce them. Only MCS was a party to the Delaware bankruptcy agreement, and only MCS acquired the right to enforce the patents. There is no written agreement that LivePerson is aware of transferring either the patents or the right to sue to NextCard. Rather, there is nothing more offered here by defendants other than a short form agreement transferring "all assets." *See* Exhibit 3, Assignment and Bill of Sale, dated March 23, 2007.

MCS's claims that it retains no ownership in the NextCard Patents do not hold up to scrutiny in light of the facts of public record. The purported Assignment and Bill of Sale between MCS and NextCard appears to be deficient on its face. *Id.* The Assignment, signed by

-17-

CPMG on behalf of both parties, does not specifically list those assets, including the NextCard Patent numbers, that were purportedly being conveyed, despite the fact that to record a patent assignment, "[a]n assignment relating to a patent must identify the patent by the patent number." 37 C.F.R. 3.21. Given these facts, it is not clear that MCS no longer has ownership of the NextCard Patents. Also, the transfer agreement does not transfer the right to sue or to collect damages for past infringement. *See* Exhibit 3, Assignment and Bill of Sale, dated March 23, 2007.

In addition, if the Court agrees to allow LivePerson to join CPMG into the case, MCS's presence in the case is merely nominal and adds no extra cost or expense for the Defendants in this case.

The Court should, therefore, deny MCS's motion to dismiss based on its claims that no actual controversy exists.

## V.    CONCLUSION

For the aforementioned reasons, Defendants' Motions to Dismiss should be denied. In the alternative, this Court should order a period of targeted jurisdictional discovery, after which LivePerson will brief more fully its positions in opposition to Defendants' motions.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Melanie K. Sharp (No. 2501)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
alundgren@ycst.com

Steven M. Bauer
Kimberly A. Mottley
Todd A. Gerety
Melissa A. Ganz*
PROSKAUER ROSE LLP
One International Place
22nd Floor
Boston, MA 02110-2600
(617) 526-9600

Dated: May 8, 2008          *Attorneys for Plaintiff LivePerson, Inc.*

_____

*          Admission *pro hac vice* pending.

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on May 8, 2008, I caused to be

electronically filed a true and correct copy of Plaintiff LivePerson, Inc.'s Brief in Opposition to

Defendants Nextcard, LLC & Marshall Credit Strategies, LLC's Motions to Dismiss and, in the

Alternative, In Support of Its Motion For Targeted Jurisdictional Discovery with the Clerk of the

Court using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> David L. Finger, Esquire
> Finger & Slanina, LLC
> One Commerce Center
> 1201 Orange Street, Suite 725
> Wilmington, DE 19801-1155

I further certify that on May 8, 2008, I caused a copy of the foregoing document,

to be served by hand delivery on the above-listed counsel of record and on the following non-

registered participants in the manner indicated.

### BY E-MAIL (by agreement of counsel):

Donald Puckett, Esquire
Monts & Ware, LLP
1701 N. Market Street, Suite 330
Dallas, TX 75202-1897
dpuckett@monts-ware.com

_____

Andrew A. Lundgren (No. 4429)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6681
alundgren@ycst.com

# EXHIBIT 1

| | | |
|---|---|---|
| **Form 424**<br>**(Revised 01/06)**<br><br>Return in duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>512 463-5555<br>FAX: 512/463-5709<br>**Filing Fee: See Instructions** | <br>**Certificate of Amendment** | This space reserved for office use.<br>**FILED**<br>**In the Office of the**<br>**Secretary of State of Texas**<br><br>MAR 0 7 2007<br><br>**Corporations Section** |

**Entity Information**

The name of the filing entity is:

Cardinal Research Holdings, LLC

State the name of the entity as currently shown in the records of the secretary of state. If the amendment changes the name of the entity, state the old name and not the new name.

The filing entity is a: (Select the appropriate entity type below.)

☐ For-profit Corporation ☐ Professional Corporation

☐ Nonprofit Corporation ☐ Professional Limited Liability Company

☐ Cooperative Association ☐ Professional Association

☒ Limited Liability Company ☐ Limited Partnership

The file number issued to the filing entity by the secretary of state is:   800690148

The date of formation of the entity is:   August 4, 2006

**Amendments**

### 1. Amended Name

(If the purpose of the certificate of amendment is to change the name of the entity, use the following statement)

The amendment changes the certificate of formation to change the article or provision that names the filing entity. The article or provision is amended to read as follows:

The name of the filing entity is: (state the new name of the entity below)

Marshall Credit Strategies, LLC

The name of the entity must contain an organizational designation or accepted abbreviation of such term, as applicable.

### 2. Amended Registered Agent/Registered Office

The amendment changes the certificate of formation to change the article or provision stating the name of the registered agent and the registered office address of the filing entity. The article or provision is amended to read as follows:

**Registered Agent**
(Complete either A or B, but not both. Also complete C.)

☐ A. The registered agent is an organization (cannot be entity named above) by the name of:

OR

☐ B. The registered agent is an individual resident of the state whose name is:

_____

*First Name*                    *M.I.*        *Last Name*                              *Suffix*

C. The business address of the registered agent and the registered office address is:

                                                                        TX
_____

*Street Address (No P.O. Box)*              *City*                      *State*    *Zip Code*

### 3. Other Added, Altered, or Deleted Provisions

Other changes or additions to the certificate of formation may be made in the space provided below. If the space provided is insufficient, incorporate the additional text by providing an attachment to this form. Please read the instructions to this form for further information on format.

Text Area (The attached addendum, if any, is incorporated herein by reference.)

☐ **Add** each of the following provisions to the certificate of formation. The identification or reference of the added provision and the full text are as follows:

☐ **Alter** each of the following provisions of the certificate of formation. The identification or reference of the altered provision and the full text of the provision as amended are as follows:

☐ **Delete** each of the provisions identified below from the certificate of formation.

**Statement of Approval**

The amendments to the certificate of formation have been approved in the manner required by the Texas Business Organizations Code and by the governing documents of the entity.

Form 424                                      2

**Effective Date of Filing (Select A, B, or C)**

A. ☒ This document becomes effective when the document is filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing. The delayed effective date is: _____

C. ☐ This document takes effect upon the occurrence of a future event or fact, other than the passage of time. The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

_____

_____

**Execution**

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument.

Date:    3/7/07

CPMG, INC., Member,

Name:   John Bethea          Title:   VP

D-1512806_1.DOC

Form 424                                          3

# EXHIBIT 2

**LEAD, CONVERTED, CLMSAGNT, MTRUNADV**

# U.S. Bankruptcy Court
## District of Delaware (Delaware)
## Bankruptcy Petition #: 02-13376-KJC

*Assigned to:* Kevin J. Carey
Chapter 7
Previous chapter 11
Voluntary
Asset

*Date Filed:* 11/14/2002
*Date Converted:* 08/11/2003

| | | |
|---|---|---|
| *Debtor*<br>**NextCard, Inc.**<br>595 Market Street<br>Suite 1800<br>San Francisco, CA 94105<br>Tax id: 68-0384-606<br>*aka*<br>**Internet Access Financial Corporation** | represented by | **Brendan Linehan Shannon**<br>Young, Conaway, Stargatt &<br>Taylor<br>The Brandywine Bldg.<br>1000 West Street, 17th Floor<br>PO Box 391<br>Wilmington, DE 19899-0391<br>usa<br>302 571-6600<br>Fax : 302-571-1253<br>Email: bankruptcy@ycst.com<br>*TERMINATED: 10/18/2006* |
| | | **Edward J. Kosmowski**<br>Young, Conaway, Stargatt &<br>Taylor<br>1000 West Street, 17th Floor<br>PO Box 391<br>Wilmington, DE 19899<br>usa<br>302 571-6600<br>Fax : 302-571-1253<br>Email: bankfilings@ycst.com |
| | | **Frederick B. Rosner**<br>Jaspan Schlesinger Hoffman<br>913 North Market Street<br>12 Floor<br>Wilmington, DE 19801<br>usa<br>302-351-8000<br>Fax : 302-351-8010 |
| *Trustee*<br>**Alfred Thomas Giuliano**<br>Giuliano Miller & Co., LLC<br>750 Route 73 South | represented by | **John T. Carroll, III**<br>Cozen O'Connor<br>1201 North Market Street<br>Suite 1400 |

Suite 110
Marlton, NJ 08053
856-596-7000

Wilmington, DE 19801
302-295-2028
Fax : 201-701-2140
Email: jcarroll@cozen.com

**John T. Carroll**
Cozen O'Connor
1900 Market Street
The Atrium
Philadelphia, PA 19801
302-295-2028
Fax : 302-295-2013
Email: jcarroll@cozen.com

*U.S. Trustee*
**United States Trustee**
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035
302-573-6491

*U.S. Trustee*
**Julie L. Compton**
Office of the U.S. Trustee
J. Caleb Boggs Federal Building
844 King Street
Suite 2313
Wilmington, DE 19801
usa
302-573-6491

| Filing Date | # | Docket Text |
|---|---|---|
| 02/28/2007 | 985 | Order (A) Approving Auction and Bid Procedures, Including Bidder Protections, in Connection With Sale of Certain of the Debtor's Intellectual Property Assets; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale of Such Assets; (C) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale of Such Assets; and (D) Granting Other Related Relief. (Related Doc # 968) Order Signed on 2/27/2007. (LCN, ) Additional attachment(s) added on 2/28/2007 (LCN, ). (Entered: 02/28/2007) |
| 03/01/2007 | 986 | Order Granting Motion for Admission pro hac vice of Alyssa D. Englund, Esquire. (Related Doc # 983) Order Signed on 3/1/2007. (LCN, ) (Entered: 03/01/2007) |
| 03/01/2007 | 987 | Interim Application for Compensation *Ninth for the Period of August 1, 2006 through February 21, 2007 as Counsel to the Trustee* Filed by COZEN |

| | | |
|---|---|---|
| | | O'CONNOR. Hearing scheduled for 3/22/2007 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 3/15/2007. (Attachments: # 1 Notice # 2 Declaration # 3 Exhibit A# 4 Exhibit B# 5 Exhibit C) (Carroll, John) (Entered: 03/01/2007) |
| 03/01/2007 | 988 | Motion to Limit Notice *Regarding Ninth Interim Application for Allowance of Compensation for the Period of August 1, 2006 through February 21, 2007 as Counsel to the Trustee* (related document(s)987 ) Filed by COZEN O'CONNOR. Hearing scheduled for 3/22/2007 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 3/15/2007. (Attachments: # 1 Proposed Form of Order # 2 Exhibit A) (Carroll, John) (Entered: 03/01/2007) |
| 03/02/2007 | 989 | Certificate of Service *Regarding Ninth Interim Application for Compensation for the Period of August 1, 2006 through February 21, 2007 as Counsel to the Trustee* (related document(s)987 ) Filed by COZEN O'CONNOR. (Attachments: # 1 Service List) (Carroll, John) (Entered: 03/02/2007) |
| 03/02/2007 | 990 | Certificate of Service *of (1) Auction and Sale Hearing Notice, (2) Order Approving Auction and Bid Procedures Including Bidder Protections in Connection with Sale of Certain of the Debtor's Intellectual Property and (3) Bid Procedures* (related document(s)985 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Exhibit A# 2 Exhibit B) (Carroll, John) (Entered: 03/02/2007) |
| 03/06/2007 | 991 | Order Authorizing Motion to Limit Notice and Approve Form and Manner Thereof Regarding Cozen O'Connor as Counsel to the Trustee for Allowance of Ninth Interim Compensation and Reimbursement of Expenses for the Period August 1, 2006 Through February 21, 2007. (Related Doc # 988, 987) Order Signed on 3/6/2007. (LCN, ) (Entered: 03/06/2007) |
| 03/07/2007 | | Adversary Case 04-56415 Closed by Deputy Clerk. (MEB, ) (Entered: 03/07/2007) |
| 03/07/2007 | | Adversary Case 04-56418 Closed by Deputy Clerk. (MEB, ) (Entered: 03/07/2007) |
| 03/14/2007 | 992 | Status Report *of Adv. Proc. Nos. 04-56415 and 04-56418* Filed by richard goebel. (Hurford, Mark) (Entered: 03/14/2007) |
| 03/15/2007 | 993 | Notice of Appearance *Request for Matrix Entry and Request for Service of All Notices and Documents* Filed by Intellectual Ventures Management, LLC. (Mersky, Rachel) (Entered: 03/15/2007) |
| 03/15/2007 | 994 | Certificate of Service for Status Report Filed by richard goebel, daniel springer. (Hurford, Mark) Modified Text on 3/16/2007 (ALC, ). (Entered: |

| | | |
|---|---|---|
| | | 03/15/2007) |
| 03/20/2007 | 995 | Certificate of No Objection *Regarding Ninth Interim Application for Compensation for the Period of August 1, 2006 through February 21, 2007 as Counsel to the Trustee* (related document(s)987 ) Filed by COZEN O'CONNOR. (Carroll, John) (Entered: 03/20/2007) |
| 03/20/2007 | 996 | Notice of Agenda of Matters Scheduled for Hearing Filed by Alfred Thomas Giuliano. Hearing scheduled for 3/22/2007 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Carroll, John) (Entered: 03/20/2007) |
| 03/22/2007 | 997 | Notice of Filing Patent Purchase Agreement Between Chapter 7 Trustee and Marshall Credit Strategies, LLC (related document(s)968 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Exhibit A) (Carroll, John) Modified Text on 3/23/2007 (ALC, ). (Entered: 03/22/2007) |
| 03/22/2007 | 998 | **Minutes of Hearing held on: 03/22/2007**<br>**Subject:** Sale and Fee Applications.<br>(vCal Hearing ID (36682)). (NJH, ) Additional attachment(s) added on 3/22/2007 (LCN, ). (Entered: 03/22/2007) |
| 03/22/2007 | 999 | Order Approving Application of Cozen O'Connor as Counsel to the Trustee for Allowance of Ninth Interim Compensation and Reimbursement of Expenses for the Period August 1, 2006 Through February 21, 2007. (Related Doc # 987) Order Signed on 3/22/2007. (LCN, ) (Entered: 03/22/2007) |
| 03/22/2007 | 1000 | Order (A) Authorizing Sale of Certain of the Debtor's Intellectual Property Assets Free and Clear of all Liens, Claims, and Encumbrances and (B) Granting Related Relief. (related document(s)968 ) Order Signed on 3/22/2007. (LCN, ) (Entered: 03/22/2007) |
| 04/02/2007 | 1001 | Bond Notice of Trustee Alfred T. Giuliano Filed by United States Trustee. (Attachments: # 1 Notice of Filing# 2 Certificate of Service)(United States Trustee, ) Modified Duplicate text on 4/3/2007 (ALC, ). (Entered: 04/02/2007) |
| 07/10/2007 | 1002 | Certification of Counsel *Regarding Omnibus Hearing Dates (August 16, 2007 at 1:30 p.m.)* Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 07/10/2007) |
| 07/13/2007 | 1003 | Order Setting Omnibus Hearing Dates. All hearings will be held at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware (Related document(s)1002 ). Omnibus Hearings scheduled for 8/16/2007 at 01:30 PM. Signed on 7/12/2007. (LCN, ) (Entered: 07/13/2007) |
| 07/17/2007 | 1004 | Notice of Status Hearing Regarding Motion for Relief from Stay filed by |

| | | |
|---|---|---|
| | | Richard Goebel and Daniel Springer (related document(s)872 ) Filed by Alfred Thomas Giuliano. Hearing scheduled for 7/25/2007 at 11:30 AM at US Bankuptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Carroll, John) Modified Duplicate Text on 7/18/2007 (ALC, ). (Entered: 07/17/2007) |
| 07/17/2007 | 1005 | Certificate of Service *Regarding Notice of Status Hearing Regarding Motion for Relief from Stay filed by Richard Goebel and Daniel Springer* (related document(s)1004 ) Filed by Alfred Thomas Giuliano. (Carroll, John) (Entered: 07/17/2007) |
| 07/18/2007 | 1006 | Certificate of Service *of Omnibus Hearing Order* (related document(s)1003 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Exhibit A - Service List) (Carroll, John) (Entered: 07/18/2007) |
| 07/23/2007 | 1007 | Notice of Agenda of Matters Scheduled for Hearing Filed by Alfred Thomas Giuliano. Hearing scheduled for 7/25/2007 at 11:30 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Carroll, John) (Entered: 07/23/2007) |
| 07/24/2007 | 1008 | Notice of Agenda of Matters Scheduled for Hearing *Amended* (related document(s)1007 ) Filed by Alfred Thomas Giuliano. Hearing scheduled for 7/25/2007 at 11:30 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Carroll, John) (Entered: 07/24/2007) |
| 07/25/2007 | 1009 | **Minutes of Hearing held on: 07/25/2007** **Subject:** Status on Goebel/Springer Motion. (vCal Hearing ID (48174)). (NJH, ) Additional attachment(s) added on 7/26/2007 (LCN, ). (Entered: 07/25/2007) |
| 07/27/2007 | 1010 | Interim Application for Compensation *(Tenth) as Counsel to the Trustee for the Period of February 22, 2007 through June 27, 2007* Filed by COZEN O'CONNOR. Hearing scheduled for 8/16/2007 at 01:30 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 8/9/2007. (Attachments: # 1 Notice # 2 Certification# 3 Exhibit A Part One# 4 Exhibit A Part Two# 5 Exhibit B# 6 Exhibit C) (Carroll, John) (Entered: 07/27/2007) |
| 08/02/2007 | 1011 | Order Regarding Motion for Relief From Stay Filed by Richard Goebel and Daniel Springer. (related document(s)918, 872 ) Order Signed on 8/2/2007. (LCN, ) (Entered: 08/02/2007) |
| 08/08/2007 | 1012 | Transcript Of Motions Hearing Before The Honorable Walter Shapero, Held on January 27, 2006. (related document(s)929 ) (JWS, ) (Entered: 08/08/2007) |
| 08/08/2007 | 1013 | Certificate of Service *of Application of Cozen O'Connor as Counsel to the* |

| | | |
|---|---|---|
| | | *Trustee for Allowance of Tenth Interim Compensation and Reimbursement of Expenses for the Period February 22, 2007 Through June 27, 2007* (related document(s)1010 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Exhibit A - Service List) (Carroll, John) (Entered: 08/08/2007) |
| 08/10/2007 | 1014 | Certificate of No Objection *Regarding Application of Cozen O'Connor As Counsel to the Trustee for Allowance of Tenth Interim Compensation and Reimbursement of Expenses for the Period February 22, 2007 Through June 22, 2007* (related document(s)1010 ) Filed by COZEN O'CONNOR. (Carroll, John) (Entered: 08/10/2007) |
| 08/13/2007 | 1015 | Notice of Agenda of Matters Scheduled for Hearing Filed by Alfred Thomas Giuliano. Hearing scheduled for 8/16/2007 at 01:30 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Carroll, John) (Entered: 08/13/2007) |
| 08/13/2007 | 1016 | Reply *to Chapter 7 Trustee's Supplemental Objection to Motion of Richard Goebel and Daniel Springer for Relief from Stay* (related document(s)887, 872 ) Filed by richard goebel, daniel springer (Attachments: # 1 Exhibit A) (Davis, Kathleen) (Entered: 08/13/2007) |
| 08/15/2007 | 1017 | Reply *(Errata Sheet to Reply to Chapter 7 Trustee's Supplemental Objection to Motion of Richard Goebel and Daniel Springer for Relief from Stay)* (related document(s)1016, 887, 872 ) Filed by richard goebel, daniel springer (Attachments: # 1 Exhibit A# 2 Certificate of Service # 3 Service List) (Davis, Kathleen) (Entered: 08/15/2007) |
| 08/15/2007 | 1018 | Certificate of Service *of Reply to Chapter 7 Trustee's Supplemental Objection to Motion of Richard Goebel and Daniel Springer for Relief from Stay* (related document(s)1016 ) Filed by richard goebel, daniel springer. (Attachments: # 1 Service List) (Davis, Kathleen) (Entered: 08/15/2007) |
| 08/16/2007 | 1019 | **Minutes of Hearing held on: 08/16/2007** **Subject:** Fee App. (vCal Hearing ID (48073)). (NJH, ) Additional attachment(s) added on 8/17/2007 (LCN, ). (Entered: 08/16/2007) |
| 08/17/2007 | 1020 | Order Approving Application of Cozen O'Connor as Counsel to the Trustee for Allowance of Tenth Interim Compensation and Reimbursement of Expenses for the Period February 22, 2007 Through June 27, 2007. (Related Doc # 1010) Order Signed on 8/16/2007. (LCN, ) (Entered: 08/17/2007) |
| 08/28/2007 | 1021 | Motion to Strike *of Richard Goebel and Daniel Springer to Have Declared Unlawful the Provision in Settlement Agreement Between Trustee and Directors and Officers Which Bars Trustee from Entering into Rescission Settlement with Richard Goebel and Daniel Springer* Filed by richard goebel, daniel springer. Hearing scheduled for 10/24/2007 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Floor, Courtroom #5, Wilmington, |

| | | |
|---|---|---|
| | | DE. Objections due by 9/17/2007. (Attachments: # 1 Notice # 2 Declaration of Bruce J. Highman# 3 Exhibit 1 to Highman Declaration# 4 Exhibit 2 Highman Declaration# 5 Exhibit 3 Highman Declaration# 6 Exhibit 4 to Highman Declaration# 7 Exhibit 5 to Highman Declaration# 8 Exhibit 6 to to Highman Declaration# 9 Exhibit 7A to Highman Declaration# 10 Exhibit 7B to Highman Declaration# 11 Exhibit 8 to Highman Declaration# 12 Exhibit 9 to Highman Declaration# 13 Exhibit 10 to Highman Declaration# 14 Exhibit 11 to Highman Declaration# 15 Exhibit 12 to Highman Declaration# 16 Exhibit 13 to Highman Declaration# 17 Declaration of Lawrence Ball# 18 Exhibit to Ball Declaration# 19 Proposed Form of Order # 20 Certificate of Service # 21 Service List) (Hurford, Mark) Modified Text To Add Hearing Location on 8/29/2007 (ALC, ). (Entered: 08/28/2007) |
| 09/14/2007 | 1022 | Transcript of Hearing held on July 25, 2007 before the Honorable Kevin J. Carey. (related document(s)1007 ) (BJM) (Entered: 09/14/2007) |
| 09/17/2007 | 1023 | Objection to *Motion of Richard Goebel and Daniel Springer to Have Declared Unlawful the Provision in Settlement Agreement Between Trustee and Directors and Officers Which Bars Trustee from Entering into Rescission Settlement with Richard Goebel and Daniel Springer* (related document(s)1021 ) Filed by Alfred Thomas Giuliano (Attachments: # 1 Certificate of Service) (Carroll, John) (Entered: 09/17/2007) |
| 09/18/2007 | 1024 | Objection to *Jeremy R. Lent's Opposition to Richard Goebel's and Daniel Springer's Motion to Have Declared Unlawful the Provisions in Settlement Agreement Between Trustee and NextCard Former Directors and Officers Which Bars Trustee from Entering into Rescission Settlement with Richard Goebel and Daniel Springer* (related document(s)1021 ) Filed by Jeremy Lent (Attachments: # 1 Certificate of Service) (Phillips, John) (Entered: 09/18/2007) |
| 10/01/2007 | 1025 | Notice of Hearing *and Change in Hearing Time* Filed by Alfred Thomas Giuliano. Hearing scheduled for 10/24/2007 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Carroll, John) (Entered: 10/01/2007) |
| 10/04/2007 | 1026 | Reply *to Objections of the Trustee and Jeremy Lent to Motion of Richard Goebel and Daniel Springer to Have Declared Unlawful the Provision in Settlement Agreement Between Trustee and Directors and Officers Which Bars Trustee from Entering into Rescission Settlement with Richard Goebel and Daniel Springer* (related document(s)1021, 1023, 1024, 1022 ) Filed by richard goebel, daniel springer (Attachments: # 1 Certificate of Service # 2 Service List) (Hurford, Mark) (Entered: 10/04/2007) |
| 10/11/2007 | 1027 | Application to Employ *and Compensate* Matheson Ormsby Prentice as Special International Counsel Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order # 2 Exhibit A) (Carroll, John) (Entered: 10/11/2007) |

| | | |
|---|---|---|
| 10/11/2007 | 1028 | Emergency Motion to Approve *Trustee's Application for Authority to Employ and Compensate Matheson Ormsby Prentice as Special Litigation Counsel [Related Doc. No. 1027]* Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order # 2 Exhibit A# 3 Affidavit) (Carroll, John) (Entered: 10/11/2007) |
| 10/12/2007 | 1029 | Order Granting Motion for an Expedited Hearing to Consider Trustee's (I) Application for Authority to Employ and Compensate Matheson Ormsby Prentice as Special International Counsel to the Trustee. (Related Doc # 1028, 1027) Order Signed on 10/12/2007. (LCN, ) Modified text on 10/12/2007 (LCN, ). (Entered: 10/12/2007) |
| 10/15/2007 | 1030 | Certificate of Service *of Motion for Expedited Hearing to Consider Trustee's Application for Authority to Employ and Compensate Matheson Ormsby Prentice as Special International Counsel to the Trustee Pursuant to 11 U.S.C. Sections 327 and 328 and Fed. R. Bankr. P. 2014* (related document (s)1027, 1028 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Exhibit A - Service List) (Carroll, John) (Entered: 10/15/2007) |
| 10/16/2007 | 1031 | Certificate of Service *of Order Granting Motion for an Expedited Hearing to Consider Trustee's Application for Authority to Employ and Compensate Matheson Ormsby Prentice as Special International Counsel to the Trustee Pursuant to 11 U.S.C. Sections 327 and 328 and Fed. R. Bankr. P. 2014* (related document(s)1029 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Exhibit A - Service List) (Carroll, John) (Entered: 10/16/2007) |
| 10/22/2007 | 1032 | Notice of Agenda of Matters Scheduled for Hearing Filed by Alfred Thomas Giuliano. Hearing scheduled for 10/24/2007 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Carroll, John) (Entered: 10/22/2007) |
| 10/23/2007 | 1033 | Certificate of No Objection *Regarding Trustee's Application for Authority to Employ and Compensate Matheson Ormsby Prentice as Special International Counsel to the Trustee Pursuant to 11 U.S.C. Sections 327 and 328 and Fed. R. Bankr. P. 2014, Together With Motion for for Expedited Consideration* (related document(s)1027, 1028 ) Filed by Alfred Thomas Giuliano. (Carroll, John) (Entered: 10/23/2007) |
| 10/23/2007 | 1034 | Motion to Appear pro hac vice *of Benjamin H. Horwich of Latham & Watkins LLP*. Receipt Number 149323, Filed by Ernst & Young LLP. (Beskrone, Don) (Entered: 10/23/2007) |
| 10/23/2007 | 1035 | Motion to Appear pro hac vice *of Katharine E. Nolan of Latham & Watkins LLP*. Receipt Number 149324, Filed by Ernst & Young LLP. (Beskrone, Don) (Entered: 10/23/2007) |
| 10/24/2007 | 1036 | Order Granting Motion for Admission pro hac vice of Benjamin H. Horwich. (Related Doc # 1034) Order Signed on 10/23/2007. (LCN, ) (Entered: |

| | | |
|---|---|---|
| | | 10/24/2007) |
| 10/24/2007 | 1037 | Order Granting Motion for Admission pro hac vice of Katharine E. Nolan. (Related Doc # 1035) Order Signed on 10/23/2007. (LCN, ) (Entered: 10/24/2007) |
| 10/24/2007 | 1039 | **Minutes of Hearing held on: 10/24/2007** <br> **Subject:** Omnibus. <br> (vCal Hearing ID (52251)). (related document(s) 1032) (NJH, ) Additional attachment(s) added on 10/26/2007 (LCN, ). (Entered: 10/25/2007) |
| 10/25/2007 | 1038 | Order Granting Trustee's Application for Authority to Employ and Compensate Matheson Ormsby Prentice as Special International Counsel to the Trustee. (related document(s)1028 ) Order Signed on 10/24/2007. (LCN, ) (Entered: 10/25/2007) |
| 10/25/2007 | 1040 | Certification of Counsel *Regarding Motion to Have Declared Unlawful the Provision in Settlement Agreement Between Trustee and Directors and Officers Which Bars Trustee from Entering into Rescission Settlement with Richard Goebel and Daniel Springer* (related document(s)1021 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 10/25/2007) |
| 10/26/2007 | 1041 | Order Denying Motion of Richard Goebel and Daniel Springer to Have Declared Unlawful the Provision in Settlement Agreement Between Trustee and Directors and Officers Which Bars Trustee from Entering into Rescission Settlement with Richard Goebel and Daniel Springer. (Related Doc # 1021) Order Signed on 10/26/2007. (LCN, ) (Entered: 10/26/2007) |
| 11/07/2007 | 1042 | Transcript of Hearing held on October 24, 2007 before the Honorable Kevin J. Carey. (BJM) (Entered: 11/07/2007) |
| 11/19/2007 | 1043 | Certification of Counsel *Regarding Omnibus Hearing Date 12/10/2007 at 11:30 a.m.* Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 11/19/2007) |
| 11/20/2007 | 1044 | Interim Application for Compensation *(Eleventh) as Counsel to the Trustee for the Period of June 28, 2007 through October 29, 2007* Filed by Cozen O'Connor. Hearing scheduled for 12/10/2007 at 11:30 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 12/3/2007. (Attachments: # 1 Notice # 2 Declaration # 3 Exhibit A Part 1# 4 Exhibit A Part 2# 5 Exhibit A Part 3# 6 Exhibit A Part 4# 7 Exhibit A Part 5# 8 Exhibit B# 9 Exhibit C) (Carroll, John) (Entered: 11/20/2007) |
| 11/26/2007 | 1045 | Motion to Limit Notice *Regarding Eleventh Interim Application for Compensation as Counsel to the Trustee for the Period of June 28, 2007* |

| | | |
|---|---|---|
| | | *through October 29, 2007* (related document(s)1044 ) Filed by Cozen O'Connor. Hearing scheduled for 12/10/2007 at 11:30 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 12/3/2007. (Attachments: # 1 Proposed Form of Order # 2 Exhibit A) (Carroll, John) (Entered: 11/26/2007) |
| 11/28/2007 | 1046 | Order Authorizing Motion to Limit Notice and Approve Form and Manner Thereof Regarding Cozen O'Connor as Counsel to the Trustee for Allowance of Eleventh Interim Compensation and Reimbursement of Expenses for the Period June 28, 2007 Through October 29, 2007. (Related Doc # 1045, 1044) Order Signed on 11/27/2007. (LCN, ) (Entered: 11/28/2007) |
| 11/28/2007 | 1047 | Certificate of Service *of Application of Cozen O'Connor as Counsel to the Trustee for Allowance of Eleventh Interim Compensation and Reimbursement of Expenses for the Period June 28, 2007 Through October 29, 2007* (related document(s)1044 ) Filed by Cozen O'Connor. (Attachments: # 1 Exhibit A - Service List) (Carroll, John) (Entered: 11/28/2007) |
| 11/29/2007 | 1048 | Stipulation *to Extend Time for Filing Supplemental Briefs Regarding Motion for Relief from Stay filed by Richard Goebel and Daniel Springer* Between Alfred Thomas Giuliano and Richard Goebel, Daniel Springer and Jeremy Lent . (related document(s)872 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 11/29/2007) |
| 11/30/2007 | 1049 | Order Approving Stipulation to Extend Time for Filing Supplemental Briefs Regarding Motion for Relief from Stay filed by Richard Goebel and Daniel Springer. (related document(s)1048 ) Order Signed on 11/29/2007. (LCN, ) (Entered: 11/30/2007) |
| 12/04/2007 | 1050 | Notice of Adjourned/Rescheduled Hearing Filed by Alfred Thomas Giuliano. Hearing scheduled for 12/12/2007 at 11:30 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Carroll, John) (Entered: 12/04/2007) |
| 12/07/2007 | 1051 | Certificate of No Objection *Regarding Eleventh Interim Application for Compensation as Counsel to the Trustee for the Period of June 28, 2007 through October 29, 2007* (related document(s)1044 ) Filed by Cozen O'Connor. (Attachments: # 1 Exhibit A - Modified Proposed Form of Order) (Carroll, John) (Entered: 12/07/2007) |
| 12/10/2007 | 1052 | Notice of Agenda of Matters Scheduled for Hearing Filed by Alfred Thomas Giuliano. Hearing scheduled for 12/12/2007 at 11:30 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Carroll, John) (Entered: 12/10/2007) |
| 12/10/2007 | 1053 | Certification of Counsel *to the Chapter 7 Trustee Requesting the Issuance of a Letter Request for International Judicial Assistance to the Appropriate* |

| | | |
|---|---|---|
| | | *Judicial Authority in Ireland* Filed by Alfred Thomas Giuliano. (Attachments: # 1 Exhibit A) (Carroll, John) (Entered: 12/10/2007) |
| 12/11/2007 | 1054 | Request for International Judicial Assistance to the Appropriate Judicial Authority. (related document(s) 1053) Signed on 12/11/2007 (LCN, ) (Entered: 12/11/2007) |
| 12/12/2007 | 1057 | **Minutes of Hearing held on: 12/12/2007** **Subject:** Fee Apps. (vCal Hearing ID (60912)). (related document(s) 1052) (NJH, ) Additional attachment(s) added on 12/18/2007 (LCN, ). (Entered: 12/17/2007) |
| 12/13/2007 | 1055 | Certification of Counsel *Regarding Eleventh Interim Application for Allowance of Compensation and Reimbursement of Expenses of Cozen O'Connor as Counsel to the Trustee for the Period of June 28, 2007 through October 29, 2007* (related document(s)1044 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Exhibit A# 2 Exhibit B) (Carroll, John) (Entered: 12/13/2007) |
| 12/14/2007 | 1056 | Order Approving Application of Cozen O'Connor as Counsel to the Trustee for Allowance of Eleventh Interim Compensation and Reimbursement of Expenses for the Period June 28, 2007 Through December 29, 2007. (Related Doc # 1044) Order Signed on 12/14/2007. (LCN, ) (Entered: 12/14/2007) |
| 12/17/2007 | 1058 | Hearing Held/Court Sign-In Sheet (related document(s)1057) (Murin, Leslie) (Entered: 12/17/2007) |
| 12/18/2007 | 1059 | Stipulation *to Extend Time for Filing Supplemental Briefs Regarding Motion for Relief from Stay filed by Richard Goebel and Daniel Springer* Between Alfred Thomas Giuliano and Richard Goebel, Daniel Springer and Jeremy Lent . Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 12/18/2007) |
| 12/20/2007 | 1060 | Order Approving Second Stipulation to Extend Time for Filing Supplemental Briefs Regarding Motion for Relief from Stay filed by Richard Goebel and Daniel Springer. (related document(s)872, 1059 ) Order Signed on 12/19/2007. (LCN, ) (Entered: 12/20/2007) |
| 01/08/2008 | 1061 | Stipulation *(Third) to Extend Time for Filing Supplemental Briefs Regarding Motion for Relief from Stay filed by Richard Goebel and Daniel Springer* Between Alfred Thomas Giuliano and Richard Goebel, Daniel Springer, Jeremy Lent . (related document(s)872 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 01/08/2008) |
| 01/09/2008 | 1062 | Order Approving Third Stipulation To Extend Time For Filing Supplemental Briefs Regarding Motions For Relief From Stay Filed By Richard Goebel |

| | | |
|---|---|---|
| | | And Daniel Springer (Related Doc # 872,1061) Order Signed on 1/9/2008. (JSJ, ) (Entered: 01/09/2008) |
| 01/30/2008 | 1063 | Stipulation *(Fourth) to Extend Time for Filing Supplemental Briefs Regarding Motion for Relief from Stay Filed by Richard Goebel and Daniel Springer* Between Alfred Thomas Giuliano and Richard Goebel, Daniel Springer and Jeremy Lent . (related document(s)872 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 01/30/2008) |
| 02/04/2008 | 1064 | Order Approving Fourth Stipulation To Extend Time For Filing Supplemental Briefs Regarding Motion For Relief From Stay Filed By Richard Goebel And Daniel Springer (Related Doc # 1063) Order Signed on 2/1/2008. (JSJ, ) (Entered: 02/04/2008) |
| 02/07/2008 | 1065 | Motion to Allow Claims *Employee Wage Claims as Chapter 11 Administrative Claims and Authorizing Distribution* Filed by Alfred Thomas Giuliano. Hearing scheduled for 3/12/2008 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 3/5/2008. (Attachments: # 1 Notice # 2 Proposed Form of Order # 3 Exhibit A# 4 Exhibit B# 5 Exhibit C# 6 Exhibit D# 7 Exhibit E) (Carroll, John) (Entered: 02/07/2008) |
| 02/12/2008 | 1066 | Certification of Counsel *Regarding Omnibus Hearing Dates (March 12, 2008 at 3:00 p.m.)* Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 02/12/2008) |
| 02/12/2008 | 1067 | Certificate of Service *Regarding Motion to Allow Claims Employee Wage Claims as Chapter 11 Administrative Claims and Authorizing Distribution* (related document(s)1065 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Service List) (Carroll, John) (Entered: 02/12/2008) |
| 02/25/2008 | 1068 | Notice To Substitute Attorney Filed by Ernst & Young LLP. (Weiss, John) (Entered: 02/25/2008) |
| 02/29/2008 | 1069 | Stipulation *(Fifth) to Extend Time for Filing Supplemental Briefs Regarding Motion for Relief from Stay Filed by Richard Goebel and Daniel Springer* Between Alfred Thomas Giuliano and Richard Goebel, Daniel Springer and Jeremy Lent . (related document(s)872 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 02/29/2008) |
| 03/04/2008 | 1070 | Certification of Counsel *Regarding Omnibus Hearing Date; April 9, 2008 at 1:30 p.m.* Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 03/04/2008) |
| 03/05/2008 | 1071 | Order Approving Fifth Stipulation to Extend Time for Filing Supplemental |

|  |  | Briefs Regarding Motion for Relief from Stay Filed by Richard Goebel and Daniel Springer. (related document(s)1069 ) Order Signed on 3/5/2008. (LCN, ) (Entered: 03/05/2008) |
|---|---|---|
| 03/05/2008 | 1072 | Order Setting Omnibus Hearing Date. All hearings will be held at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware (Related document(s)1070 ). Omnibus Hearing scheduled for 4/9/2008 at 01:30 PM. Signed on 3/5/2008. (LCN, ) (Entered: 03/05/2008) |
| 03/10/2008 | 1073 | Certificate of No Objection *Regarding Motion of Chapter 7 Trustee for an Order Allowing Employee Wage Claims as Chapter 11 Administrative Claims and Authorizing Distribution* (related document(s)1065 ) Filed by Alfred Thomas Giuliano. (Carroll, John) (Entered: 03/10/2008) |
| 03/10/2008 | 1074 | Notice of Agenda of Matters Scheduled for Hearing Filed by Alfred Thomas Giuliano. Hearing scheduled for 3/12/2008 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Carroll, John) (Entered: 03/10/2008) |
| 03/11/2008 | 1075 | Order Granting Motion of Alfred T. Giuliano, Chapter 7 Trustee of the Estate of NextCard, Inc. for Entry of an Order Allowing Employee Wage Claims as Chapter 11 Administrative Claims and Authorizing Distribution. (Related Doc # 1065) Order Signed on 3/11/2008. (LCN, ) (Entered: 03/11/2008) |
| 03/11/2008 | 1076 | HEARING CANCELLED. Amended Notice of Agenda of Matters Scheduled for Hearing. (related document(s)1074 ) Filed by Alfred Thomas Giuliano. Hearing scheduled for 3/12/2008 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #4, Wilmington, Delaware. (Carroll, John) (Entered: 03/11/2008) |
| 03/18/2008 | 1077 | Final Application for Compensation *and Reimbursement of Expenses for the Period May 1, 2005 through May 9, 2007 as Special Patent Counsel to the Trustee* Filed by Van Pelt, Yi & James LLP. Hearing scheduled for 4/9/2008 at 01:30 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 4/2/2008. (Attachments: # 1 Notice # 2 Proposed Form of Order # 3 Verification# 4 Exhibit A Part 1# 5 Exhibit A Part 2# 6 Exhibit A Part 3) (Carroll, John) (Entered: 03/18/2008) |
| 03/18/2008 | 1078 | Interim Application for Compensation *(Twelfth) and Reimbursement of Expenses for the Period of October 30, 2007 through March 5, 2008 as Counsel to the Trustee* Filed by Cozen O'Connor. Hearing scheduled for 4/9/2008 at 01:30 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 4/2/2008. (Attachments: # 1 Notice # 2 Verification# 3 Exhibit A Part 1# 4 Exhibit A Part 2# 5 Exhibit B# 6 Exhibit C (Proposed Order)) (Carroll, John) (Entered: 03/18/2008) |
| 03/18/2008 | 1079 | Interim Application for Compensation *(Third) and Reimbursement of* |

| | | |
|---|---|---|
| | | *Expenses for the Period of July 1, 2005 through February 29, 2008 as Special Counsel to the Trustee* Filed by Rosen, Bien & Galvan, LLP. Hearing scheduled for 4/9/2008 at 01:30 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 4/2/2008. (Attachments: # 1 Notice # 2 Verification# 3 Exhibit A Part 1# 4 Exhibit A Part 2# 5 Exhibit B# 6 Exhibit C (Proposed Order)) (Carroll, John) (Entered: 03/18/2008) |
| 03/19/2008 | 1080 | Motion to Limit Notice *and Approve Form and Mannter Thereof Regarding Final Application for Compensation and Reimbursement of Expenses for the Period May 1, 2005 through May 9, 2007 as Special Patent Counsel to the Trustee* (related document(s)1077 ) Filed by Van Pelt, Yi & James LLP. Hearing scheduled for 4/9/2008 at 01:30 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 4/2/2008. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 03/19/2008) |
| 03/19/2008 | 1081 | Motion to Limit Notice *and Approve Form and Manner Thereto Regarding Twelfth Interim Application for Compensation and Reimbursement of Expenses for the Period of October 30, 2007 through March 5, 2008 as Counsel to the Trustee* (related document(s)1078 ) Filed by Cozen O'Connor. Hearing scheduled for 4/9/2008 at 01:30 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 4/2/2008. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 03/19/2008) |
| 03/19/2008 | 1082 | Motion to Limit Notice *and Approve Form and Manner Thereto Regarding Third Interim Application for Compensation and Reimbursement of Expenses for the Period of July 1, 2005 through February 29, 2008 as Special Counsel to the Trustee* (related document(s)1079 ) Filed by Rosen, Bien & Galvan, LLP. Hearing scheduled for 4/9/2008 at 01:30 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 4/2/2008. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 03/19/2008) |
| 03/20/2008 | 1083 | Certificate of Service *of Verified Application of Van Pelt, Yi & James LLP as Special Patent Counsel to the Trustee for Allowance of Second and Final Fee Application for Compensation and Reimbursement of Expenses for the Period May 1, 2005 Through May 9, 2007* (related document(s)1077 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Exhibit A - Service List) (Carroll, John) (Entered: 03/20/2008) |
| 03/20/2008 | 1084 | Certificate of Service *of Application of Cozen O'Connor as Counsel to the Trustee for Allowance of Twelfth Interim Compensation and Reimbursement of Expenses for the Period October 30, 2007 Through March 5, 2008* (related document(s)1078 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Exhibit A - Service List) (Carroll, John) (Entered: 03/20/2008) |
| | | |

| | | |
|---|---|---|
| 03/20/2008 | 1085 | Certificate of Service *of Application of Rosen, Bien & Galvan, LLP as Special Counsel to the Trustee for Allowance of Third Interim Compensation and Reimbursement of Expenses for the Period July 1, 2005 Through February 29, 2008* (related document(s)1079 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Exhibit A - Service List) (Carroll, John) (Entered: 03/20/2008) |
| 03/20/2008 | 1086 | Order Authorizing Motion to Limit Notice and Approve Form and Manner Thereof Regarding Rosen, Bien & Galvan LLP as Special Counsel to the Trustee for Allowance of Third Interim Compensation and Reimbursement of Expenses for the Period July 1, 2005 Through February 29, 2008. (Related Doc # 1082) Order Signed on 3/20/2008. (LCN, ) (Entered: 03/20/2008) |
| 03/20/2008 | 1087 | Order Authorizing Motion to Limit Notice and Approve Form and Manner Thereof Regarding Cozen O'Connor as Special Counsel to the Trustee for Allowance of Twelfth Interim Compensation and Reimbursement of Expenses for the Period October 30, 2007 Through March 5, 2008. (Related Doc # 1081) Order Signed on 3/20/2008. (LCN, ) (Entered: 03/20/2008) |
| 03/20/2008 | 1088 | Order Authorizing Motion to Limit Notice and Approve Form and Manner Thereof Regarding Van Pelt, Yi & James LLP as Special Patent Counsel to the Trustee for Allowance of Second and Final Compensation and Reimbursement of Expenses for the Period May 1, 2005 Through May 9, 2007. (Related Doc # 1080) Order Signed on 3/20/2008. (LCN, ) (Entered: 03/20/2008) |
| 03/28/2008 | 1089 | Stipulation *(Sixth) to Extend Time for Filing Supplemental Briefs Regarding Motion for Relief from Stay Filed by Richard Goebel and Daniel Springer* Between Alfred Thomas Giuliano and Richard Goebel, Daniel Springer, Jeremy Lent . (related document(s)872 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 03/28/2008) |
| 04/01/2008 | 1090 | Order Approving Sixth Stipulation To Extend Time For Filing Supplemental Briefs Regarding Motion For Relief From Stay Filed By Richard Goebel And Daniel Springer. (related document(s)1089 ) Order Signed on 3/31/2008. (BMT, ) (Entered: 04/01/2008) |
| 04/07/2008 | 1091 | Certificate of No Objection *Regarding Final Application for Compensation and Reimbursement of Expenses for the Period May 1, 2005 through May 9, 2007 as Special Patent Counsel to the Trustee s* (related document(s)1077 ) Filed by Van Pelt, Yi & James LLP. (Carroll, John) (Entered: 04/07/2008) |
| 04/07/2008 | 1092 | Certificate of No Objection *Regarding Twelfth Interim Application for Compensation and Reimbursement of Expenses for the Period of October 30, 2007 through March 5, 2008 as Counsel to the Trustee* (related document(s) 1078 ) Filed by Cozen O'Connor. (Carroll, John) (Entered: 04/07/2008) |

| 04/07/2008 | 1093 | Certificate of No Objection *Regarding Third Interim Application for Compensation and Reimbursement of Expenses for the Period of July 1, 2005 through February 29, 2008 as Special Counsel to the Trustee* (related document(s)1079 ) Filed by Rosen, Bien & Galvan, LLP. (Carroll, John) (Entered: 04/07/2008) |
| --- | --- | --- |
| 04/07/2008 | 1094 | Notice of Agenda of Matters Scheduled for Hearing Filed by Alfred Thomas Giuliano Hearing scheduled for 4/9/2008 at 01:30 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Carroll, John) (Entered: 04/07/2008) |
| 04/09/2008 | 1095 | Order Approving Application of Cozen O'Connor as Counsel to the Trustee for Allowance of Twelfth Interim Compensation and Reimbursement of Expenses for the Period October 30, 2007 Through March 5, 2008. (Related Doc # 1078) Order Signed on 4/9/2008. (LCN, ) (Entered: 04/09/2008) |
| 04/09/2008 | 1096 | Order Approving Application of Van Pelt, Yi & James LLP as Special Counsel to Trustee for Allowance of Second and Final Fee Application for Compensation and Reimbursement of Expenses for the Period May 1, 2005 Through May 9, 2007. (Related Doc # 1077) Order Signed on 4/9/2008. (LCN, ) (Entered: 04/09/2008) |
| 04/09/2008 | 1097 | Order Approving Application of Rosen Bien & Galvan as Counsel to Trustee for Allowance of Third Interim Compensation and Reimbursement of Expenses for the Period July 1, 2005 Through February 29, 2008. (Related Doc # 1079) Order Signed on 4/9/2008. (LCN, ) (Entered: 04/09/2008) |
| 04/09/2008 | 1098 | Hearing Held/Court Sign-In Sheet (related document(s)1094 ) (LCN, ) (Entered: 04/11/2008) |
| 04/18/2008 | 1099 | Stipulation *to Extend Time for Filing Supplemental Briefs Regarding Motion for Relief from Stay filed by Richard Goebel and Daniel Springer Pending Approval of Settlement Stipulation* Between Alfred Thomas Giuliano and Richard Goebel, Daniel Springer and Jeremy Lent . (related document(s) 872 ) Filed by Alfred Thomas Giuliano. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 04/18/2008) |
| 04/24/2008 | 1100 | Order Approving Stipulation to Extend Time for Filing Supplemental Briefs Regarding Motion for Relief from Stay Filed by Richard Goebel and Daniel Springer Pending Approval of Settlement Stipulation. (related document(s) 872, 1099 ) Order Signed on 4/23/2008. (LCN, ) (Entered: 04/24/2008) |

**PACER Service Center**

| **Transaction Receipt** | | | |
|---|---|---|---|
| 05/08/2008 10:31:38 | | | |
| **PACER Login:** | pr1358 | **Client Code:** | 44804/012/8337 |
| **Description:** | Docket Report | **Search Criteria:** | 02-13376-KJC Fil or Ent: filed From: 2/28/2007 To: 5/8/2008 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** | 10 | **Cost:** | 0.80 |

# EXHIBIT 3



# Assignment Papers

**Supplied by:**

# REEDFAX

7 Walnut Grove, Horsham, PA 19044

Customer Service: 1-800-422-1337 or 215-441-4768
Fax: 1-800-421-5585 or 215-441-5463
**www.reedfax.com**
**email@reedfax.com**

## PATENT ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| Marshall Credit Strategies, LLC, a Texas limited liability company | 03/23/2007 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| Name: | NextCard, LLC, a Texas limited liability company |
| Street Address: | 2100 McKinney Avenue |
| Internal Address: | Suite 1770 |
| City: | Dallas |
| State/Country: | TEXAS |
| Postal Code: | 75201 |

**PROPERTY NUMBERS Total: 12**

| Property Type | Number |
|---|---|
| Patent Number: | 6405181 |
| Patent Number: | 6567791 |
| Patent Number: | 7143063 |
| Application Number: | 11543569 |
| Patent Number: | 6324524 |
| Application Number: | 09496896 |
| Patent Number: | 6718313 |
| Application Number: | 10782311 |
| Patent Number: | 6795812 |
| Application Number: | 10901715 |
| Application Number: | 09802481 |
| Application Number: | 09991894 |

**CORRESPONDENCE DATA**

Fax Number:                     (214)999-3623
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
Phone:                          2149993000
Email:                          ip@gardere.com
Correspondent Name:             Marc A. Hubbard
Address Line 1:                 1601 Elm Street
Address Line 2:                 Suite 3000
Address Line 4:                 Dallas, TEXAS 75201

| ATTORNEY DOCKET NUMBER: | 132538.6000 |
|---|---|

| NAME OF SUBMITTER: | Marc A. Hubbard |
|---|---|

Total Attachments: 2
source=132539_6000_Assignment2#page1.tif
source=132539_6000_Assignment2#page2.tif

## ASSIGNMENT AND BILL OF SALE

THIS ASSIGNMENT AND BILL OF SALE (the "*Assignment*") is entered into as of the 23rd day of March, 2007, by and between Marshall Credit Strategies, LLC, a Texas limited liability company ("*Assignor*") and NextCard, LLC, a Texas limited liability company ("*Assignee*").

## RECITALS

WHEREAS, Cardinal Partners, L.P., Cardinal Partners 2000, L.P., CD Fund, L.P., and Fintan Master Fund, Ltd. (collectively, the "*Owners*") are the sole members of Assignor;

WHEREAS, the Owners are the sole limited partners of Warbler Technologies, L.P. ("*Warbler*"), the sole member of Assignee;

WHEREAS, as a capital contribution from the Owners to Warbler and from Warbler to Assignee, and to avoid the administrative inconvenience of multiple transactions, Owners desire to cause Assignor to transfer all of its tangible and intangible assets (the "*Assets*") to Assignee; and

WHEREAS, Assignor now desires to transfer to Assignee the Assets.

## AGREEMENT

In consideration for the terms described in the recitals, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee hereby act and agree as follows:

1.    **Conveyance of Assets.** Assignor hereby conveys, transfers, and assigns to Assignee and its successors and permitted assigns the Assets, TO HAVE AND TO HOLD the Assets and all rights, titles and interests therein with all appurtenances thereto, together with all corresponding goodwill, unto Assignee, its successors and permitted assigns forever.

2.    **Further Assurances.** The parties agree to take such further actions and execute and deliver such other documents, certificates, agreements, and other instruments as may be necessary in order to consummate or implement this Assignment.

3.    **Binding Effect.** This Assignment and all the terms and provisions hereof, shall be binding upon and shall inure to the benefit of the Assignor and Assignee, and their respective successors and permitted assigns.

4.    **Counterparts.** This Assignment may be executed in several counterparts, and all so executed shall constitute one Assignment, binding on all of the parties hereto, notwithstanding that all the parties are not signatories to the original or the same counterpart. Any counterpart of this Assignment may be executed by facsimile transmission.

*Remainder of Page Intentionally Left Blank.*
*Signature Page(s) Follows.*

PATENT
REEL: 019341 FRAME: 0420

IN WITNESS WHEREOF, the undersigned have caused this Assignment to be duly executed.

ASSIGNOR:

**MARSHALL CREDIT STRATEGIES, LLC,**
a Texas limited liability company

By:     CPMG, Inc.,
        a Texas corporation,
        its manager

By:     _____
        Name: _____
        Title:   V P _____

ASSIGNEE:

**NEXTCARD, LLC,**
a Texas limited liability company

By:     Warbler Technologies, L.P,
        a Texas limited partnership

By:     CPMG, Inc.,
        a Texas corporation,
        its general partner

By:     _____
        Name: _____
        Title:   V P _____

Deed of Sale by the Marshall Credit Strategies to NextCard

**PATENT
REEL: 019341 FRAME: 0421**

# EXHIBIT 4

OMB APPROVAL

OMB Number: 3235–0145
Expires: February 28, 2009
Estimated average burden
hours per response...11

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**

# SCHEDULE 13G

**Under the Securities Exchange Act of 1934**
**(Amendment No. 3)\***

# Genitope Corporation

(Name of Issuer)
Common Stock
(Title of Class of Securities)
37229P507
(CUSIP Number)
August 7, 2006
(Date of Event Which Requires Filing of this Statement)

Check the appropriate box to designate the rule pursuant to which this Schedule is filed:

☐ Rule 13d–1(b)

☑ Rule 13d–1(c)

☐ Rule 13d–1(d)

\* The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter the disclosures provided in a prior cover page.

The information required in the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB control number.**

CUSIP No.        37229P507

| | | |
|---|---|---|
| **1** | NAMES OF REPORTING PERSONS:<br>CPMG, Inc.<br><br>I.R.S. IDENTIFICATION NOS. OF ABOVE PERSONS (ENTITIES ONLY):<br>77–0616887 | |
| **2** | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (SEE INSTRUCTIONS):<br><br>(a)  ☐<br>(b)  ☑ | |
| **3** | SEC USE ONLY: | |
| **4** | CITIZENSHIP OR PLACE OF ORGANIZATION:<br><br>Texas | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH: | **5** | SOLE VOTING POWER:<br><br>3,170,648 |
|---|---|---|
| | **6** | SHARED VOTING POWER:<br><br>0 |
| | **7** | SOLE DISPOSITIVE POWER:<br><br>3,170,648 |
| | **8** | SHARED DISPOSITIVE POWER:<br><br>908,404 |

| | | |
|---|---|---|
| **9** | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON:<br><br>4,079,052 | |
| **10** | CHECK IF THE AGGREGATE AMOUNT IN ROW (9) EXCLUDES CERTAIN SHARES (SEE INSTRUCTIONS):<br><br>☐ | |
| **11** | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (9):<br><br>11.4% | |
| **12** | TYPE OF REPORTING PERSON (SEE INSTRUCTIONS):<br><br>IA/CO | |

CUSIP No.          37229P507

**1**  NAMES OF REPORTING PERSONS:
Cardinal Investment Company, Inc. Profit Sharing Plan

I.R.S. IDENTIFICATION NOS. OF ABOVE PERSONS (ENTITIES ONLY):
75–2253447

**2**  CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (SEE INSTRUCTIONS):

(a)  ☐
(b)  ☑

**3**  SEC USE ONLY:


**4**  CITIZENSHIP OR PLACE OF ORGANIZATION:

Texas

NUMBER OF

SHARES
BENEFICIALLY
OWNED BY

EACH
REPORTING
PERSON

WITH:

**5**  SOLE VOTING POWER:

144,274

**6**  SHARED VOTING POWER:

0

**7**  SOLE DISPOSITIVE POWER:

144,274

**8**  SHARED DISPOSITIVE POWER:

0

**9**  AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON:

144,274

**10**  CHECK IF THE AGGREGATE AMOUNT IN ROW (9) EXCLUDES CERTAIN SHARES (SEE INSTRUCTIONS):

☐

**11**  PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (9):

0.4%

**12**  TYPE OF REPORTING PERSON (SEE INSTRUCTIONS):

EP

CUSIP No.          37229P507

| | |
|---|---|
| **1** | NAMES OF REPORTING PERSONS:<br>Edward W. Rose III<br><br>I.R.S. IDENTIFICATION NOS. OF ABOVE PERSONS (ENTITIES ONLY): |
| **2** | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (SEE INSTRUCTIONS):<br>(a)  ☐<br>(b)  ☑ |
| **3** | SEC USE ONLY: |
| **4** | CITIZENSHIP OR PLACE OF ORGANIZATION:<br><br>United States |

|  | | |
|---|---|---|
| NUMBER OF | **5** | SOLE VOTING POWER:<br><br>3,643,552 |
| SHARES<br>BENEFICIALLY<br>OWNED BY | **6** | SHARED VOTING POWER:<br><br>0 |
| EACH<br>REPORTING<br>PERSON | **7** | SOLE DISPOSITIVE POWER:<br><br>3,643,552 |
| WITH: | **8** | SHARED DISPOSITIVE POWER:<br><br>908,404 |

| | |
|---|---|
| **9** | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON:<br><br>4,551,956 |
| **10** | CHECK IF THE AGGREGATE AMOUNT IN ROW (9) EXCLUDES CERTAIN SHARES (SEE INSTRUCTIONS):<br><br>☐ |
| **11** | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (9):<br><br>12.7% |
| **12** | TYPE OF REPORTING PERSON (SEE INSTRUCTIONS):<br><br>IN |

This Amendment No. 3 to Schedule 13G is filed by and on behalf of CPMG, Inc., Cardinal Investment Company, Inc. Profit Sharing Plan, and Edward W. Rose III to amend and supplement that certain Schedule 13G with respect to shares of common stock of Genitope Corporation, a Delaware corporation, filed by CPMG, Inc., Cardinal Investment Company, Inc. Profit Sharing Plan, and Edward W. Rose III with the Securities and Exchange Commission on August 5, 2005, as amended by Amendment No. 1 to Schedule 13G filed by the reporting persons with the Commission on August 8, 2005 and Amendment No. 2 to Schedule 13G filed by the reporting persons with the Commission on February 2, 2006 (as amended, the "Schedule 13G"). Capitalized terms used and not defined herein shall have the meanings assigned to such terms in the Schedule 13G. Except as otherwise provided herein, all Items of the Schedule 13G remain unchanged.

**Item 1.**

  **(a)  Name of Issuer**

        Genitope Corporation

  **(b)  Address of Issuer's Principal Executive Offices**

        525 Penobscot Drive, Redwood City, California 94063

**Item 2.**

  **(a)  Name of Person Filing**

        The names of the persons filing this statement are: (i) CPMG, Inc. ("CPMG"); (ii) Cardinal Investment Company, Inc. Profit Sharing Plan (the "Plan"); and (iii) Edward W. Rose III.

        Pursuant to an investment advisory agreement between CPMG, on the one hand, and each such CPMG Fund (defined below), on the other hand, CPMG serves as an investment adviser to each of the following entities (each, a "CPMG Fund" and, collectively, the "CPMG Funds"): (i) Cardinal Partners 2000, L.P., a Texas limited partnership ("Cardinal Partners 2000"); (ii) Cardinal Partners, L.P., a Texas limited partnership ("Cardinal Partners"); (iii) CD Fund, L.P., a Texas limited partnership ("CD Fund"); (iv) CS Offshore Fund, Ltd., a Cayman Islands exempted company ("CS Offshore"); (v) CY Offshore Fund, Ltd., a Cayman Islands exempted company ("CY Offshore"); (vi) Fintan Master Fund, Ltd., a Cayman Islands exempted company ("Fintan"); (vii) George Kaiser Family Foundation, an Oklahoma not–for–profit foundation (the "Foundation"); and (viii) Kaiser–Francis Oil Company, a Delaware corporation ("Kaiser–Francis"). Pursuant to an investment advisory agreement between CPMG, on the one hand, and each such CPMG Fund, on the other hand, CPMG has or shares voting and/or investment (including dispositive) power with respect to shares of common stock of the issuer ("Shares") owned and/or held by or for the account or benefit of each CPMG Fund. Because of the relationships described herein, CPMG may be deemed to be a beneficial owner of: (i) 591,880 Shares owned and/or held by or for the account or benefit of Cardinal Partners 2000; (ii) 482,478 Shares owned and/or held by or for the account or benefit of Cardinal Partners; (iii) 209,368 Shares owned and/or held by or for the account or benefit of CD Fund; (iv) 601,360 Shares owned and/or held by or for the account or benefit of CS Offshore; (v) 1,494,930 Shares owned and/or held by or for the account or benefit of CY Offshore; (vi) 95,476 Shares owned and/or held by or for the account or benefit of Fintan; (vii) 440,950 Shares owned and/or held by or for the account or benefit of the Foundation; and (viii) 162,610 Shares owned and/or held by or for the account or benefit of Kaiser–Francis. CPMG expressly disclaims beneficial ownership of Shares owned and/or held by or for the account or benefit of any CPMG Fund, except to the extent of the pecuniary interest of CPMG in such Shares.

        Mr. Rose is the sole director of CPMG and the sole trustee of the Plan. Because of the relationships described herein, Mr. Rose may be deemed to be an indirect beneficial owner of (i) 4,079,052 Shares that may be deemed to be beneficially owned by CPMG; and (ii) 144,274 Shares beneficially owned directly and/or held by or for the account or benefit of the Plan. Mr. Rose expressly disclaims beneficial ownership of Shares beneficially

owned and/or held by or for the account or benefit of CPMG and/or the Plan, except to the extent of the pecuniary interest of Mr. Rose in such Shares.

      Each of the reporting persons declares that neither the filing of this statement nor anything herein shall be construed as an admission that such person is, for the purposes of Sections 13(d) or 13(g) of the Act, the beneficial owner of any securities covered by this statement.

**(b)  Address of Principal Business Office or, if none, Residence**

      The address of the principal business office of each of the reporting persons is 500 Crescent Court, Suite 250, Dallas, Texas 75201.

**(c)  Citizenship**

      CPMG, Inc. and Cardinal Investment Company, Inc. Profit Sharing Plan were organized under the laws of the State of Texas. Edward W. Rose III is a citizen of the United States.

**(d)  Title of Class of Securities**

      Common Stock, $0.001 par value per share, of Genitope Corporation

**(e)  CUSIP Number**

      37229P507

**Item 3. If this statement is filed pursuant to §§240.13d–1(b) or 240.13d–2(b) or (c), check whether the person filing is:**

| | | |
|---|---|---|
| (a) | ☐ | A Broker or dealer registered under Section 15 of the Act (15 U.S.C. 78o). |
| (b) | ☐ | A Bank as defined in Section 3(a)(6) of the Act (15 U.S.C. 78c). |
| (c) | ☐ | An insurance company as defined in Section 3(a)(19) of the Act (15 U.S.C. 78c). |
| (d) | ☐ | An investment company registered under Section 8 of the Investment Company Act of 1940 (15 U.S.C. 80a–8). |
| (e) | ☐ | An investment adviser in accordance with §240.13d–1(b)(1)(ii)(E). |
| (f) | ☐ | An employee benefit plan or endowment fund in accordance with §240.13d–1(b)(1)(ii)(F). |
| (g) | ☐ | A parent holding company or control person in accordance with §240.13d–1(b)(1)(ii)(G). |
| (h) | ☐ | A savings associations as defined in Section 3(b) of the Federal Deposit Insurance Act (12 U.S.C. 1813). |
| (i) | ☐ | A church plan that is excluded from the definition of an investment company under Section 3(c)(14) of the Investment Company Act of 1940 (15 U.S.C. 80a–3). |
| (j) | ☐ | A group, in accordance with §240.13d–1(b)(1)(ii)(J). |

**Item 4. Ownership.**

  **(a)  Amount beneficially owned:**

      See the disclosure provided in response to Item 9 on the attached cover page(s).

  **(b)  Percent of class:**

      See the disclosure provided in response to Item 11 on the attached cover page(s).

  **(c)  Number of shares as to which such person has:**

      **(i)      Sole power to vote or to direct the vote:**

          See the disclosure provided in response to Item 5 on the attached cover page(s).

      **(ii)     Shared power to vote or to direct the vote:**

          See the disclosure provided in response to Item 6 on the attached cover page(s).

      **(iii)    Sole power to dispose or to direct the disposition of:**

          See the disclosure provided in response to Item 7 on the attached cover page(s).

      **(iv)    Shared power to dispose or to direct the disposition of:**

          See the disclosure provided in response to Item 8 on the attached cover page(s).

**Item 5. Ownership of 5% or Less of a Class.**

      If this statement is being filed to report the fact that as of the date hereof the reporting person has ceased to be the beneficial owner of more than five percent of the class of securities, check the following   ☐.

**Item 6. Ownership of More than 5 Percent on Behalf of Another Person**

      Each CPMG Fund may have the right to receive or the power to direct the receipt of dividends from, or the proceeds from the sale of, Shares owned and/or held by or for the account or benefit of such CPMG Fund. Each CPMG Fund is identified in Item 2 of this statement.

**Item 7. Identification and Classification of the Subsidiary Which Acquired the Security Being Reported on by the Parent Holding Company or Control Person.**

      Not Applicable

**Item 8. Identification and Classification of Members of the Group**

     Each of the reporting persons declares that neither the filing of this statement nor anything herein shall be construed as an admission that such person is, for the purposes of Sections 13(d) or 13(g) of the Act, (i) acting (or has agreed or is agreeing to act together with any other person) as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, or disposing of securities of the issuer or otherwise with respect to the issuer or any securities of the issuer or (ii) a member of any group with respect to the issuer or any securities of the issuer.

**Item 9. Notice of Dissolution of Group**

     Each of the reporting persons declares that neither the filing of this statement nor anything herein shall be construed as an admission that such person is, for the purposes of Sections 13(d) or 13(g) of the Act, (i) acting (or has agreed or is agreeing to act together with any other person) as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, or disposing of securities of the issuer or otherwise with respect to the issuer or any securities of the issuer or (ii) a member of any group with respect to the issuer or any securities of the issuer.

**Item 10. Certifications**

     **(a)** Not Applicable

     **(b)** By signing below I certify that, to the best of my knowledge and belief, the securities referred to above were not acquired and are not held for the purpose of or with the effect of changing or influencing the control of the issuer of the securities and were not acquired and are not held in connection with or as a participant in any transaction having that purpose or effect.

**SIGNATURE**

Each reporting person certifies that, after reasonable inquiry and to the best of such reporting person's knowledge and belief, the information set forth in this statement is true, complete and correct.

**CPMG, Inc.**

By:      /s/ Kent McGaughy

Name:    Kent McGaughy
Title:    President
Date:     August 10, 2006

**Cardinal Investment Company, Inc. Profit Sharing Plan**

By:      /s/ Debbie Crady

Name:    Debbie Crady
Title:    Vice President
Date:     August 10, 2006

**Edward W. Rose III**

By:      /s/ Debbie Crady

Name:    Debbie Crady
Title:    Attorney–in–Fact
Date:     August 10, 2006

**EXHIBIT INDEX**

| Exhibit No. | Description of Exhibit |
|---|---|
| 24.1 | Power of Attorney dated August 10, 2006 of CPMG, Inc. |
| 24.2 | Power of Attorney dated August 10, 2006 of Cardinal Investment Company, Inc. Profit Sharing Plan |
| 24.3 | Power of Attorney dated August 10, 2006 of Edward W. Rose III |
| 99.1 | Joint Filing Agreement dated August 10, 2006 among CPMG, Inc., Cardinal Investment Company, Inc. Profit Sharing Plan, and Edward W. Rose III |

EXHIBIT 24.1

## POWER OF ATTORNEY
**August 10, 2006**

Know all by these presents, that each party hereto hereby makes, constitutes, and appoints each of John Bateman, Debbie Crady, and James Traweek (and each employee and authorized representative of such party or any affiliate of such party designated in writing by any such attorney–in–fact or agent), and each of them, as the true and lawful attorneys–in–fact and agents, and attorney–in–fact and agent, of such party with full power and authority and full power of substitution and resubstitution, for, in the name of, and on behalf of such party, place and stead, in any and all capacities, to (i) prepare, execute, and file or submit any filing or submission, as applicable, required by such party under Section 13 or Section 16 of the Exchange Act or any rule or regulation thereunder, any amendment, supplement, and/or exhibit thereto, and any other filing or submission or form, statement, report, or document in connection therewith with the Securities and Exchange Commission (and any national securities exchange, national securities association, or other authority or organization), for, in the name of, and on behalf of such party, (ii) do and perform any and all acts for, in the name of, and on behalf of such party which said attorneys–in–fact, or any of them, determine may be necessary or appropriate to prepare, execute, and file any such filing, amendment, supplement, and/or exhibit, other filing or submission, form, statement, report, or document in connection therewith, and (iii) take any and all action of any type whatsoever which said attorneys–in–fact or agents, or any of them, determine may be necessary or appropriate in connection with the foregoing. Each party hereto hereby grants unto said attorneys–in–fact and agents, and each of them, full power and authority to do and perform any and every act and thing whatsoever requisite, necessary, or proper to be done in the exercise of any of the rights, powers, and authorities herein granted, as fully to all intents and purposes as such party might or could do if personally present, with full power of substitution, resubstitution, or revocation, hereby ratifying and confirming all that said attorneys–in–fact and agents and designees, or any of them, shall lawfully do or cause to be lawfully done by virtue hereof and the rights, powers, and authorities herein granted. Each party hereto hereby acknowledges that the attorneys–in–fact and agents appointed hereby, and each of them, in serving in such capacity at the request of such party, are not assuming any responsibility of such party to timely file any such filing, for the completeness or accuracy of the information concerning such party or any other party contained in any such filing, or otherwise to comply with Section 13 or Section 16 of the Exchange Act or any rule or regulation thereunder. This Power of Attorney shall remain in full force and effect until (i) revoked by any party hereto in a signed writing provided to said attorneys–in–fact and agents, and each of them, and then only with respect to such revoking party, or (ii) any such attorney–in–fact or agent ceases to be employed by, or an authorized representative of, such party or any affiliate of such party, and then only with respect to such attorney–in–fact or agent.

IN WITNESS WHEREOF, each party hereto, being duly authorized, has caused this Power of Attorney to be executed and effective as of the date first written above.

CPMG, Inc.

By:      /s/ Kent McGaughy
Name:  Kent McGaughy
Title:    President
Date:    August 10, 2006

EXHIBIT 24.2

## POWER OF ATTORNEY
### August 10, 2006

    Know all by these presents, that each party hereto hereby makes, constitutes, and appoints each of John Bateman, Kent McGaughy, and James Traweek (and each employee and authorized representative of such party or any affiliate of such party designated in writing by any such attorney–in–fact or agent), and each of them, as the true and lawful attorneys–in–fact and agents, and attorney–in–fact and agent, of such party with full power and authority and full power of substitution and resubstitution, for, in the name of, and on behalf of such party, place and stead, in any and all capacities, to (i) prepare, execute, and file or submit any filing or submission, as applicable, required by such party under Section 13 or Section 16 of the Exchange Act or any rule or regulation thereunder, any amendment, supplement, and/or exhibit thereto, and any other filing or submission or form, statement, report, or document in connection therewith with the Securities and Exchange Commission (and any national securities exchange, national securities association, or other authority or organization), for, in the name of, and on behalf of such party, (ii) do and perform any and all acts for, in the name of, and on behalf of such party which said attorneys–in–fact, or any of them, determine may be necessary or appropriate to prepare, execute, and file any such filing, amendment, supplement, and/or exhibit, other filing or submission, form, statement, report, or document in connection therewith, and (iii) take any and all action of any type whatsoever which said attorneys–in–fact or agents, or any of them, determine may be necessary or appropriate in connection with the foregoing. Each party hereto hereby grants unto said attorneys–in–fact and agents, and each of them, full power and authority to do and perform any and every act and thing whatsoever requisite, necessary, or proper to be done in the exercise of any of the rights, powers, and authorities herein granted, as fully to all intents and purposes as such party might or could do if personally present, with full power of substitution, resubstitution, or revocation, hereby ratifying and confirming all that said attorneys–in–fact and agents and designees, or any of them, shall lawfully do or cause to be lawfully done by virtue hereof and the rights, powers, and authorities herein granted. Each party hereto hereby acknowledges that the attorneys–in–fact and agents appointed hereby, and each of them, in serving in such capacity at the request of such party, are not assuming any responsibility of such party to timely file any such filing, for the completeness or accuracy of the information concerning such party or any other party contained in any such filing, or otherwise to comply with Section 13 or Section 16 of the Exchange Act or any rule or regulation thereunder. This Power of Attorney shall remain in full force and effect until (i) revoked by any party hereto in a signed writing provided to said attorneys–in–fact and agents, and each of them, and then only with respect to such revoking party, or (ii) any such attorney–in–fact or agent ceases to be employed by, or an authorized representative of, such party or any affiliate of such party, and then only with respect to such attorney–in–fact or agent.

    IN WITNESS WHEREOF, each party hereto, being duly authorized, has caused this Power of Attorney to be executed and effective as of the date first written above.

**Cardinal Investment Company, Inc. Profit Sharing Plan**

By:   /s/ Debbie Crady

Name:  Debbie Crady
Title:   Vice President
Date:  August 10, 2006

EXHIBIT 24.3

## POWER OF ATTORNEY
### August 10, 2006

Know all by these presents, that each party hereto hereby makes, constitutes, and appoints each of John Bateman, Debbie Crady, Kent McGaughy, and James Traweek (and each employee and authorized representative of such party or any affiliate of such party designated in writing by any such attorney–in–fact or agent), and each of them, as the true and lawful attorneys–in–fact and agents, and attorney–in–fact and agent, of such party with full power and authority and full power of substitution and resubstitution, for, in the name of, and on behalf of such party, place and stead, in any and all capacities, to (i) prepare, execute, and file or submit any filing or submission, as applicable, required by such party under Section 13 or Section 16 of the Exchange Act or any rule or regulation thereunder, any amendment, supplement, and/or exhibit thereto, and any other filing or submission or form, statement, report, or document in connection therewith with the Securities and Exchange Commission (and any national securities exchange, national securities association, or other authority or organization), for, in the name of, and on behalf of such party, (ii) do and perform any and all acts for, in the name of, and on behalf of such party which said attorneys–in–fact, or any of them, determine may be necessary or appropriate to prepare, execute, and file any such filing, amendment, supplement, and/or exhibit, other filing or submission, form, statement, report, or document in connection therewith, and (iii) take any and all action of any type whatsoever which said attorneys–in–fact or agents, or any of them, determine may be necessary or appropriate in connection with the foregoing. Each party hereto hereby grants unto said attorneys–in–fact and agents, and each of them, full power and authority to do and perform any and every act and thing whatsoever requisite, necessary, or proper to be done in the exercise of any of the rights, powers, and authorities herein granted, as fully to all intents and purposes as such party might or could do if personally present, with full power of substitution, resubstitution, or revocation, hereby ratifying and confirming all that said attorneys–in–fact and agents and designees, or any of them, shall lawfully do or cause to be lawfully done by virtue hereof and the rights, powers, and authorities herein granted. Each party hereto hereby acknowledges that the attorneys–in–fact and agents appointed hereby, and each of them, in serving in such capacity at the request of such party, are not assuming any responsibility of such party to timely file any such filing, for the completeness or accuracy of the information concerning such party or any other party contained in any such filing, or otherwise to comply with Section 13 or Section 16 of the Exchange Act or any rule or regulation thereunder. This Power of Attorney shall remain in full force and effect until (i) revoked by any party hereto in a signed writing provided to said attorneys–in–fact and agents, and each of them, and then only with respect to such revoking party, or (ii) any such attorney–in–fact or agent ceases to be employed by, or an authorized representative of, such party or any affiliate of such party, and then only with respect to such attorney–in–fact or agent.

IN WITNESS WHEREOF, each party hereto, being duly authorized, has caused this Power of Attorney to be executed and effective as of the date first written above.

**Edward W. Rose III**

By:     /s/ Edward W. Rose III
Name:  Edward W. Rose III
Date:   August 10, 2006

EXHIBIT 99.1

**JOINT FILING AGREEMENT**
**August 10, 2006**

   Pursuant to and in accordance with the Securities Exchange Act of 1934, as amended, and the rules and regulations thereunder, each party hereto hereby agrees to the joint filing, on behalf of each of them, of any filing required by such party under Section 13 or Section 16 of the Exchange Act or any rule or regulation thereunder (including any amendment, supplement, and/or exhibit thereto) with the Securities and Exchange Commission (and, if such security is registered on a national securities exchange or national securities association, also with the exchange or association), and further agrees to the filing and/or incorporation by reference of this Joint Filing Agreement as an exhibit thereto. This Joint Filing Agreement shall remain in full force and effect until revoked by any party hereto in a signed writing provided to each other party hereto, and then only with respect to such revoking party.

   IN WITNESS WHEREOF, each party hereto, being duly authorized, has caused this Joint Filing Agreement to be executed and effective as of the date first written above.

**CPMG, Inc.**

By:      /s/ Kent McGaughy
Name:  Kent McGaughy
Title:    President
Date:    August 10, 2006

**Cardinal Investment Company, Inc. Profit Sharing Plan**

By:      /s/ Debbie Crady
Name:  Debbie Crady
Title:    Vice President
Date:    August 10, 2006

**Edward W. Rose III**

By:      /s/ Debbie Crady
Name:  Debbie Crady
Title:    Attorney–in–Fact
Date:    August 10, 2006