IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIVEPERSON, INC.,                              )
                                               )
            Plaintiff,                         )
                                               )
      v.                                       )    Civil Action No. 08-062 (GMS)
                                               )
NEXTCARD, LLC and MARSHALL                     )
CREDIT STRATEGIES, LLC,                        )
                                               )
            Defendants.                        )
                                               )

**DECLARATION OF KIMBERLY A. MOTTLEY, ESQ. IN SUPPORT OF
LIVEPERSON, INC.'S BRIEF IN OPPOSITION TO DEFENDANTS NEXTCARD, LLC
& MARSHALL CREDIT STRATEGIES, LLC'S MOTIONS TO DISMISS
AND, IN THE ALTERNATIVE, IN SUPPORT OF ITS
<u>MOTION FOR TARGETED JURISDICTIONAL DISCOVERY</u>**

I, Kimberly A. Mottley, Esq, state:

1.      I am an attorney with the law firm of Proskauer Rose LLP in Boston, Massachusetts, counsel for Plaintiff LivePerson, Inc. ("LivePerson"). I am familiar with the facts of the above-captioned case.

2.      Over the past three weeks, I have been engaged in negotiations with counsel for Defendants, Donald Puckett of The Ware Firm, during which we discussed a period of limited jurisdictional discovery in advance of LivePerson's opposition to Defendants' motions to dismiss based on lack of personal jurisdiction. The details of those negotiations are set forth herein, and true and accurate copies of the correspondence between counsel for the parties during those negotiations is attached hereto as specified below.

3.      On April 16, 2008, Steven Bauer (lead counsel for LivePerson in this case) had a first conversation with Mr. Puckett, during which Mr. Puckett requested that, as a first step in

1

this negotiation, we should send him a letter itemizing the types of jurisdictional discovery LivePerson was seeking. On April 17, 2008, we sent the requested letter itemizing nine categories of information LivePerson would seek by way of documents and interrogatories, and depositions of the two affiants of the affidavits submitted with Defendants' motions to dismiss. That letter is attached hereto as Exhibit A. Mr. Puckett and I scheduled a call for April 22, 2008, to discuss the proposal set forth in our April 17 letter.

4.      On April 21, 2008, Mr. Puckett responded by letter in advance of the April 22 call. In that letter, Mr. Puckett stated that his clients would agree to some limited discovery, on specified conditions. That letter is attached hereto as Exhibit B.

5.      In a conversation with Mr. Puckett on April 22, 2008, he stated that Defendants may be willing to provide additional discovery beyond what was set forth in his April 21, 2008 letter, and would be willing to produce discovery on behalf of CPMG, Inc. ("CPMG") and Warbler Technologies, L.P. ("Warbler") in addition to the named defendants, NextCard, LLC ("NextCard") and Marshall Credit Strategies, LLC ("MCS"). He expressed that Defendants' primary concern in expanding the scope of discovery was whether LivePerson's discovery would seek information in support of specific jurisdiction (which was presumably acceptable to Defendants), as opposed to general jurisdiction (seeking information concerning contacts of CPMG and Warbler with Delaware beyond those ties related to the patents-in-suit). I memorialized my understanding of our conversation in an April 24, 2008 letter to Mr. Puckett. That letter is attached hereto as Exhibit C.

6.      On April 28, 2008, Mr. Puckett responded by letter, setting forth a proposal for moving forward, and narrowing the categories originally set out in our April 17 letter

2

substantially. That letter is attached hereto as Exhibit D. Mr. Puckett and I spoke later that day about that proposal, and I expressed to him that he had cut the heart of the discovery requests by eliminating the category of information concerning the patents-in-suit. We agreed to discuss with our clients and speak again on April 30.

7.      Mr. Puckett responded by letter on April 30, 2008. That letter is attached hereto as Exhibit E. In essence, Mr. Puckett took the position that his clients would only agree to discovery related to the specific jurisdictional issues, and that he would not agree to any discovery on general jurisdictional issues. My understanding was that he contended that if the general jurisdictional contacts were not publicly known, he would not allow his client to answer questions about contacts of which we were not already aware. On a call later that day, Mr. Puckett offered to produce documents on behalf of Defendants, and CPMG and Warbler, concerning topics 1-4, 6, and 9 of our April 17, 2008 letter, as well as documents concerning topic 8 of our April 17 letter but only to the extent they related to the proposed purchase of and decision to purchase patents from NextCard, Inc., plans to transfer the patents-in-suit after acquisition, execution of the March 22, 2007 Patent Purchase Agreement between NextCard Inc. and MCS, and assignment of the patents-in-suit from MCS to NextCard. As to the remainder of the issues listed in topic 8, Mr. Puckett's clients apparently agreed to respond to an interrogatory only identifying the entities and persons involved in valuation of the patents-in-suit, due diligence performed on those patents, and enforcement of those patents. Mr. Puckett's clients also agreed to produce the two affiants for 3.5 hour depositions each at Mr. Puckett's office as Defendants' corporate representatives on these same topics.

3

8.    On May 1, 2008, I advised Mr. Puckett that, in view of the case law and issues raised, LivePerson intended to move to amend the complaint to join CPMG and Warbler to this case as defendants, and that we would want to take some jurisdictional discovery concerning CPMG's and Warbler's general contacts with Delaware. In that discussion, I told Mr. Puckett that we did not intend this additional discovery to be extensive, and asked for his clients' agreement to answer _one_ additional interrogatory response (identifying Delaware companies in which CPMG invests or does business with, and the nature of those relationships), and that they agree to answer some questions during the same depositions we had already agreed-upon, requiring no additional deposition time, and no additional document production.

9.    Mr. Puckett responded by letter later that day, saying that Defendants were withdrawing any prior offer of jurisdictional discovery, and would instead require LivePerson to oppose the motion on the public record only. A copy of that letter is attached hereto as Exhibit F.

I declare under the penalty of perjury that the foregoing is true and accurate and that this Declaration was executed on May 8, 2008.

Kimberly A. Mottley
Attorney for Plaintiff LivePerson, Inc.

4

# EXHIBIT A

One International Place
22nd Floor
Boston, MA  02110-2600
Telephone 617.526.9600
Fax 617.526.9899

BOCA RATON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEW YORK
NEWARK
PARIS
SÃO PAULO
WASHINGTON

# PROSKAUER ROSE LLP

**Steven M. Bauer**
Member of the Firm

Direct Dial: 617.526.9700
sbauer@proskauer.com

April 17, 2008

_**Via Email and U.S. Mail**_

Donald Puckett, Esq.
The Ware Firm
1701 North Market Street,
Suit 330
Dallas, Texas 75202-2088

Re:     _**LivePerson Inc. v. NextCard LLC and Marshall Credit Strategies, LLC**_

Dear Don:

Thank you for taking the time yesterday to speak with me.  As per our conversation, the parties have agreed to a two week extension for LivePerson, Inc. ("LivePerson") to oppose the motions to dismiss brought by NextCard LLC ("NextCard") and Marshall Credit Strategies, LLC ("MCS"), to allow us time to further discuss potential agreement on a period of targeted jurisdictional discovery.

As per your request, I have set forth below a sample list of documents and things that we are seeking from NextCard, MCS, and the related entities mentioned in the affidavits accompanying the motions to dismiss, including Warbler Technologies, L.P. ("Warbler"), Cardinal Partners, L.P. ("CP"), Cardinal Partners 2000, L.P. ("CP 2000"), CD Fund, L.P. ("CD Fund"), Fintan Master Fun, Ltd. ("Fintan"), and CPMG, Inc. ("CPMG").  As part of any agreement, I would expect that you would agree to accept service of subpoenas on behalf of the entities listed here which are not presently parties to the lawsuit.

1.    All documents and things referred to by any affiant in support of NextCard and MCS's Motions to Dismiss, filed on April 7, 2008.

2.    Documents sufficient to verify all statements made by any affiant in support of NextCard and MCS's Motions to Dismiss, filed on April 7, 2008.

Donald Puckett, Esq.
April 17, 2008
Page 2

3.  All documents and things concerning LivePerson, Inc.

4.  All documents and things concerning NextCard's representation that "it has no basis to know, one way or the other, whether LivePerson supplies software to the defendants that NextCard, LLC will accuse of infringement."  *See* NextCard's Motion to Dismiss at 15, filed on April 7, 2008.

5.  All contacts between NextCard, MCS, Warbler, CP, CP 2000, CD Fund, Fintan, or CPMG with Delaware or any companies based or incorporated in Delaware.

6.  Documents sufficient to show the organization, management, control, ownership, common employees, date(s) and location(s) of incorporation, business location(s), and financial relationships of and between MCS, NextCard, Warbler, CPMG, CP, CP 2000, CD Fund, Fintan and any additional related corporate entities.

7.  Documents sufficient to show the basis for and the reasons behind the decisions to incorporate MCS, Warbler, and NextCard, including but not limited to, all board of director meeting minutes discussing strategies for or motivations behind corporate structures of those entities, and all communications between CPMG, CP, CP 2000, CD Fund, and Fintan and their agents in connection with and leading up to these incorporations.

8.  All documents and things from MCS, MCS's Managing Members, management, investors and other entities with an ownership or management interest in MCS, including but not limited to CPMG, CP, CP 2000, CD Fund, and Fintan, concerning the proposed purchase of and decision to purchase patents from NextCard, Inc. ("the NextCard Patents"), including, but not limited to, all documents and correspondence concerning the value of the NextCard Patents; any due diligence performed on the NextCard Patents; any plans to transfer the NextCard Patents after acquisition; all documents concerning and leading up to the execution of the Patent Purchase Agreement between NextCard Inc. and MCS, dated March 22, 2007; all documents concerning the assignment of the NextCard Patents from MCS to NextCard; and strategy for enforcing the NextCard Patents after their acquisition.

9.  All documents concerning MCS's efforts to comply with ¶ 10.11 of the Patent Purchase Agreement between NextCard Inc. and MCS, dated March 22, 2007.

We would also expect to serve interrogatories related to these same categories of information.

Donald Puckett, Esq.
April 17, 2008
Page 3

In addition, we would want your agreement to take the depositions of at least James Traweek and James Bateman, who provided affidavits in support of NextCard and MCS's motions to dismiss. We assume that Mr. Traweek or Mr. Bateman would be able to authenticate those documents produced by the Defendants and other parties identified above during their depositions, but if they are unable to do so, we might need the deposition of an individual(s) who could do so. That issue, however, could be deferred until we see the documents.

I look forward to hearing from you as soon as possible whether your clients will agree to provide us with this discovery, absent a court order. Can we discuss this tomorrow (Friday) at 10 a.m. EDT?

Sincerely,

Steven M. Bauer

# EXHIBIT B

# THE WARE FIRM
Attorneys At Law

**DALLAS**
1701 N. Market Suite 330
Dallas, Texas 75202
Phone: 214.744.5000
Fax: 214.744.5013

**AUSTIN**
300 West 6th Street, Suite 1700
Austin, Texas 78701
Phone: 512-692-8684
Fax: 512-692-8744

Donald Puckett
dpuckett@thewarefirm.com

April 21, 2008

**Via email to: sbauer@proskauer.com**
Steven M. Bauer
Proskauer Rose LLP
One International Place, 22nd Floor
Boston, MA 02110-2600

Re:     Jurisdictional Discovery in *Liveperson v. NextCard LLC*

Dear Steven:

I am writing in response to your letter of April 17 regarding LivePerson's request for my clients to agree to voluntary jurisdictional discovery.

Since we spoke about this issue on the phone, I have taken a close look at the relevant authorities, and I have concluded that it is very unlikely the Court will order jurisdictional discovery on the facts of this case. In particular, I urge you to consider Judge Sleet's opinion in *Telcordia Technologies, Inc. v. Alcatel*, 2005 U.S. Dist. LEXIS 10194 (2005). In that case, Judge Sleet denied the plaintiff any jurisdictional discovery at all in light of his conclusion that the plaintiff's jurisdictional theories were frivolous.

In our case, my clients believe LivePerson's jurisdictional theories are not simply wrong, but in fact are frivolous. Even if the Court considers MCS's and NextCard's Delaware contacts together – a point that we certainly do not concede – the Defendants' only contact with Delaware is the purchase of the patents there. That contact is only tangentially related to LivePerson's substantive patent claims, and does not have the required nexus with LivePerson's claims to support specific jurisdiction.

As we stated in our briefs supporting the motions to dismiss, we are unaware of any case authority supporting your apparent contention that Delaware has personal jurisdiction over all substantive patent disputes related to the Patents-In-Suit merely because those patents passed through a Delaware bankruptcy. Indeed, this novel theory of personal jurisdiction is contrary to well established Federal Circuit cases such as *Red Wing Shoe*. Moreover, additional jurisdictional discovery is not needed to flesh-out this jurisdictional theory because all of the relevant specific jurisdictional contacts are already before the Court.

Steven M. Bauer
April 21, 2008
Page 2

The lion's share of your requested discovery is precisely the sort of "fishing expedition" disfavoured by Judge Sleet in the *Telecordia* opinion.  LivePerson appears to be pursuing a theory that would establish general jurisdiction over one or more of the Defendants' parent corporations, and then attempt to impute general jurisdiction down-stream to the subsidiaries.  This line of inquiry also is frivolous for at least two reasons.

First, LivePerson has no reason to believe that any of the Defendants' parent corporations are subject to general jurisdiction in Delaware.  If any of the parent corporations were conducting "systematic and continuous" business in Delaware, then you would be able to find some publicly available evidence documenting that.

Second, even if LivePerson could establish general jurisdiction over one of the parent corporations, you would be required to show that the parent corporation was acting as the general agent or alter ego of NextCard or MCS in order to impute these jurisdictional contacts down-stream.  In other words, even if NextCard or MCS were general agents of their parent corporations – a point that we again do not concede – this would not be a basis for imputing the parent corporation's general jurisdiction contacts down-stream to the subsidiary.  It goes without saying that it would be an extraordinary case indeed when the parent corporation is the general agent or alter ego of the subsidiary, and I feel quite confident that you cannot present any evidence suggesting any possibility that you will be able to prove as much with your requested discovery.

In short, we believe all of the relevant jurisdictional contacts (*i.e.* all contacts concerning the Patents-In-Suit) are before the Court based upon the affidavits submitted in support of the motions to dismiss, and LivePerson's attempt to explore jurisdictional contacts unrelated to the patents is over-reaching.

Notwithstanding our firm belief that you are unlikely to prevail on a motion seeking court-ordered jurisdictional discovery, my clients will voluntarily agree to some limited discovery to permit LivePerson a reasonable opportunity to test the veracity of the affidavits submitted to the Court.  Specifically, my clients will agree to the following discovery on the conditions set forth below.

We will agree to produce all documents referenced in the affidavits of James Traweek and John Bateman, and we will present each of these two witnesses for depositions of no more than two hours each at my office in Dallas, Texas.  The conditions are: (1) that the documents and deposition transcripts be protected under a protective order with an "attorneys eyes only" designation, and (2) LivePerson agrees in advance that it will not seek additional discovery from the Court following this voluntary discovery.

We feel this is a reasonable offer of limited jurisdictional discovery that allows LivePerson to test the affidavits without imposing undue burden on my clients.  If this proposal is not acceptable to LivePerson, then please be advised that we will oppose any discovery motion you intend to file with

Steven M. Bauer
April 21, 2008
Page 3

the Court by asking the Court to deny all jurisdictional discovery, as Judge Sleet did in the *Telcordia* case.

Let me raise one independent issue. As you know, the face of LivePerson's complaint recognizes that MCS no longer retains any ownership interest in the Patents-In-Suit, and you should therefore agree that MCS is not a proper party to the lawsuit. We feel that the inclusion of MCS in the lawsuit is not warranted, and it is incumbent upon LivePerson to immediately dismiss MCS from the lawsuit. We respectfully ask that you do so immediately.

I look forward to conferring with you and/or Kimberly Mottley on these issues on Tuesday, April 22, 2008 at 3pm CST (4pm EST).

Sincerely,

Donald Puckett

cc:     Kimberly Mottley (via email to kmottley@proskauer.com)

# EXHIBIT C

BOCA RATON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEW YORK
NEWARK
PARIS
SÃO PAULO
WASHINGTON

One International Place
Boston, MA  02110-2600
Telephone 617.526.9600
Fax 617.526.9899

# PROSKAUER ROSE LLP

**Kimberly A. Mottley**
Attorney at Law

Direct Dial 617.526.9616
kmottley@proskauer.com

April 24, 2008

**By E-Mail**

Donald Puckett, Esq.
Monts & Ware LLP
1701 N Market St
Suite 330
Dallas, Texas 75202-1897

      Re:     <u>LivePerson, Inc. v. NextCard, LLC and Marshall Credit Strategies, LLC</u>

Dear Don:

      I write to follow-up on our April 22, 2008 call concerning whether we will be able to reach a compromise position on jurisdictional discovery in the above-referenced matter.  As I expressed during our call, we disagree with your argument that jurisdiction is lacking in Delaware.

      As I understand it, your clients' primary concern is whether the discovery we seek will be aimed towards establishing specific jurisdiction (i.e., related to the patents-in-suit or LivePerson), or general jurisdiction (i.e., looking to all contacts of your clients, including CPMG, Inc. and Warbler Technologies, LP, with Delaware, including those wholly unrelated to the patents-in-suit or LivePerson).  As we understand the facts, we may argue general jurisdiction, but we can mostly limit the jurisdictional discovery we're seeking here to discovery related to specific jurisdiction, along with corporation/operations information regarding the relations of the four entities as discussed during our call and set out in paragraphs 6 and 7 of our April 17, 2008 letter.  The only change to our April 17 proposal this agreement would require would be dropping our request in paragraph 5.

      I also agree that we should be able to reach agreement on a reasonable number of document requests and interrogatories.  Basically, you have our document requests in the April 17, 2008 letter (but for removal of paragraph 5 as discussed above), and I do not anticipate much change to those.  As to interrogatories, 15 per answering party should be sufficient.

PROSKAUER ROSE LLP

Donald Puckett, Esq.
April 24, 2008
Page 2

Please let me know if we can discuss this further on Monday, April 28, 2008, at 4:00 p.m. Eastern, once you've had the chance to discuss with your clients.

Regards,

Kimberly A. Mottley

# EXHIBIT D

# THE WARE FIRM

Attorneys At Law

**DALLAS**
1701 N. Market Suite 330
Dallas, Texas 75202
Phone: 214.744.5000
Fax: 214.744.5013

**AUSTIN**
300 West 6th Street, Suite 1700
Austin, Texas 78701
Phone: 512-692-8684
Fax: 512-692-8744

Donald Puckett
dpuckett@thewarefirm.com

April 28, 2008

**Via email to: kmottley@proskauer.com**
Kimberly Mottley
Proskauer Rose LLP
One International Place, 22nd Floor
Boston, MA 02110-2600

Re:    Jurisdictional Discovery in *Liveperson v. NextCard LLC*

Dear Kim:

I still hope that we can reach agreement on a reasonable amount of jurisdictional discovery, but NextCard believes that the jurisdictional discovery you requested in your April 24 letter is too broad.

We propose to resolve our disagreement on the scope of jurisdictional discovery by taking the following steps. First, the parties would jointly ask the Court to enter into a protective order that is substantially identical to the Standard Protective Order used by Judge T. John Ward in the Eastern District of Texas.  A copy of Judge Ward's Standard Protective Order is attached for your convenience.

Second, at the time of filing the motion for entry of the protective order, the parties would enter into a stipulation with the Court stating the following:

1.    Within 14 days of entry of the protective order, Defendants will produce documents described in categories 1-4, 6 and 9 of Mr. Bauer's April 17 letter.  Plaintiff will attach the requests for production to the stipulation, and Defendants will agree to fully answer the requests without objection other than objections for privilege.

2.    At the time the documents are produced, Defendants also will produce a privilege log of any documents withheld on the basis of privilege.

3.    MCS and NextCard will each agree to submit for three hours of deposition testimony. James Traweek and John Bateman (the affiants in support of our motions to dismiss) will be the

Kimberly Mottley
April 24, 2008
Page 2

respective corporate representatives. The stipulation will attach the 30(b)(6) deposition notices with topics limited to the same topics for which we are producing documents (1-4, 6 and 9 of the April 17 letter). The depositions will take place at my office in Dallas, Texas.

4.    Plaintiff stipulates that it shall be proper for Defendants' counsel to instruct witnesses not to answer deposition questions that are not within the scope of the 30(b)(6) deposition topics.

5.    Plaintiff agrees that it will not seek additional jurisdictional discovery from the Court following the document production and depositions described above. Plaintiff may move the Court to compel production on the agreed document requests or seek a ruling on any claims of privilege, if necessary, and may move the Court to compel answers to deposition questions that were within the scope of the agreed topics, if necessary. Plaintiff stipulates that it will not, however, ask the Court to order additional document production, interrogatories, requests for admission, or depositions other than that agreed to above.

We feel that this is a fair and reasonable compromise on the scope of jurisdictional discovery. I look forward to discussing it with you this afternoon at 4pm EST / 3pm CST.

Sincerely,

Donald Puckett

cc:    Steven Bauer (via email to sbauer@proskauer.com)

**APPENDIX B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| C2 COMMUNICATIONS TECHNOLOGIES, | § | |
| INC. | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-241(TJW) |
| | § | |
| AT&T, INC., ET AL. | § | |

### STANDARD PROTECTIVE ORDER

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such

Confidential Information; and

4.    To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.    Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2.    Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

3.    At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have

the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4.    Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.    Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

   (a)    Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

   (b)    Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

   (c)    The Court.

   Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6.    Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only

identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7.  The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8.  To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9.  Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12. After termination of this litigation, the provisions of this Order shall continue to be binding,

except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15. The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

So ORDERED AND SIGNED this _____ day of _____, 2007.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

# EXHIBIT E

# THE WARE FIRM

Attorneys At Law

**DALLAS**
1701 N. Market Suite 330
Dallas, Texas 75202
Phone: 214.744.5000
Fax: 214.744.5013

**AUSTIN**
300 West 6th Street, Suite 1700
Austin, Texas 78701
Phone: 512-692-8684
Fax: 512-692-8744

Donald Puckett
dpuckett@thewarefirm.com

April 30, 2008

**Via email to: kmottley@proskauer.com**
Kimberly Mottley
Proskauer Rose LLP
One International Place, 22nd Floor
Boston, MA 02110-2600

       Re:     Jurisdictional Discovery in *Liveperson v. NextCard LLC*

Dear Kim:

Following up on our last telephone conversation, I think I now understand our apparent disconnect regarding LivePerson's jurisdictional theories. In short, I think this is a case of mistaken (corporate) identity. While there does appear to be a company registered in Delaware called CPMG, Inc., I can assure you that this entity is not the same entity as the CPMG, Inc. that is registered in Texas and that is a corporate parent of NextCard, LLC.

Attached are documents from the Texas Secretary of State demonstrating that CPMG, Inc., Warbler Technologies, L.P., Cardinal Partners, L.P., CD Fund, L.P., Marshall Credit Systems, LLC, and NextCard, LLC are all incorporated in Texas.

We did find a company registered in Delaware named CPMG, Inc. My paralegal called the Delaware Secretary of State's office and was told that this company was formed by a gentleman named George Chresand. Some internet searching revealed to us that Mr. Chresand is associated with a company called Columbia Park Medical Group. Although the Delaware Secretary of State would not provide us with documentation to show this, I think you can easily confirm this with your own research.

My client assures me that CPMG, Inc of Texas is wholly and completely unrelated to the CPMG, Inc. that is incorporated in Delaware, and has no affiliation whatsoever to George Chresand and/or Columbia Park Medical Group. The identical corporate name is simply a coincidence.

In light of this mistaken identity, I now understand why LivePerson thought it had some conceivable chance of establishing personal jurisdiction over NextCard, LLC in Delaware. But, once

Kimberly Mottley
April 24, 2008
Page 2

you have confirmed that the corporate parents of NextCard are all Texas corporations, I think you
will agree that jurisdiction in Delaware is simply lacking.

Please consider the following:

1.    MCS no longer has any ownership interest in the patents, and is not a proper party to
the lawsuit.  Your apparent contention that MCS was required to received bankruptcy trustee
approval of subsequent assignments is contradicted by the relevant documents, including the Patent
Purchase Agreement, the Patent Assignments, and most importantly the bankruptcy court order
approving the sale, each of which state on numerous occasions that the sale/assignment is free and
clear of all encumbrances of any kind whatsoever.  You have simply misread paragraph 10.11 of the
Patent Purchase Agreement, which requires trustee approval of the assignment of rights under that
agreement (*i e* purchasers rights during the due diligence period, entitlement to a break-up fee, etc.),
but does not require trustee approval of subsequent licensing or assignment of the patents.

2.    NextCard, LLC itself has no connection to Delaware whatsoever.  You will be
required to show that NextCard , LLC exercised control over another entity such that the other entity
was NextCard's general agent or alter ego in order to impute jurisdictional contacts of another entity.

3.    Even if MCS's purchase of the patents in Delaware is considered, LivePerson can cite
to no case saying that the purchase of a patent vests the courts of that state with jurisdiction to hear
all substantive patent suits.  LivePerson apparently intends to ask the district court to make new law
on this point.

4.    All of NextCard's and MCS's corporate parents are incorporated in Texas.

In light of the foregoing, we assert once again that LivePerson's assertion of personal
jurisdiction in Delaware is simply frivolous.  We respectfully request that you dismiss the Delaware
lawsuit in its entirety within five days.  Please let this letter serve as formal notice that if LivePerson
continues to assert jurisdiction in Delaware now that it is aware that NextCard's parent corporations,
including CPMG, Inc., are not Delaware corporations, we reserve our right to seek sanctions
following the district court's dismissal of the case for lack of personal jurisdiction.

I look forward to discussing these issues with you later today.

Sincerely,

Donald Puckett

cc:    Steven Bauer (via email to sbauer@proskauer.com)

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY                                Page 1 of 1



UCC | **Business Organizations** | **Trademarks** | **Account** | **Help/Fees** | **Briefcase** | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 800277634 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | December 9, 2003 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 17706168873 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | CPMG, Inc. |
| **Address:** | 2100 MCKINNEY AVENUE #1770 DALLAS, TX 75201 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Address | Inactive Date |
|---|---|---|
| John E Bateman | 2100 McKinney, Suite 1770 Dallas, TX 75201 USA | |

[ Order ]    [ Return to Search ]

Instructions:
 ○ To place an order for additional information about a filing press the 'Order' button

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY                                    Page 1 of 1



<u>UCC</u> | <u>Business Organizations</u> | <u>Trademarks</u> | <u>Account</u> | <u>Help/Fees</u> | <u>Briefcase</u> | <u>Logout</u>

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 800791888 | **Entity Type:** | Domestic Limited Partnership (LP) |
| **Original Date of Filing:** | March 23, 2007 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | Warbler Technologies, L.P. |
| **Address:** | 2100 McKinney Ave., Ste. 1770 Dallas, TX 75201 USA |

| <u>REGISTERED AGENT</u> | <u>FILING HISTORY</u> | <u>NAMES</u> | <u>MANAGEMENT</u> | <u>ASSUMED NAMES</u> | <u>ASSOCIATED ENTITIES</u> |
|---|---|---|---|---|---|

| Name | Address | | | **Inactive Date** | |
|---|---|---|---|---|---|
| John Bateman | 2100 McKinney Ave., Ste. 1770 Dallas, TX 75201 USA | | | | |

[ Order ]     [ Return to Search ]

Instructions:
⦿ To place an order for additional information about a filing press the 'Order' button

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY                                Page 1 of 1



**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 11740110 | **Entity Type:** | Domestic Limited Partnership (LP) |
| **Original Date of Filing:** | February 11, 1999 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 00000000000 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | CARDINAL PARTNERS, L.P. |
| **Address:** | 500 CRESCENT COURT SUITE 250 |
| | Dallas, TX 75201 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| **Name** | **Address** | **Inactive Date** |
|---|---|---|
| John Bateman | 2100 McKinney, Suite 1770 Dallas, TX 75201 USA | |

[ Order ]     [ Return to Search ]

Instructions:
  ◉ To place an order for additional information about a fillng press the 'Order' button

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY                                    Page 1 of 1



**UCC** | **Business Organizations** | **Trademarks** | **Account** | **Help/Fees** | **Briefcase** | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 800530091 | **Entity Type:** | Domestic Limited Partnership (LP) |
| **Original Date of Filing:** | August 10, 2005 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | | **FEIN:** | |
| **Duration:** | Perpetual | | |

**Name:** CD Fund, L.P
**Address:** 500 Crescent Court, Ste 250
Dallas, TX 75201 USA

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Address | Inactive Date |
|---|---|---|
| John E Bateman | 2100 McKinney, Suite 1770 Dallas, TX 75201 USA | |

[ Order ]     [ Return to Search ]

Instructions:
- To place an order for additional information about a filing press the 'Order' button

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY                                        Page 1 of 1



UCC | **Business Organizations** | **Trademarks** | **Account** | **Help/Fees** | **Briefcase** | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 800690148 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | August 4, 2006 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32020355973 | **FEIN:** | |
| **Duration:** | Perpetual | | |

**Name:** Marshall Credit Strategies, LLC
**Address:** 2100 MCKINNEY AVE STE 1770
DALLAS, TX 75201-2121 USA

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| **Name** | **Address** | **Inactive Date** |
|---|---|---|
| Edward W Rose III | 500 Crescent Court, Suite 250 Dallas, TX 75201 USA | |

[ Order ]     [ Return to Search ]

Instructions.
◉ To place an order for additional information about a filing press the 'Order' button

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY                                                 Page 1 of 1



**UCC | Business Organizations | Trademarks | Account | Help/Fees | Briefcase | Logout**

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 800791886 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | March 23, 2007 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32028666280 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | NextCard, LLC |
| **Address:** | 104 East Houston Street, Suite 145 Marshall, TX 75670 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Address | | Inactive Date |
|---|---|---|---|
| John Bateman | 104 East Houston St, Ste 145 Marshall, TX 75670 USA | | |

[ Order ]     [ Return to Search ]

Instructions:
- To place an order for additional information about a filing press the 'Order' button

# EXHIBIT F

# THE WARE FIRM
Attorneys At Law

**DALLAS**
1701 N. Market Suite 330
Dallas, Texas 75202
Phone: 214.744.5000
Fax: 214.744.5013

**AUSTIN**
300 West 6th Street, Suite 1700
Austin, Texas 78701
Phone: 512-692-8684
Fax: 512-692-8744

Donald Puckett
dpuckett@thewarefirm.com

May 1, 2008

**Via email to: kmottley@proskauer.com**
Kimberly Mottley
Proskauer Rose LLP
One International Place, 22nd Floor
Boston, MA 02110-2600

Re:     Jurisdictional Discovery in *Liveperson v. NextCard LLC*

Dear Kim:

I was disappointed to learn today that LivePerson is not only going forward with its jurisdictional theories against NextCard and MCS, but that LivePerson also intends to add two additional parties to this lawsuit, neither of which have any direct ownership interest in the patents.

I was also disappointed to learn that LivePerson now wants to back-track in our negotiations over the scope of jurisdictional discovery. It was my understanding LivePerson had agreed that discovery would not be necessary regarding topic 5 from Mr. Bauer's April 17 letter (discovery related to NextCard's corporate parents about Delaware activities that are not specifically related to the patents). Now, however, it appears that LivePerson has changed its mind since you are insisting on discovery regarding CPMG, Inc's investments in Delaware and relationships to Delaware companies that are not related to the patents at all.

In view of these developments, I believe we are at an impasse over jurisdictional discovery. We believe that LivePerson is setting off on a fishing expedition and casting its line in waters that are far removed from anything relevant to jurisdiction.

Following our telephone call this afternoon, I discussed the situation with my client and can confirm the following for you:

1.     Defendants oppose your motion for leave to amend your pleadings to add additional parties with no ownership interest in the patents.

2.     At this time, Defendants oppose any and all request you have for jurisdictional discovery. As I have told you throughout this process, if we do not reach a global resolution on the

Kimberly Mottley
May 1, 2008
Page 2

scope of discovery, then we reserve our right to argue that jurisdictional discovery should be denied altogether, as Judge Sleet held in the *Telcordia* case.

      Kim, we have attempted in good faith to permit you some limited discovery to test the veracity of the affidavits we submitted in support of the motions to dismiss, but we simply cannot agree to the broad scope of discovery that your client wants to pursue.

      Sincerely,

      Donald Puckett

cc:    Steven Bauer (via email to sbauer@proskauer.com)