IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIVEPERSON, INC., )
 )
       Plaintiff, )
 )
v. )
 ) Civil Action No. 08-062 (GMS)
NEXTCARD, LLC and MARSHALL )
CREDIT STRATEGIES, LLC, )
 )
       Defendants. )

**PLAINTIFF LIVEPERSON, INC.'S COMBINED REPLY IN SUPPORT OF ITS
MOTION FOR TARGETED JURISDICTIONAL DISCOVERY
AND IN SUPPORT OF ITS MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT**

Melanie K. Sharp (No. 2501)
Andrew A. Lundgren (No. 4429)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Steven M. Bauer
Kimberly A. Mottley
Todd A. Gerety
Melissa A. Ganz
PROSKAUER ROSE LLP
One International Place
22nd Floor
Boston, MA 02110-2600
(617) 526-9600

Dated: June 6, 2008    *Attorneys for Plaintiff LivePerson, Inc*

## TABLE OF CONTENTS

Page

I. SUMMARY OF THE ARGUMENT ................................................................................ 1

II. ARGUMENT .................................................................................................................... 2

    A. LIVEPERSON'S MOTION FOR JURISDICTIONAL DISCOVERY SHOULD BE GRANTED BECAUSE LIVEPERSON'S CLAIMS ARE NOT CLEARLY FRIVOLOUS. ............................................................................ 2

        1. LivePerson Has Set Forth Sufficient Factual Allegations Demonstrating That Defendant MCS is a Proper Party. ............................. 3

        2. LivePerson Has Set Forth Sufficient Factual Allegations Indicating That the Requisite Jurisdictional Contacts Between Defendants and Delaware Exist. ............................................................................................ 5

    B. LIVEPERSON'S MOTION TO AMEND SHOULD BE GRANTED BECAUSE CPMG AND WARBLER ARE PROPER PARTIES. ......................... 8

        1. Federal Rule of Civil Procedure 15(a) Is Construed Liberally. ................... 8

        2. Disputed Ownership of the NextCard Patents Makes CPMG & Warbler Proper Parties Here. ....................................................................... 8

III. CONCLUSION ............................................................................................................... 10

DB02:6881571.1                                                                                                     067025.1001

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*ACE & Co., Inc. v. Balfour Beatty PLC,*
148 F. Supp. 2d 418 (D. Del. 2001) ............................................................................. 5

*Akazawa v. Link New Tech. Int'l, Inc.,*
520 F.3d 1354 (Fed. Cir. 2008) .................................................................................. 4

*Delaware Seamless Tube Co. v. Shelby Steel Tube Co.,*
160 F. 928 (3rd Cir. 1908) .......................................................................................... 3

*Dentsply Intern. Inc. v. Pentron Corp.,*
648 F. Supp. 856 (D. Del. 1986) .............................................................................. 5, 6

*Hansen v. Neumueller GmbH,*
163 F.R.D. 471 (D. Del. 1995) ................................................................................... 2

*Levy v. Dattlebaum,*
63 F. 992 (S.D.N.Y 1894) ........................................................................................... 3

*McClaskey v. Harbison-Walker Refractories Co.,*
138 F.2d 493 (3d Cir. 1943) ....................................................................................... 4

*Micron Tech., Inc. v. Rambus Inc.,*
409 F. Supp. 2d 552 (D. Del. 2006) ........................................................................... 8

*Minco, Inc. v. Combustion Engineering, Inc.,*
95 F.3d 1109 (Fed. Cir. 1996) .................................................................................. 10

*Moore v. Marsh,*
74 U.S. (7 Wall.) 515 19 L.Ed. 37 (1868) ................................................................... 4

*Morrow v. Microsoft Corp.,*
499 F.3d 1332 (Fed. Cir. 2007) ................................................................................ 10

*Mylan Pharm., Inc. v. Kremers Urban Development,*
2003 WL 22711586 (D. Del. Nov. 14, 2003) ........................................................... 8, 9

*Pipe Liners, Inc. v. Am. Pipe & Plastics, Inc.,*
893 F. Supp. 704 (S.D. Tex. 1995) ............................................................................ 9

*Red Wing Shoe Company, Inc. v. Hockerson-Halbertstadt, Inc.,*
148 F.3d 1355 (Fed. Cir. 1998) .................................................................................. 6

DB02:6881571.1                                                                                                                     067025.1001

*Telcordia Tech. Inc. v. Alcatel*, Civ. No. 04-874 GMS,
  2005 U.S. Dist. LEXIS 10194 (D. Del. May 27, 2005) ............................................................ 2

*Toys "R" Us, Inc. v. Step Two, S.A.*,
  318 F.3d 446 (3d Cir. 2003) .................................................................................................... 2

*United States v. Soloman*,
  825 F.2d 1292 (9th Cir. 1987) ................................................................................................. 3

*Wesley-Jessen Corp.*,
  863 F. Supp. 186 (D. Del. 1993) .............................................................................................. 7

**Statutes**

10 *Del. C.* § 3104(c)(1) ................................................................................................................. 5

35 U.S.C. § 261 ......................................................................................................................... 3, 9

**Rules**

FED. R. CIV. P. 15(a). .................................................................................................................... 8

DB02:6881571.1                                                                                                                                    067025.1001

I.     **SUMMARY OF THE ARGUMENT**

This is not a case where the plaintiff is attempting to join a number of related entities into the litigation for hyper-technical or irrelevant reasons. Here, publicly available information indicates that the activities of CPMG, Warbler, MCS and NextCard, with respect to the NextCard Patents, are so inextricably intertwined, that their activities need to be considered in the collective with respect to jurisdictional issues. Defendants, in their motion to dismiss, acknowledge that it was *CPMG's* managing director that attended a Delaware auction in a Delaware Bankruptcy proceeding and acquired title to the NextCard Patents (owned by a Delaware Company) on behalf of MCS; that it was *CPMG* that then directed the creation of Warbler and NextCard, LLC the day after that acquisition; and that it was *CPMG* that shuffled the patents between MCS, Warbler and NextCard. Yet, despite the fact that the defendants point to CPMG as controlling all of their relevant activities, they now object to CPMG being brought into the case and argue that its Delaware contacts are irrelevant for jurisdictional purposes. Jurisdiction, however, cannot be so easily manipulated by corporate shell games.

Without question, defendant MCS acquired the patents in this district for purposes of bringing litigation against LivePerson's customers, and personal jurisdiction is thus appropriate over it. MCS's claim that it should be dismissed for lack of subject matter jurisdiction, because it transferred those patents to its sister Texas corporation is just plain wrong – the transfer document it points to does not even mention the NextCard Patents (or any other patents) and does not transfer any rights for the past damages NextCard seeks from LivePerson in its newly filed Texas case.

Without the benefit of any discovery, LivePerson has demonstrated the existence of likely contacts between Defendants and Delaware which would ground jurisdiction over this dispute here in Delaware. However, if the Court is not persuaded that jurisdiction is proper on

-1-

the public evidence, then LivePerson should at least be allowed limited jurisdictional discovery, to learn the true relationship between the CPMG entities, and their collective contacts with Delaware.

LivePerson initially brought this action naming the two parties who, on the face of things, would have provided all the relief LivePerson sought. (MCS owned the patent, and NextCard was enforcing it.) Because defendants have alleged that because of their corporate machinations, LivePerson has named the wrong parties, LivePerson hereby seeks to add all the corporate entities involved to assure that the Court will be able to enforce its orders and the granted relief will be binding. It is only because defendants assert that they have distributed responsibility for the accused behavior between four different entities – all managed by the same "managing agent" – that LivePerson asks the Court to allow it to add all four entities to this case.

Accordingly, this Court should allow LivePerson to add CPMG and Warbler as defendants, and grant LivePerson's request for jurisdictional discovery.

## II.    ARGUMENT

### A.    LIVEPERSON'S MOTION FOR JURISDICTIONAL DISCOVERY SHOULD BE GRANTED BECAUSE LIVEPERSON'S CLAIMS ARE NOT CLEARLY FRIVOLOUS.

Acknowledging the "presumption in favor of allowing discovery to establish personal jurisdiction," this Court has explicitly noted that "courts are to assist the plaintiff by allowing jurisdictional discovery *unless* plaintiff's claim is '*clearly frivolous*.'" *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995); *Telcordia Tech. Inc. v. Alcatel*, Civ. No. 04-874 GMS, 2005 U.S. Dist. LEXIS 10194, at *28 (D. Del. May 27, 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)) (emphasis added). Here, LivePerson has satisfied this threshold requirement, having set forth sufficient factual allegations indicating that defendants are amenable to suit in this jurisdiction. Thus jurisdictional discovery is warranted.

### 1. LivePerson Has Set Forth Sufficient Factual Allegations Demonstrating That Defendant MCS is a Proper Party.

Defendants argue that MCS should be dismissed because, they say, it no longer owns the patent, thus its contacts with the forum are irrelevant, and any jurisdictional discovery as to its contacts with Delaware would be futile. However, that purported "assignment" fails to "show a clear and unmistakable intent to part with the patent[s]" as is required by 35 U.S.C. § 261. *United States v. Soloman*, 825 F.2d 1292 (9th Cir. 1987). On the face of the evidentiary record, MCS retains title to the NextCard Patents and, more importantly, retains the right to sue for past damages, and is thus a proper party here.

Unless an assignment makes some mention of those patents, or categories of patents, being conveyed, there is not presumptively a clear intent to transfer.

> Assignments of patents ought always to distinctly describe the patent assigned. It is the duty of assignees of patents to see that their assignments do distinctly describe the patents, and if the language of the assignment contains no reference to the patent, but leaves in doubt the question of whether the patent was intended to be included, ... the doubt ought to be resolved against the assignee, in suits between him and third parties....

*Levy v. Dattlebaum*, 63 F. 992, 994 (S.D.N.Y. 1894). LivePerson does not suggest here, although it may be the law, that an assignment must identify the patent by name, number, and date to be valid. But, where an assignment broadly attempts to transfer all of a party's assets, the written instrument must clearly indicate what it is that is being transferred. *See, e.g., Delaware Seamless Tube Co. v. Shelby Steel Tube Co.*, 160 F. 928, 988 (3rd Cir. 1908) (holding that a conveyance "of all the property of the company" was a valid assignment of a patent because it specifically included a statement conveying "the good will, patents, trade-marks" were to be transferred).

Even the cases cited by Defendants fail to support their claim that MCS's blanket transfer of all assets, without more specificity, displays a clear intent to part with patents. *See, e.g., McClaskey v. Harbison-Walker Refractories Co.*, 138 F.2d 493, 494, 499 (3d Cir. 1943) (addressing whether a bill of sale, based on an *alias fi.fa* that listed the patent number was a valid assignment); *Akazawa v. Link New Tech. Int'l, Inc.*, 520 F.3d 1354 (Fed. Cir. 2008) (addressing whether an "Inheritance Agreement" and assignment, which both included the number of the patent-in-suit, were valid). Rather, Defendants merely make the conclusory statement that "it goes without saying" that the NextCard Patents constitute intangible assets that fall within the broad definition of "the Assets," "and were thus assigned to NextCard, LLC." D.I. 35, Defendants' Brief at 3.

Moreover, it is entirely unclear that a broad transfer agreement transfers the right to past damages. *See, e.g., Minco, Inc. v. Combustion Engineering, Inc.*, 95 F.3d 1109 (Fed. Cir. 1996). "Under the general rule, the bare reference to all right, title, and interest does not normally transfer the right to sue for past infringement." *Id.* (citing the Supreme Court's holding in *Moore v. Marsh*, 74 U.S. (7 Wall.) 515, 522, 19 L.Ed. 37 (1868)). Indeed, an assignment must explicitly encompass the right to sue for prior infringement. *Id.*

Thus, MCS's "assignment" does not mean it meets the requisite level of specificity and showing of intent to transfer its rights to the NextCard Patents or the right to sue for past damages, and CS remains a proper party to this litigation. As such, these facts demonstrate that LivePerson's claims are not "clearly frivolous" as to MCS, and that jurisdictional discovery is appropriate here.

### 2. LivePerson Has Set Forth Sufficient Factual Allegations Indicating That the Requisite Jurisdictional Contacts Between Defendants and Delaware Exist.

LivePerson has established a *prima facie* case for finding jurisdiction over Defendants. As set forth more fully in LivePerson's Opposition brief, Defendants – together with CPMG and Warbler – are subject to specific jurisdiction in Delaware under section 3104(c)(1) of the Delaware long-arm statute because they purposefully availed themselves of the benefits of Delaware law. D.I. 30. Defendants explicitly acknowledge that CPMG, as managing director, attended a Delaware auction within a Delaware Bankruptcy proceeding to acquire title to the NextCard Patents (purportedly on behalf of MCS); that CPMG then created Warbler and NextCard, LLC the very next day; and that CPMG immediately executed an assignment on behalf of both MCS and NextCard attempting to transfer "all of [MCS's] tangible and intangible assets." D.I. 30.01, Ex. 3, Assignment and Bill of Sale, dated March 23, 2007. Without these acts, Defendants would not have ownership over, or be able to seek the enforcement of, the NextCard Patents. Thus, this dispute logically "arises out of" Defendants' acts in Delaware, and specific jurisdiction is appropriate here.

Under Delaware law, these actions permit this Court to exercise jurisdiction over Defendants on the basis of this single transaction within the state. *ACE & Co., Inc. v. Balfour Beatty PLC*, 148 F. Supp. 2d 418, 422 (D. Del. 2001). Here, Defendants should have anticipated being subject to jurisdiction in Delaware because they "availed [themselves] of the benefits of Delaware law to effectuate a binding contract." *Dentsply Intern. Inc. v. Pentron Corp.*, 648 F. Supp. 856, 860 (D. Del. 1986).

In addition, Defendants' assertion that LivePerson has ignored the Third Circuit's law on specific jurisdiction is improper. Defendants explicitly acknowledge that "Third Circuit authority is not binding in this case" and should not be used to determine whether a cause of

action "arises out of or relates to" a defendant's purposeful contacts with the forum, as Federal Circuit law governs here. *See* D.I. 21 at 10; D.I. 23 at 8.

In addition, Defendants' argument that the exercise of specific jurisdiction in this case would be inconsistent with the Federal Circuit's relatedness test in *Red Wing Shoe*, is misplaced. Although the Federal Circuit found that personal jurisdiction was not proper in *Red Wing Shoe*, the holding was based on the court's determination that "cease-and-desist letters alone" did not comport with notions of "fair play and substantial justice." *Red Wing Shoe Company, Inc. v. Hockerson-Halbertstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998). Indeed, the Federal Circuit noted that the plaintiff's argument that its claim arises out of defendant's contacts with the forum (sending letters threatening an infringement suit) had "merit" as there was a "potentially direct relationship between [the cease-and-desist] letters and a declaratory judgment action." *Id.*

Here, LivePerson's declaratory judgment action is based on far more than three cease-and-desist letters. As previously discussed, Defendants entered into Delaware and purposefully availed themselves of the benefits of Delaware law by purchasing the NextCard Patents out of a Bankruptcy proceeding. Thus, there is merit to LivePerson's argument that this action "arises out of" Defendants' actions in Delaware, as Defendants would not have the ability to enforce these patents against LivePerson without undertaking this transaction in Delaware. *Id.* Moreover, the ultimate holding in *Red Wing Shoe* does not govern because a finding of personal jurisdiction here *does* comport with principles of "fair play and substantial justice." To reiterate, it is fair to subject Defendants to jurisdiction in Delaware because they "availed [themselves] of the benefits of Delaware law to effectuate a binding contract." *Dentsply Intern. Inc. v. Pentron Corp.*, 648 F. Supp. 856, 860 (D. Del. 1986).

Furthermore, Defendants' argument that contacts can only be imputed one way among entities under agency theory, and only in the direction of subsidiary to parent, is simply wrong. This is not a case of naming a parent corporation as a defendant based on the contacts of its subsidiary. Rather, here, the extremely close connections between CPMG, MCS, Warbler, and NextCard indicate that they should all be viewed as a single entity, and their ties to the forum assessed cumulatively. In fact, all of the same people own and control the assets and activities in dispute. If it were to be analyzed directionally, the flow of imputation would go in both directions. Indeed, at times CPMG, has acted as Defendants' agent, and at other times Defendants have acted as agents for CPMG.

What is clear is that the application of agency theory allows this Court to disregard the corporate shell games being played here. In *Wesley-Jessen Corp.*, this Court extended the agency theory beyond a simple parent-subsidiary context to find personal jurisdiction over a non-resident corporation. 863 F. Supp. 186, 189 (D. Del. 1993). In so holding, this Court effectively rejected Defendant's assertion – that contacts for an agency relationship can only flow from a subsidiary to a parent. Thus, "[i]t makes no difference that a [traditional] parent-subsidiary relationship is not present," because "the acts of [one defendant] may be attributed to [the other defendant] because of their close corporate and business connections." *Id.*[1]

3. **Publicly Available Information Suggests that the Intertwined Agency Relationships Between Defendants' Businesses May Actually Be Fraud In the Corporate Form.**

The intertwined nature of CPMG, Warbler, NextCard, and MCS, begs the question of whether fraud in the corporate form actually exists, allowing the Court to look to alter ego theory

---

[1] Moreover, granting discovery into CPMG and Defendants' contacts with the state of Delaware may result in evidence that CPMG has continuous and systematic contacts in Delaware sufficient to satisfy subsection (c)(4) of the Delaware long arm statute, or that Defendants have conducted additional business in Delaware sufficient for this Court to exercise general jurisdiction over Defendants as well.

as grounds for asserting jurisdiction here. Jurisdictional discovery is an appropriate means – indeed, the only means – for LivePerson to obtain further information beyond what is available in the public domain in support of an alter ego claim here.

### B. LIVEPERSON'S MOTION TO AMEND SHOULD BE GRANTED BECAUSE CPMG AND WARBLER ARE PROPER PARTIES.

#### 1. Federal Rule of Civil Procedure 15(a) Is Construed Liberally.

Federal Rules of Civil Procedure 15 explicitly states that leave to amend "shall be freely given [by courts] when justice so requires." FED. R. CIV. P. 15(a). "A policy of favoring decisions on the merits, rather than on the technicalities, underlies this Rule." *Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006). Especially in light of this liberal policy, LivePerson's motion for leave to amend should be granted.

Despite Defendants' allegations to the contrary, LivePerson's proposed amendment states a valid claim, as LivePerson is merely adding additional defendants shown to have relevance to this action based on Defendants' recently-filed affidavits. To reiterate, the acts of CPMG, Warbler, MCS, and NextCard are all intertwined, and their activities in relation to this lawsuit should be reviewed as a whole.

#### 2. Disputed Ownership of the NextCard Patents Makes CPMG & Warbler Proper Parties Here.

Defendants argue that LivePerson's motion to amend should be denied because it is both futile and offered in bad faith. However, Defendants' arguments that CPMG and Warbler are not proper parties are premature. This Court has repeatedly interpreted Rule 15 broadly, and has explicitly stated that it "will not undertake this kind of [fact-intensive] inquiry on a motion to amend." *See, e.g., Mylan Pharm., Inc. v. Kremers Urban Development*, No. 02-1628, 2003 WL 22711586, at *2-5 (D. Del. Nov. 14, 2003); *see also Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006).

-8-

For example, in *Mylan Pharmaceuticals, Inc. v. Kremers Urban Development*, a case which is on all fours with the facts in this case, this Court exercised its discretion in favor of granting the plaintiff's leave to amend to add two additional defendants because the Court determined that it would be both "premature" and "inappropriate" to deny leave to amend based on defendants' substantive arguments that both standing and personal jurisdiction were lacking. 2003 WL 22711586, at *2-5. The court reasoned that Rule 15(a) should be interpreted very broadly "[t]o ensure that cases are decided on the merits rather than on technicalities." *Id.* at *5.

Here, the Court should grant LivePerson's motion to amend, irrespective of Defendants' substantive arguments regarding standing and personal jurisdiction. Indeed, as was the case in *Mylan Pharmaceuticals*, a genuine and complex factual dispute exists regarding proper title to the NextCard Patents. As discussed above, the intertwined activities of CPMG, Warbler, MCS and NextCard, and the ineffectual purported "assignment," have blurred the issue of ownership of the NextCard Patents. Moreover, the purported assignment between MCS and NextCard fails to demonstrate a clear intent to convey the NextCard Patents, as is required by 35 U.S.C. § 261. As such, at best, it is unclear who has ownership of the NextCard Patents or who has the right to sue or to collect damages for past infringement, since CPMG has consistently acted as if it possesses legal title to the NextCard Patents, or, at the very least, possesses the substantive rights to them.

In addition, although the case law clearly states that assessment of the merits-based issues of standing and jurisdiction are inappropriate for consideration at this stage, LivePerson has already set forth a sufficient showing that its motion to amend would <u>not</u> be futile here. Defendants' assertion that CPMG & Warbler do not have standing because they lack legal title to the NextCard Patents is misplaced. As the Southern District of Texas recognized in *Pipe Liners,*

*Inc. v. Am. Pipe & Plastics, Inc.*, there is "no reason why [a corporate parent] cannot be joined in the equitable remedies of declaratory and injunctive relief." 893 F. Supp. 704, 706 (S.D. Tex. 1995) (denying defendant's motion for dismiss plaintiff's corporate parent because the parent corporation was found to have standing to sue for equitable relief). Thus, CPMG and Warbler <u>are</u> proper parties because LivePerson is seeking equitable relief in the form of a declaratory judgment of noninfringement or invalidity. *Id.* In addition, as discussed above, the active role that CPMG has played in the acquisition, transfer, and enforcement of the NextCard Patents suggests that it does possess substantive rights to the NextCard Patents. *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007) (noting that a party who has substantial rights to a patent has the right to exclude, and other important rights such as the right to assign). Indeed, it was CPMG that signed the Patent Purchase Agreement and signed the Assignment and Bill of Sale on behalf of both MCS and NextCard.

Further, the ambiguous language set forth in the purported assignment between MCS and NextCard also indicates that Warbler is a proper party to this suit. In particular, the Assignment and Bill of Sale indicates that Warbler may have had or still has rights in the NextCard Patents, because the purported assignment explicitly includes Warbler in the transfer. D.I. 30.01, Ex. 3, Assignment and Bill of Sale, dated March 23, 2007.

A factual dispute, therefore, exists as to who owns the patents and who owns the rights to enforce them, such that an amendment of LivePerson's Complaint would not be futile.

### III.   CONCLUSION

For the aforementioned reasons, LivePerson's Motions for Jurisdictional Discovery (D.I. 29) and for Leave to File its Second Amended Complaint (D.I. 26) should be granted.

Dated: June 6, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Andrew A. Lundgren
---
Melanie K. Sharp (No. 2501)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Steven M. Bauer
Kimberly A. Mottley
Todd A. Gerety
Melissa A. Ganz
PROSKAUER ROSE LLP
One International Place
22nd Floor
Boston, MA 02110-2600
(617) 526-9600

*Attorneys for Plaintiff LivePerson, Inc.*

-11-

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on June 6, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> David L. Finger, Esquire
> Finger & Slanina, LLC
> One Commerce Center
> 1201 Orange Street, Suite 725
> Wilmington, DE 19801-1155

I further certify that on June 6, 2008, I caused a copy of the foregoing document, to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY E-MAIL (by agreement of counsel):**

Donald Puckett, Esquire
Monts & Ware, LLP
1701 N. Market Street, Suite 330
Dallas, TX 75202-1897
dpuckett@monts-ware.com

_____
Andrew A. Lundgren (No. 4429)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6681
alundgren@ycst.com