IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIVEPERSON, INC.,                          )
                                           )
           Plaintiffs,                     )
                                           )
      v.                                   )      C.A. No. 08-062-GMS
                                           )
NEXTCARD, LLC, AND MARSHALL                )
CREDIT STRATEGIES, LLC,                    )
                                           )
           Defendants.                     )

## MEMORANDUM

## I.    INTRODUCTION

On January 29, 2008, plaintiff LivePerson, Inc. ("LivePerson") filed this action for a declaratory judgment of non-infringement and invalidity of United States Patent Nos. 6,718,313 and 7,346,576 against NextCard, LLC ("NextCard") and Marshall Credit Strategies, LLC ("MCS") (collectively, the "defendants"). Presently before the court are the defendants' motions to dismiss for lack of personal jurisdiction, the plaintiff's motion for jurisdictional discovery, and the plaintiff's motion to amend. For the reasons stated below, the court will grant the defendants' motions to dismiss, deny the plaintiff's motion for jurisdictional discovery, and deny the plaintiff's motion to amend.

## II.   BACKGROUND

NextCard is a limited liability company organized and formed under the laws of the state of Texas. (D.I. 21 Ex. A ¶ 2.) It has its principal place of business in the state of Texas. (Id.) NextCard's business is to license and enforce patents. (Id. ¶ 3.) It does not engage in any business or commercial activity in Delaware, nor does it engage in any licensing or enforcement activity in Delaware. (Id. ¶ 6.) It does not have any offices, employees, real estate, or any other assets in

Delaware. (Id. ¶ 7.) NextCard has never derived any revenue from any activities in Delaware. (Id.)

MCS is a limited liability company organized and formed under the laws of the state of Texas. (D.I. 23 Ex. B ¶ 2.) It has its principal place of business in the state of Texas. (Id.) MCS's business is to license and enforce patents. (Id. ¶ 3.) It does not engage in any business or commercial activity in Delaware. (Id. ¶ 8.) It does not have any offices, employees, real estate, or any other assets in Delaware. (Id. ¶ 10.) MCS has never derived any revenue from any activities in Delaware. (Id.)

NextCard and MCS are organized and operated as separate legal entities, and they are separately managed. (Id. ¶ 11; D.I. 21 Ex. A ¶ 8.) The defendants are related, because the non-member manager of MCS, CPMG, Inc., ("CPMG") is also the manager of Warbler Technologies LP ("Warbler"), which in turn owns and controls NextCard. (D.I. 23 Ex. B. ¶¶ 14, 15, 17; D.I. 21 Ex. A ¶¶ 11, 12, 14.) Furthermore, MCS is owned and controlled by its members that are also limited partners of Warbler. (D.I. 23 Ex. B. ¶¶ 13, 16; D.I. 21 Ex. A. ¶¶ 10, 13.) MCS, however, does not control or have power to direct the activities or corporate decisions of NextCard, or vice versa. (D.I. 23 Ex. B. ¶¶ 18, 19; D.I. 21 Ex. A. ¶¶ 15, 16.)

On or about March 22, 2007, MCS purchased all right, title, and interest in and to certain United States patents that were previously owned by NextCard, Inc.,[1] including the patents-in-suit. (D.I. 23 Ex. B. ¶ 4.) MCS also purchased the rights to certain pending patent applications, as well as the right to file future patent applications related to the issued patents and pending applications. (Id.) For purposes of these motions, the court refers to the patents and patent applications purchased

---

[1] NextCard, Inc. is completely unaffiliated with NextCard, LLC, one of the named defendants in the present suit. (D.I. 21 Ex. A ¶ 3.)

from NextCard, Inc. by MCS as the "NextCard Patents." MCS purchased the NextCard Patents out of the bankruptcy estate of NextCard, Inc., in a bankruptcy auction held in Delaware. (Id. ¶ 5.) On or about March 23, 2007, MCS allegedly assigned all right, title, and interest in the NextCard Patents to NextCard, retaining no ownership or financial interest of any kind in the NextCard Patents. (Id. ¶¶ 6, 7; D.I. 15 ¶ 9.)

On August 16, 2007, NextCard filed a lawsuit to enforce certain of the NextCard Patents against certain defendants – which do not include LivePerson – in the United States District Court for the Eastern District of Texas. (D.I. 22 Ex. A ¶ 19.) On April 30, 2008, NextCard filed a separate lawsuit in the Eastern District of Texas, alleging patent infringement against LivePerson. (D.I. 25 Ex. A.)

## III.   STANDARD OF REVIEW

### A.   Motion to Dismiss

Both NextCard and MCS move to dismiss the complaint for lack of personal jurisdiction. "Rule 12(b)(2) of the Federal Rules of Civil Procedure requires a court to dismiss a case when the court lacks personal jurisdiction over the defendants." *E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D. 112, 119 (D. Del. 2000). "The issue of personal jurisdiction in a declaratory judgment action for non-infringement is 'intimately related to patent law' and thus governed by Federal Circuit law regarding due process." *Breckinridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, at 1361 (Fed. Cir. 2006). There are two types of personal jurisdiction that a court may have, general jurisdiction and specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.9 (1984). A defendant is subject to general jurisdiction in the forum state when the defendant has continuous and systematic contacts

3

with the forum state, irrespective of whether the defendant's contacts are related to the particular cause of action. *Id.* at 414. Where a defendant is not subject to general jurisdiction in the forum state, a district court may nonetheless exercise specific jurisdiction over the defendant if the cause of action "arises out of" or "relates to" the defendant's in-state activity. *Breckenridge Pharm.*, 444 F.3d at 1360-61 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)); *see also Helicopteros Nacionales de Columbia, S.A.,* 466 U.S. at 414-15. In determining whether it may exercise specific jurisdiction over a defendant, a district court must undertake a two-part inquiry. *Breckenridge Pharm.,* 444 F.3d at 1361. First, the state long-arm statute must permit service of process on the defendant. *Id.* (citing Fed. R. Civ. P. 4(e), 4(k)(1)(A)). Second, the exercise of personal jurisdiction must satisfy due process requirements. *Breckenridge Pharm.,* 444 F.3d at 1361 (citing *Burger King Corp.*, 471 U.S. at 474-76). The inquiry as to whether exercising specific jurisdiction over a defendant satisfies the requirements of due process has three parts, in which the court determines whether: "(1) the defendant purposefully directed its activities at the forum state, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair." *Breckenridge Pharm.,* 444 F.3d at 1363 (citing *Akro Crop. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995)); *see also O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d. Cir. 2007).

A defendant has "purposefully directed its activities" at the forum state if the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum." *O'Connor*, 496 F.3d at 317 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Deliberate targeting of the forum is necessary. *Hanson*, 357 U.S. at 253. Further, a claim is said to "arise out of or relate to" the defendant's contact, if its causal connection with the defendant's contact in the forum is such that

4

it would be reasonably foreseeable to the defendant – after receiving the benefits and protection of the forum state's laws – to submit itself to the burdens of litigation in that forum. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). This relatedness requirement is based on the notion of a tacit quid pro quo that makes litigation in the forum reasonably foreseeable. *O'Connor*, 496 F.3d at 322 (citing *Burger King Corp.*, 471 U.S. at 475-76).

In determining the jurisdiction question, the court must accept as true the allegations in the complaint. *Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53, 55 (D. Del.1982). However, LivePerson, the plaintiff, bears the burden of alleging facts sufficient to make a *prima facie* showing of personal jurisdiction over the defendants. *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001). To meet this burden, LivePerson must adduce facts which "'establish with reasonable particularity'" that jurisdiction over the defendants exists. *Id.* (quoting *Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177, 193 (D. Del.1996)).

## B. Motion to Amend

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that after a responsive pleading has been filed, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). Factors the court considers in exercising its discretion include "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

5

## IV.    DISCUSSION

### A.    Personal Jurisdiction

The first step in the court's analysis is to determine whether any of the provisions of

Delaware's long-arm statute, Del. Code Ann. tit. 10 § 3104, warrant the exercise of jurisdiction over

the defendants.  The defendants contend that the court has no basis to assert jurisdiction, while

LivePerson maintains that the conduct of NextCard and MCS satisfies the requirements of

subsection (c)(1) of the long-arm statute.[2]

Under subsection (c)(1), the court may exercise jurisdiction over a nonresident or agent of

a nonresident who "transacts any business or performs any character of work or service in the State."

Del. Code Ann. tit. 10 § 3104(c)(1). Delaware courts construe the long-arm statute broadly to confer

jurisdiction to the maximum extent possible so as to "provide residents a means of redress against

those not subject to personal service within the state." *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156-

57 (Del. Super. 1997).  The Delaware Supreme Court has interpreted subsection (c)(1) as a specific

jurisdiction provision that requires a "nexus" between the plaintiff's cause of action and the conduct

of the defendant that is used as a basis for jurisdiction. *See LaNuova D&B, S.p.A. v. Bowe Co.*, 513

A.2d 764, 768 (Del. 1986).  In order to meet the requirements of subsection (c)(1), the defendants'

actions must be directed at residents of Delaware and the protection of Delaware laws. *Thorn EMI*

---

[2] LivePerson's brief in opposition to the defendants' motion to dismiss also mentions
subsection (c)(4) of the Delaware long-arm statute.  Subsection (c)(4), a general jurisdiction
provision, permits the court to exercise jurisdiction over a nonresident that regularly does or
solicits business, engages in any other persistent course of conduct, or derives substantial revenue
from Delaware.  LivePerson, however, does not contend that the defendants or CPMG are
presently subject to general jurisdiction in Delaware, but only that further discovery might
uncover facts that would subject CPMG and/or the defendants to general jurisdiction in
Delaware.  Accordingly, the court does not address whether the defendants are subject to
jurisdiction in Delaware under subsection (c)(4).

*N. Am. Inc. v. Micron Tech., Inc.*, 821 F. Supp. 272, 274 (D. Del. 1993).

LivePerson contends that the court should exercise jurisdiction under § 3104(c)(1) based on agency or alter ego theories, because NextCard and MCS are sister corporations, and both are controlled, directly or indirectly, by the same entity, CPMG. LivePerson further contends that specific jurisdiction over the defendants is proper because of CPMG's involvement in purchasing the NextCard Patents on behalf of MCS and NextCard.

Delaware law provides two theories that allow a court to exercise jurisdiction over a parent corporation based on its jurisdiction over a subsidiary: the agency theory and the alter ego theory. *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991). The principles of agency allow a court to establish jurisdiction over the principal based upon its jurisdiction over an agent. Under the agency theory, "the court may attribute the actions of a subsidiary company to its parent where the subsidiary acts on the parent's behalf or at the parent's direction."[3] *C.R. Bard Inc. v. Guidant Corp.*, 997 F. Supp. 556, 559 (D. Del. 1998) (citing *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Sup. 260, 266 (D. Del. 1989)). The factors relevant to the court's examination include: (1) "the extent of overlap of officers and directors"; (2) "methods of financing"; (3) "the division of responsibility for day-to-day management"; and (4) "the process by which each corporation obtains its business. No one factor is either necessary or determinative; rather it is the specific combination of elements which is significant." *Id.* The mere existence of an agency relationship, however, is not sufficient to confer jurisdiction. The court must still apply the Delaware long-arm statute. *See id.*

---

[3] The agency theory of jurisdiction does not require a parent-subsidiary relationship, and can apply to the relationship between two subsidiaries wholly owned by the same corporation. The theory also can apply on the basis of acts performed by a corporation's distributor or other marketing agent. *Applied Biosystems*, 772 F. Supp. at 1463.

at 1455 ("[A] finding of agency does not render the long-arm statute inapplicable, but simply implicates its 'or through an agent' provision.").

Under the alter ego theory of personal jurisdiction, "the contacts of an entity with a particular forum can be attributed to another person or entity if the entity having the forum contacts is the mere alter ego of such other person or entity." *Maloney-Refaie v. Bridge at Sch., Inc.*, 958 A.2d 871, 880-81 (Del. Ch. 2008) (citation omitted). Thus, the alter ego theory of jurisdiction requires a finding similar to piercing the corporate veil. *Ruggiero v. FuturaGene, plc.*, 948 A.2d 1124, 1135 (Del. Ch. 2008). In Delaware, "[a] subsidiary corporation may be deemed the alter ego of its corporate parent where there is a lack of attention to corporate formalities, such as where the assets of two entities are commingled, and their operations intertwined. An alter ego relationship might also lie where a corporate parent exercises complete domination and control over its subsidiary." *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 266 (D. Del. 1989).

In support of its agency and alter ego theories of jurisdiction, LivePerson contends that CPMG owns and controls the day-to-day activities of the defendants. More particularly, LivePerson argues that "the evidence available publicly, as well as [the] Defendants' own sworn statements, suggest an overtly 'close connection' between CPMG and [the] Defendants, such that an agency theory may be applied here." (D.I. 30, at 12.) After having considered LivePerson's contentions, the court concludes that neither the agency nor alter ego theories of jurisdiction apply in this case. Put differently, LivePerson has not carried its burden to establish that either the agency theory or alter ego theory of jurisdiction applies.

With respect to agency, LivePerson neither alleges nor provides any evidence of the following: (1) the extent of overlap of officers and directors between CPMG and the defendants; (2)

8

the methods of financing with respect to CPMG and each of the defendants; or (3) the process by which CPMG and the defendants obtain their business. Indeed, the record is devoid of any evidence regarding these factors. As for the division of responsibility for day-to-day management between CPMG and the defendants, LivePerson contends that CPMG directly manages MCS and indirectly manages NextCard through Warbler. More specifically, LivePerson contends that "ownership and control of the defendants' activities is centralized and controlled by CPMG." (D.I. 30 at 7.) According to LivePerson, because CPMG invests in four companies that directly own MCS and Warbler, CPMG is the central owner and manager of MCS and NextCard. LivePerson, however, cannot point to any evidence to support this bald and speculative assertion. Given the foregoing, the court concludes that LivePerson has not produced sufficient evidence for the court to find that the specific combination of agency factors militate in favor of a finding that CPMG was acting as the defendants' agent. The court's conclusion is further supported by the declarations submitted by John Bateman, the Chief Operating Officer of CPMG and member/manager of Warbler, and James Traweek, the Managing Director of CPMG. (See D.I. 22 Ex. A; D.I. 23 Ex. B.) The declarations state that "MCS and NextCard are organized and operated as separate entities. They maintain separate bank accounts and separate accounting records. They file separate income tax returns. The two entities are separately managed, and corporate formalities are strictly observed."[4] (D.I. 22 Ex. A ¶ 8; D.I. 23 Ex. B. ¶ 11.)

Likewise, LivePerson has failed to meet its burden of proof with respect to the alter ego theory of jurisdiction. LivePerson points to no evidence whatsoever of any fraud or inequity between

---

[4] Notably, LivePerson has not directed the court to any evidence that contradicts or calls into question the sworn statements in the declarations.

CPMG and the defendants. The only support for the applying the alter ego theory that LivePerson offers – by way of arguing for jurisdictional discovery – is its own speculation that some fraud, injustice, or inequity in the use of the corporate form *may* exist due to CPMG's creating Warbler and NextCard the day after it acquired the NextCard Patents. The court concludes that such a speculative reason is not sufficient to apply the alter ego theory and ignore the corporate boundaries between CPMG and the defendants. Because the court has determined that the agency and alter ego theories of jurisdiction do not apply in this case, section (c)(1) of the Delaware long-arm statute does not warrant the exercise of jurisdiction over NextCard and MCS. [5]

## B. Jurisdictional Discovery

LivePerson requests, in the alternative, that the court permit it limited jurisdictional discovery, rather than granting the defendants' motions to dismiss. (D.I. 30 at 15.) LivePerson asserts that its claim against the defendants is not clearly frivolous, and that discovery is necessary to produce additional evidence showing that CPMG has continuous and systematic conduct in Delaware, or the defendants have conducted additional business in Delaware. LivePerson further asserts that the fact that the defendants would permit no jurisdictional discovery suggests that the evidence showing CPMG and Warbler's general contacts with Delaware may be abundant. The court is not persuaded by LivePerson's arguments.

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)

---

[5] The court need not address whether jurisdiction in Delaware comports with the requirements of the Due Process Clause, because it has no statutory authority under the Delaware long-arm statute to exercise jurisdiction over NextCard and MCS.

(internal citations omitted). Thus, resolution of LivePerson's request "begins with the presumption in favor of allowing discovery to establish personal jurisdiction." *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995). However, "[t]he court must be satisfied that there is some indication that this particular defendant is amenable to suit in this forum." *Id.* at 475. For example, "a plaintiff may not rely on the bare allegations in his complaint to warrant further discovery." *Id.* at 476. Likewise, "a mere unsupported allegation that [a] defendant 'transacts business' in an area is 'clearly frivolous.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997); *see B.L. Poe v. Babcock Int'l*, 662 F. Supp. 4, 7 (M.D. Pa. Mar. 14, 1985) ("Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction."). Rather, "there must be some competent evidence to demonstrate that personal jurisdiction over [a] defendant might exist before allowing discovery to proceed." *Hansen*, 163 F.R.D. at 475. Furthermore, "[w]hen the lack of personal jurisdiction is clear, . . . further discovery serves no purpose and should be denied." *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed. Appx. 322, 338 (Fed. Cir. 2003) (not precedential).

Here, as previously discussed, the record evidence regarding LivePerson's theories of personal jurisdiction is insufficient to support the conclusion that CPMG acts as the defendants' agent or alter ego in Delaware. Hence, the court is faced with mere unsupported allegations regarding personal jurisdiction over the defendants. Given these facts, further discovery would serve no additional purpose and is not warranted. In other words, allowing LivePerson to conduct jurisdictional discovery would amount to allowing it to conduct a fishing expedition in order to

construct a basis for jurisdiction.  The court, therefore, will deny LivePerson's request for jurisdictional discovery.

### C.    Motion to Amend

Finally, the court considers LivePerson's motion to amend the complaint to add CPMG and Warbler as parties to the litigation.  LivePerson seeks to add CPMG and Warbler as parties to the litigation for two reasons: (1) CPMG and Warbler are intertwined with NextCard and MCS; and (2) ownership of the NextCard Patents is disputed.  As previously discussed, the court disagrees with LivePerson's assertion that CPMG, Warbler, NextCard, and MCS are effectively one entity owned and controlled by CPMG.  Thus, amendment is not proper under LivePerson's first assertion.

The court also disagrees with LivePerson's second assertion regarding ownership of the NextCard Patents, because it is not alleged in LivePerson's proposed second amended complaint. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (interpreting Fed. R. Civ. P.  8(a)) (internal quotations omitted).  A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (alteration in original) (citation omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id* . at 1959.

12

In the present case, a brief examination of the proposed second amended complaint yields not even a reference to – much less factual allegations regarding – the alleged dispute over proper title to the NextCard Patents.[6] Indeed, the proposed second amended complaint contains exactly one sentence regarding MCS' assignment of the NextCard Patents to NextCard:

> On information and belief, on March 23, 2007 (one day after MCS's purchase of the [NextCard] Patents), NextCard, LLC and Warbler were formed by CPMG, and, on the same day, MCS purportedly assigned the rights in the [NextCard] Patents through Warbler to NextCard, LLC.

(D.I. 26-3 ¶ 11.) The court finds this allegation insufficient to state a claim under *Twombly*, because it does not provide CPMG and Warbler fair notice as to the grounds of LivePerson's entitlement to relief. In other words, LivePerson's allegation does not provide notice to CPMG and Warbler that its claim against them rests on a dispute over proper title to the NextCard Patents. Accordingly, the court will deny LivePerson's motion to amend.

## V.    CONCLUSION

For the aforementioned reasons, the court will grant NextCard and MCS's motions to dismiss for lack of personal jurisdiction, deny LivePerson's motion for jurisdictional discovery, and deny LivePerson's motion to amend.

Dated: March 2⊘, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

---

[6] The focus of the proposed second amended complaint is clearly the alleged "intertwined activities" of CPMG, Warbler, NextCard, and MCS. (See generally D.I. 26-2.)

13

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIVEPERSON, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-062-GMS |
| | ) | |
| NEXTCARD, LLC, AND MARSHALL | ) | |
| CREDIT STRATEGIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

For the reasons stated in the court's memorandum of this same date, IT IS HEREBY

ORDERED that:

1. NextCard's Motion to Dismiss (D.I. 20) for lack of personal jurisdiction is
   GRANTED.

2. MCS' Motion to Dismiss (D.I. 22) for lack of personal jurisdiction is GRANTED.

3. LivePerson's Motion for Targeted Jurisdictional Discovery (D.I. 29) is DENIED.

4. LivePerson's Motion to Amend the Complaint (D.I. 26) is DENIED.

5. The Clerk of Court is directed to close this case.

Dated: March 20, 2009

CHIEF, UNITED STATES DISTRICT JUDGE